**James Garrison, Esq., (SBN: 224401)**
324 Maple Ridge Dr.,
Big Bear City, CA 92314

**Nupur Nagar, Esq., (SBN: 224573)**
17601 Canyonwood Dr.,
Riverside, CA 92504
Tel: 951-347-7647
Fax: 951-346-3745

Attorneys for Plaintiff, DR. SUJATA VYAS, an individual

## UNITED STATED FEDERAL COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DR. SUJATA VYAS, an individual,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**BHASKAR VYAS, an individual; NANCY BUNN; LOCKHEED MARTIN PENSION PLAN AND ADMINISTRATOR; QDRO CONSULTING SERVICES, LLC; KAISER PERMANENTE PENSION PLAN AND ADMINISTRATOR; and DOES 1 through 100, inclusive,**<br><br>**Defendants.**<br><br>_____ | ) CASE NO.:<br>) DEPT.:<br>) ASSIGNED FOR ALL PURPOSES<br>) TO THE HONORABLE JUDGE:<br>)<br>) **PLAINTIFF'S COMPLAINT**<br>) **FOR: (1) DECLARATORY AND**<br>) **EQUITABLE RELIEF,**<br>) **(2) INJUNCTIVE RELIEF,**<br>) **(3) ACCOUNTING,**<br>) **(4) CONSTRUCTIVE TRUST**<br>) **AND RESTITUTION, AND**<br>) **(5) DAMAGES AS THE COURT**<br>) **SEES FIT**<br>) |

//

## JURISDICTION AND VENUE

1.  This Court has original jurisdiction pursuant to 28 U.S.C. section 1331 and 1343 over Plaintiff's causes of action under the Constitution of the United States, 42 U.S.C. section 1981 and 1983, 29 U.S.C. section 1132 (e)(1) because this action arises under the Employee Retirement Income Security Act of 1974("ERISA"), 29 U.S.C. section 1001, et seq. ERISA section 502(a)(2). 29 U.S.C. section 1132(a)(2) and ERISA section 502(a)(3), 29 U.S.C. section 1132(a)(3) permit participants or beneficiaries, inter alia, to bring claims for relief under ERISA section 409, 29 U.S.C. section 1109 for breaches of ERISA's fiduciary provisions. This Court has supplemental jurisdiction over Plaintiff's causes of action under California law pursuant to 28 U.S.C. section 1367. Jurisdiction is also conferred by section 27 of the 1934 Act. The claims asserted herein arise also under section 10(b) and 20(a) of the 1934 Act and SEC Rule 10b-5. This is also an action to redress the deprivation of Plaintiff's' constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. section 1981 and 1983.

## PERSONAL JURISDICTION

2.  ERISA provides for nationwide service of process. ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2). All of the Defendants are either residents of the United States or subject to service in the United States and this Court therefore has

personal jurisdiction over them. This Court also has personal jurisdiction over them pursuant to Fed. R. Civ. P. 4(k)(1)(A) because they would all be subject to the jurisdiction of a court of general jurisdiction in the State of California.

## **VENUE**

3. Venue is proper in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plans are administered in this district, some or all of the fiduciary breaches for which relief is sought occurred in this district, and/or some Defendants reside and/or transact business in this district. Venue is also proper in this district pursuant to 28 U.S.C. section 1391(a) in that Defendant and or Defendants are subject to personal jurisdiction within this district of California and the events which give rise to this action occurred within this district.

## **THE PARTIES AND THEIR ERISA RELATIONSHIPS**

4. Plaintiff, Dr. Sujata Vyas ("Plaintiff"), is a California Resident who was married to Defendant, Bhaskar Vyas ("Defendant"), in 1981 and separated in 2003. The divorce was finalized in 2009 with the final division of the marital assets being finalized as of December 21, 2015. During this period of time Plaintiff and Defendant accumulated ERISA assets, some on which Plaintiff was the beneficiary with Defendant being the alternate payee and others in

which Plaintiff was the alternate payee and Defendant was the beneficiary. These are listed below. The  divorce was finalized over a period of time and the final division of the assets (most if not all being marital assets) were completed as of recently due to the fact that the ERISA Plans of Plaintiff and Defendant were a beneficiary of, had changed names. This was further complicated by the fact that the Plan Administrators of some of these Plans, had also changed causing difficulty in tracking accounts and the plans.  Because there has been limited discovery opportunities and Plaintiff had depended on the truthfulness of the disclosures filed by the Defendant, the assets disclosed here are the only ERISA assets known to Plaintiff. Plaintiff will request accounting and seek to subpoena all known employers for which Defendant has worked since it has been discovered that Defendant has concealed and stolen Lockheed Martin Pension Plan Benefits.

**TO PLAINTIFF'S KNOWLEDGE (SINCE PLAINTIFF HAS NOT BEEN ABLE TO CONDUCT ANY DISCOVERY ON ANY OTHER HIDDEN ASSETS): THE FOLLOWING ERISA ACCOUNTS ARE HELD BY THE PARTIES (ALL ERISA PLAN ASSETS ARE MARITAL PROPERTIES):**

a.    Southern California Permanente Medical Group (S.C.P.M.G.) Keogh Plan- Plaintiff is the beneficiary and Defendant is the alternate payee

b.      Southern    California    Permanente    Medical    Group (S.C.P.M.G) 401 K Plan- Plaintiff is the beneficiary and Defendant is the alternate payee

c.      Southern    California    Permanente    Medical    Group (S.C.P.M.G) Pension Plan- Plaintiff is the beneficiary and Defendant is the alternate payee

d.      Global Retirement Solutions – 401 K Plan aka Chipton Ross – Defendant is the beneficiary and Plaintiff is the alternate payee

e.      Lockheed Martin Pension Plan –   Defendant is the beneficiary and Plaintiff is the alternate payee

5. These Plans (Plans a-e stated above) have been recently submitted to the Orange County Superior Court Family Law Division for qualification as Qualified Domestic Relations Orders (QDRO) with the exception of Lockheed Martin Pension Plan. Lockheed Martin Pension Plan has not been submitted to Orange County Family Court as this asset was concealed by Defendant who has omitted this asset on all Court mandated disclosures and proceedings.

//

//

//

## **DEFENDANTS**

6. Defendant, Mr. Bhaskar Vyas, ex-spouse of Plaintiff, has acted as a stockbroker, investment advisor and real estate broker during the duration of the marital relationship. Defendant acted as a fiduciary as discussed herein.

7. Defendant, Lockheed Martin and QDRO Consulting Services, LLC, are Lockheed Martin's Pension Plan Department of Lockheed Martin and are fiduciaries with respect to ERISA plans within the meaning of ERISA section 3(21)(A) and 402(a)(2), 29 U.S.C. section 1002 (21)(A) and 1102 (a)(2).

8. Defendant, Kaiser Permanente Pension Plan, is managed by the Kaiser Retirement Plan Department and is a fiduciary with respect to ERISA plans within the meaning of ERISA section 3(21)(A) and 402(a)(2), 29 U.S.C. section 1002 (21)(A) and 1102 (a)(2).

9. Defendant, Ms. Nancy Bunn, Court-appointed and jointly stipulated Qualified Domestic Orders Expert who is a third party Neutral party  and who filed the ERISA Plans with the Court and procured the QDRO orders for the ERISA Assets in violation of Plaintiff's rights under the ERISA act (procured the Court approval for the QDRO without Plaintiff's signatures and approval).

//

//

# **RELEVANT FACTS**

10.Plaintiff and Defendant were married in December 1, 1981, and separated in November 1, 2003. Defendant was an aerospace engineer who held himself out as a stockbroker, investment advisor engaging in the trading of various securities and investments and providing investment advisory services as part of an organized scheme to defraud Plaintiff. Defendant set up a complex web of financial network using the interstate commerce (wire and mail fraud) and use this scheme to defraud Plaintiff. Defendant was the chief architect of two primary schemes: (1) fraudulent accounting and reporting scheme for assets managed to conceal the existence of the assets (securities and other financial assets) and (2) fraudulent financial management where Defendant engaged in multiple trading to generate commissions and income which were concealed and fraudulently moved from Plaintiff's and Defendant's joint accounts to Defendant's separate accounts.

11.The various securities claims and violations of various state laws are being pursued in the state courts so only the ERISA-related issues and issues relating to Lockheed Martin Pension Plan shall be discussed here.

12.Defendant's misconduct went undiscovered until two (2) main events occurred: (1) as part of the finalization of the marital assets, i.e. the qualification of the ERISA assets as Qualified Domestic Orders, by the neutral expert Ms.

Nancy Bunn, jointly stipulated by the parties, uncovered the concealed Pension Plan Lockheed Martin Pension Plan (discovered in fall of 2014); and, (2) Plaintiff took physical possession of the marital home in 2013 when a box of documents were discovered showing the nature of trading activities.   The ERISA defered compensation plans were submitted to the Orange County Family Law Court for qualification as a QDRO over a period of 2009 to about 2014 which process led to the recent discovery of the undisclosed, concealed Lockheed Martin Pension Plan ("Plan"). This Plan has not been submitted to the Orange County Family Law Court for QDRO qualification since it has only been recently discovered.

13. The Plans submitted by Ms. Nancy Bunn the jointly stipulated neutral QDRO attorney to the Plan Administrators have included language that harms the Plaintiff. Specifically the language of the Orders approved by the Orange County Family Law Court contains the following clauses:

     a. gave expansive powers to Plan Administrators to change the plans without any notice requirements affecting Plan beneficiaries rights;

     b. the lack of adequate tax provisions that are necessary without which the net proceeds distributed to Plan Beneficiaries are adversely impacted. These provisions

should be incorporated as they would require that Plan Administrators make fair allocations of the distributions taking into consideration impact of taxes. Without these provisions the benefits received by the beneficiaries are adversely impacted;

c. lack of adequate provisions causing direct impact or affecting the Value of the beneficiaries as seen in the expert opinion letter provided by attorney Terrence Cain;

d. language in the QDRO document that states that the QDRO document supercedes the marital judgment settlement agreement without narrowing the language exposing the settlement agreement to some confusion; and,

e. choosing the valuation date of Pension Plans and other ERISA assets on a date other than the date of separation causing the Value of the Pension Plan and other ERISA assets to be in favor of one party at the cost of the other, etc.

14. Plaintiff filed a Notice of objection but Orange County Family Law Court approved these Orders without providing Plaintiff an opportunity to be heard. These orders have a direct impact on the Plan, the value of the Plan

to be received by the parties, the Administration of the Plan, and other issues exclusively regulated by ERISA regulatory framework.

15. Plaintiff through her attorneys made multiple attempts to try and work with Ms. Nancy Bunn to have these corrections made. Ms. Nancy Bunn refused to communicate with Plaintiff's attorneys and did not respond to any communication efforts by Plaintiff to incorporate changes to preserve her rights under the applicable ERISA provisions.

16. Plaintiff was not afforded any hearing or opportunity on this matter. The Orange County Family Law Court approved the orders and to date Plaintiff but has not been able to get a hearing on the matter. The Orange County Family Law Court approved these changes by finalizing the Orders which affect the protections provided by ERISA. The Orders include provisions that impact the benefit values to be received by the Plan benefiaries, Plan administration, relationship between Plan Administrators, participants and Plan Sponsors etc - an area reserved under the exclusive jurisdiction of the Federal Courts.

**Theft of Pension Plan: Lockheed Martin Pension Plan**

17. Defendant worked for Lockheed Martin as seen in his resume. During the work history, Defendant was provided a Pension benefit, a 401(k) to which Defendant contributed over the years. The amount of contributions to this asset

are not known to Plaintiff since Defendant concealed this asset over a very lengthy period (court documents attached to show the concealment). As part of the finalization of the QDRO of other assets last year ( approximately about fall of 2014) the Lockheed Martin Pension Plan was discovered.

18. Plaintiff, via her attorney, contacted the Pension Department of Lockheed Martin about the same time. Lockheed Martin manages all its retirement benefits through the outsourced consulting firm of QDRO Consulting Services, LLC. Plaintiff's attorney contacted this firm and was told that they would only provide any information on Court subpoenas and would not provide any other information except for the confirmation that such asset was a marital asset and a plan description.

19. Plaintiff was not able to procure Beneficiary statements from Lockheed Martin. Under California law, all marital assets for California Residents are community property and as such Plaintiff would be a beneficiary under state law. ERISA regulatory framework would then qualify Lockheed Martin as a fiduciary with full disclosure obligations to Plaintiff.

20. Defendant became eligible to withdraw monies or distributions from the Lockheed Martin Pension Plan in fall of 2014. Based on very limited conversations, it is Plaintiff's belief that Defendant may have started to take distributions. In any event, Defendant obtained full discretionary control over

distributions, management of the Plan and the right to take all complete liquidated benefits as per communcations from Lockheed Martin. Thus, Defendant exercised full discretionary control and management over the Plan on or about that date.

21. To date, Defendant has not rectified any records and has made no attempt to correct any falsely filed documents with the State Court. **EXHIBIT A** attached hereto shows no mention of the Lockheed Martin Pension Plan, although this asset should have been listed with the Orange County Family Law Court.

22. Since the Lockheed Martin Pension Plan is not listed, and Defendant became eligible to withdraw or liquidate the entire asset and has not been listed in the Judgment Settlement Agreement, Defendant has taken the Plan as his sole and separate property commiting theft of the Plan (by taking Plaintiff's rightful and legal share of the asset). Please see Pension Department of Lockheed Martin e-mail stating that this is and was Plaintiff's and Defendant's marital asset attached hereto as **EXHIBIT B.**

**Lockheed Martin Pension Plan Department**

23. Plaintiff attempted to communicate with the Pension Plan Management of the Lockheed Martin Company. Plaintiff's attorney sent a letter to Lockheed Martin Legal Department asking that they send all information pursuant to ERISA to Plaintiff. Plaintiff also sent the Judgement Settlement Agreement to

Lockheed Pension Department. Lockheed Martin came back stating that they would not be sending any information regarding the specifics unless Plaintiff could send the supoena to them demanding that information. Lockheed Martin Pension violated their fiduciaries duties when they refused to provide information to Plaintiff.

**Kaiser Pension Plan Department**

24. Kaiser Pension Plan department has approved the Qualified Domestic Orders prepared by Ms. Nancy Bunn which affect the rights of the Plaintiff. The Qualified Domestic Order contain language that affect the Plan Administration and benefits to be received by both parties as described above.

25. In particular, the Qualified Domestic Orders contain a valuation date that is different than the date of separation directly impacting the value of benefits to be achieved by the Plaintiff. These orders are thus modifications of the Judgment Settlement Agreement and have direct impact on the Plan Administration and the Value of the benefits to be received by the Plan beneficiaries. These issues then fall within the exclusive jurisdiction of the Federal Court.

## FACTS BEARING ON FIDUCIARY BREACH

26. Defendant was a fiduciary with respect to Plaintiff both under the California Family law code and under ERISA when he exerted discretionary control on

the Lockheed Martin Pension Plan. Defendant became fiduciary when he,

   a.  exerted discretionary control (in fall of last year);

   b.  when he became eligible to liquidate and take distributions (Defendant may have already done this) if so Defendant then exerted discretionary control when he asserted any ownership or management rights on the Plan assets); and

   c.  when Defendant could select an option to take a lump sum distribution. Defendant breached this fiduciary duty when he failed to disclose the existence and stole the asset from Plaintiff and also committed a prohibited transaction when he choose to divert Plaintiff's share of the benefit to himself.

**Lockheed Martin Pension Plan Department**

27. Lockheed Martin Pension Plan is a fiduciary under the ERISA law and breached their fiduciary duty when they refused to provide Plaintiff of any information such as Beneficiary statements and benefit disclosures.

**Kaiser Pension Plan Department**

28. Kaiser Pension Plan is a fiduciary and has breached this duty when they approved the Plans provided by Ms. Nancy Bunn without the signatures of Plaintiff.

//

## DEFENDANT'S FIDUCIARY STATUS

### A. The Nature of ERISA Fiduciary Status Named Fiduciaries

29. Every ERISA plan must have one or more "named beneficiaries". ERISA section 402(a)(1), 29 U.S.C. section 1102 (a)(1). The person named as "administrator" in the plan instrument is automatically a named fiduciary and, in the absence of such a designation, the sponsor is the administrator, ERISA section 3(16)(A), 29 U.S.C. section 1002 (16)(A).

### B. De Facto Fiduciaries.

30. In addition to persons and entities named as fiduciaries under section 402(a)(1), 29 U.S.C. section 1102(a)(1), ERISA also treats as fiduciaries any other persons who in fact perform fiduciary functions. Thus a person is a fiduciary to the extent "(I) he exercises any discretionary authority or discretionary control respecting management of such p lan or exercises any authority or control respecting management or disposition of its assets, (II) he renders investment advise for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (III) he has any discretionary authority or descretionary responsibility in the administration of such plan." ERISA section 3(21)(A), 29 U.S.C. section 1002(21)(A)(I).

31. Each of the Defendants was a fiduciary with respect to the Plans and owed fiduciary duties to the Plans and their participants and beneficiaries under ERISA in the manner and to the extent set forth in the Plan documents and through their conduct and under ERISA.

32. As fiduciaries, Defendants were required by ERISA section 404(a)(1), 29 U.S.C. section 1104 (a)(1) to manage and administer the Plans and the Plans' investments solely in the interests of the Plans' participants and beneficiaries and with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

33. Plaintiff does not allege that each Defendant was a fiduciary with respect to all aspects of the Plans management and administration. Rather, as set forth in this document, Defendants were fiduciaries to the extent of the specific fiduciary discretion and authority assigned to or exercised by each of them, and as further described in this document, the claims against each of Defendant are based on such specific discretion and authority.

34. ERISA permits fiduciary functions to be delegated to insiders without an automatic violation of the rules against prohibited transactions, ERISA section 408(c)(3), 29 U.S.C. section 1108(c)(3), but insider fiduciaries, like external

fiduciaries, must act solely in the interest of participants and beneficiaries, not in the interest of the Plan sponsor.

## THE RELEVANT LAW UNDER ERISA

35. ERISA section 502(a)(2), 29 U.S.C. section 1132 (a)(2), provides, in pertinent part, that a civil action may be brought by a participant for relief under ERISA section 409, 29 U.S.C. section 1109.

36. ERISA section 409(a), 29 U.S.C. section 1109(a), "Liability for Breach of Fiduciary Duty," provides in pertinent part:

[A]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon Fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

36. ERISA section 502(2)(3), 29 U.S.C. section 1132(a)(3), authorizes individual Participants to seek equitable relief from Defendants, including,

without limitation, injunctive relief and, as available under applicable law, constructive trust, restitution, and other monetary relief.

37. ERISA sections 404(a)(1)(A) and (B), 29 U.S.C. section 1104(a)(1)(A) and (B), provides, in pertinent part, that a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries, for the exclusive purpose of providing benefits to participants and their beneficiaries, and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man action in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

38. These fiduciary duties under ERISA sections 404(a)(1)(A) and (B) are referred to as the duties of loyalty, exclusive purpose and prudence and are the "highest known to the law." [See, *Chao v. Hall Holding Co.,* 285 F. 3d 415, 426 (6th Cir. 2002).] They entail, amongst other things:

(a) the duty to conduct an independent and thorough investigation into, and to continually monitor, the merits of all the investment alternatives of a plan, including in this instance Company Stock, to ensure that each investment is a suitable option for the plan;

(b) the duty to avoid conflicts of interest and to resolve them promptly when they occur. A fiduciary must always administer a plan with a singular view to the interests of the participants and beneficiaries, regardless of the interests of the fiduciaries themselves or the plan sponsor; and

(c) the duty to disclose and inform, which encompasses: (1) a negative duty not to misinform; (2) an affirmative duty to inform when the fiduciary knows or should know that silence might be harmful; and (3) a duty to convey complete and accurate information material to the circumstances of participants and beneficiaries.

39. ERISA section 405(a), 29 U.S.C. section 1105(a), "Liability for Breach by Co-Fiduciary," provides, in pertinent part:

In addition to any liability which he may have under any other provision of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:

(1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach'

(2) if, by his failure to comply with section 404(a)(1), 29 U.S.C. section 1104(a)(1), in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or

(3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

## **PREEMPTION OF ERISA**

40. The provisions of ERISA "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." 29 U.S.C. § 1144(a). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 9697, 77 L. Ed. 2d 490, 103 S. Ct. 2890 (1983).

41. The ERISA preemptive provision is to be broadly construed and extends to common law tort and contract actions. [*Ellenburg v. Brockway Inc.* 763 F.2d 1091, 1095 (9th Cir. 1985) ; *Pilot Life Ins. v. Dedeaux*, 481 U.S. 41, 48, 95 L. Ed. 2d 39, 107 S. Ct. 1549 (1987).] Even claims brought under state law doctrines that do not explicitly refer to employee benefit plans are preempted when the claims arise from the administration of such plans whether directly

or indirectly. [*Ellenburg*, 763 F.2d at 1095; *Scott v. Gulf* [*417] *Oil Corp.* 754 F.2d 1499, 1504 (9th Cir. 1985).] Recently, the Court has reiterated that the express preemption provisions of ERISA are deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.'" *Pilot Life*, 481 U.S. at 4546 (quoting *Alessi v. RaybestosManhattan, Inc.*, 451 U.S. 504, 523, 68 L. Ed. 2d 402, 101 S. Ct. 1895 (1981)). Lois Gibson, Plaintiff, Appellant, v. The Prudential Insurance Company of America, et al., 915 F. 2d 414; 1990 U.S. App. LEXIS 6141, The Court held that Congress did intend ERISA to preempt claims that relate to an employee benefit plan even if the defendant is a non-fiduciary. [See, HARRIS TRUST AND SAVINGS BANK, ETC., ET AL. v. SALOMON SMITH BARNEY INC., ET AL. 530 U.S. 238; 120 S. Ct. 2180; 147 L. Ed. 2d 187; 2000 U.S. LEXIS 3962; 68 U.S.L.W. 4508; 24 Employee Benefits Cas. (BNA) 1654; 2000 Cal. Daily Op. Service 4608; 2000 Daily Journal DAR 6193; 2000 Colo. J. C.A.R. 3328; 13 Fla. L. Weekly Fed. S 397.]

42. The case involved a Petitioner trustee and petitioner administrator who brought an action against respondent non-fiduciary alleging respondent's violation of the Employee Retirement Income Security Act (ERISA). The trial court determined that 29 U.S.C.S. § 1132(a)(3) provided a private cause of action against non-fiduciaries who participate in a prohibited transaction.

Respondent appealed, and the appellate court reversed, holding that a non-fiduciary could not be liable under 29 U.S.C.S. § 1132(a)(3) for participating in a 29 U.S.C.S. § 1106 transaction because where ERISA did not expressly impose a duty, there could be no cause of action. Petitioners filed a petition for a writ of certiorari, claiming that 29 U.S.C.S. § 1132(a)(3) imposed certain duties, and therefore liability under that provision did not depend on whether ERISA's substantive provisions imposed a specific duty on the party being sued. The court reversed and remanded, holding that the appellate court erred because a private cause of action against non-fiduciaries who participated in a prohibited transaction was allowed under 29 U.S.C.S. § 1132(a)(3).

43. A participant, beneficiary, or fiduciary is authorized , pursuant to 29 U.S.C.S. § 1132(a)(3), to bring a civil action to enjoin any act or practice which violates any provision of the Employee Retirement Income Security Act or to obtain other appropriate equitable relief to redress such violations

44. For purposes of the Employee Retirement Income Security Act of 1974 (ERISA) (29 USCS 1001 et seq.), the authorization, under 502(a)(3) of ERISA (29 USCS 1132(a)(3)), for a "participant, beneficiary, or fiduciary" to bring a civil action to obtain "appropriate equitable relief" to address some ERISA violations extends to a suit against a non-fiduciary "party in interest" to a transaction barred by 406(a) of ERISA (29 USCS 1106(a)), as (1)

502(a)(3) itself imposes certain duties; (2) Therefore, liability under 502(a)(3) does not depend on whether ERISA's substantive provisions impose a specific duty on the party being sued; (3) Aside from the appropriate equitable relief caveat, 502(a)(3) admits of no limit on the universe of possible defendants; (4) 502(l) of ERISA (29 USCS 1132(l)) which authorizes civil penalty actions by the United States Secretary of Labor against an "other person" who knowingly participates in an ERISA violation by a fiduciary compels the conclusion that defendant status under 502(a)(3) does not turn on whether a defendant is expressly subject to a duty under one of ERISA's substantive provisions; (5) the argument that it would contravene common sense for Congress to impose civil liability on a party that has not violated a duty expressly imposed by ERISA's substantive provisions ignores the limiting principle explicit in 502(a)(3) that the relief be appropriate equitable relief; and (6) an action, such as the one in the instant case, for restitution against an alleged transferee of asserted tainted plan assets (a) satisfies the appropriateness criterion in 502(a)(3), and (b) seeks relief that is equitable in nature.

45. When misrepresentations of a fiduciary are fraudulent and relied upon by plan participants to their detriment, the court may award affected participants

compensatory and punitive damages as well as court costs and attorneys' fees.

[*See* Monson v. Century Mfg. Co., 739 F.2d 1293 (8th Cir. 1984)]

46. QDRO Documents that affected valuation of Plaintiff's benefits, provisions affecting Plan Administration go to the very substance of the ERISA regulation that is exclusive jurisdiction of the federal courts. Any area that includes these issues are preempted by Federal jurisdiction. Thus the submitted QDRO provisions that affect valuation of the benefits of the Plaintiff and the Plan administration are ERISA issues exclusive to federal jurisdiction.

**RELEVANT LAW UNDER DUE PROCESS CLAUSE 42 U.S.C. SECTION 1983 AND 1981**

47. The due process clause of 42 USC section 1983 provides: Every person who under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and Laws, shall be liable to the party injured in an action at law, suit in Equity, or other proper proceedings in redress, except that in any action brought against a Judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall

not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

48. Pursuant to 42 USC code section 1981, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and properties as is enjoyed by white citizens and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind and to no other".

49. Plaintiff was denied any due process when the related ERISA assets were approved for QDRO status by the Family Court without a hearing on the QDRO documents.

## CONSTRUCTIVE FRAUD, DECEIT, FALSE PROMISE, CONCEALMENT CALIFORNIA CODE SECTION 1709, et seq.

50. Defendant held himself out as a stockbroker, investment advisor and real estate and mortgage license. Under the federal law a stockbroker, investment advisor owes a duty of a fiduciary to his client. Defendant's relationship with Plaintiff was that of a stockbroker, investment advisor, real estate broker and

a spouse. Under family law and as a DRE (Department of Real Estate) Defendant automatically is treated under State Law as a fiduciary. Additionally, the provisions of California Business and Professions Code section 10176, California Civil Code 2322, the Regulations of the Commissioner of the California Department of Real Estate, all of which prohibit fraudulent and deceit etc. (California CCP 3294-3296). Defendant violated all these laws when he stole the Lockheed Martin Pension Plan Asset.

## **RELEVANT LAW UNDER SECURITIES VIOLATIONS**

51. Rule 10b-5, promulgated by the U.S. Securities and Exchange Commission ("SEC") under 10(b) of the Exchange Act, prohibits fraudulent conduct in connection with the purchase or sale of securities. See 15 U.S.C. section 78j. Rule 10b-5 provides that it is unlawful for any person, directly or indirectly:

1. to employ and device, scheme, or artifice to defraud,

2. to make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

3. to engage in any act, practice, or course of business which

operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security

**17 C.F.R. section 20.10b-5**

52. In order to plead a claim for securities fraud under Section 10(b) and Rule

10b-5, a plaintiff must plead:

a.      A misrepresentation or omission of

b.      A material fact

c.      Reliance thereon

d.      Causation

e.      Damages; and

f.      Fraudulent conduct (scienter),

in connection with the purchase or sale of a security.

[See, Eric P. John Fund, Inc. v. Halliburton Co., 131 S. Ct. 2179, 2184 (2011);

Matrixx Initiatives, Inc. v. Siracusano, 131 S. Ct. 1309, 1317 (2011); In re DVI,

Inc. sec. Litig., 639 F. 3d 623, 630 (3d Cir. 2011); FindWhat Investor Grp. V.

FindWhat.com, 658 F. 3d 1285, 1295 (11th Cir. 2011); Ashland, Inc. v.

Oppenheimer & Co., 648 F. 3d. 461, 468 (6th Cir. 2011); Katyle v. Penn Nat'l

Gaming, Inc., 637 F. 3d 462, 480 (4th Cir.) cert, denied, 132 S. Ct. 115 (2011);

Desai v. Deutsche Bank Sec. Ltd., 573 F. 3d 931, 939 (9th Cir. 2009); Cent.

<u>Laborers' Pension Fund v. Integrated Elec. Servs. Inc.</u>, 497 F. 3d 546, 550 (5th Cir. 2007); <u>Miss. Pub. Emps.' Ret. Sys. v. Bos. Scientific Corp.</u>, 649 F. 3d 5, 20 (1st Cir. 2011); <u>Cardon v. TestOut! Corp.</u>, 244 F. App'x 908, 914-15 (10th Cir. 2007).]

53. The definition of "security" includes any "investment contract" as defined in section 3(a)(10) of the Securities Exchange Act of 1934, 15 U.S.C.S. section 78c(a)(10). An involuntary, noncontributory pension fund interest is an investment contract because money is invested in a common enterprise, the management of which is committed to a third party, and from which profits and income are reasonably expected.

54. The Employment Retirement Income Security Act of 1974 (ERISA) and the securities act should be construed as complementary to each other and that ERISA does not preempt the anti-fraud provisions of the securities acts in the field of pensions.

55. The Lockheed Martin Pension Plan is a security under the meaning of the Securities regulations. Defendant engaged in a fraudulent scheme by diverting the security – the Pension Asset and used US Mail in filing false documents with Lockheed Martin Pension and then attempted to steal the proceeds of the asset.

//

//

28

# CLAIMS FOR RELIEF

## CLAIMS FOR RELIEF UNDER ERISA

1. At all relevant times, Defendants (BHASKAR VYAS, an individual; LOCKHEED MARTIN PENSION PLAN AND ADMINISTRATOR; QDRO CONSULTING SERVICES, LLC; KAISER PERMANENTE PENSION PLAN AND ADMINISTRATOR, and DOES 1 through 100, inclusive) were fiduciaries of the ERISA Plans within the meaning of ERISA Section 3(21)(A), 29 U.S.C. section 1002(21)(A).

2. ERISA Section 502(a) (2) provides, in pertinent part, that a civil action may be brought by a fiduciary for relief under the ERISA Section 409, 29 U.S.C. section 1109.

3. ERISA Section 409(a), 29 U.S.C. section 1109(a), "Liability for Breach of Fiduciary Duty," provides, in pertinent part, that "any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting for each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate including removal of such fiduciary."

4. ERISA Section 40(a)(1), 29 U.S.C. section 1104(a)(1), provides, in pertinent part, that fiduciaries are to manage and administer the plan, and the plan's investments solely in the interest of the plan's participants and beneficiaries with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims.

5. ERISA Section 406(b), 29 U.S.C. section 1106(b) specifically prohibits a fiduciary from "deal[ing] with the assets of the plan in his own interest."

## COUNT I

With Regard to Defendant, Bhaskar Vyas:

Breach of Fiduciary- engagement in Prohibited transaction (theft of asset).

## COUNT II

With regard to Defendant, Bhaskar Vyas:

Breach of Fiduciary Duty by Defendant Bhaskar Vyas.

## COUNT III

With regard to Lockheed Martin Pension Plan and Administrator:

Breach of Fiduciary Duty.

## COUNT IV

With regard to Kaiser Permanente Pension Plan and Administrator:

Breach of Fiduciary Duty.

**COUNT V**

With regard to Defendant, Bhaskar Vyas:

Request Court Order instructing Defendant, Bhaskar Vyas, to provide full accounting of assets.

**COUNT VI**

With regard to Ms. Nancy Bunn:

Breach of Contract.

**COUNT VII**

With regard to Defendant, Bhaskar Vyas:

Breach of Securities Laws.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

A. That this Court order Defendants to restore Plaintiff who have caused harm to her for damages to be proven at trial.

B. For Plan Administrator Kaiser Permanente Retirement Plan to comply with applicable state law (valuation of benefits in accordance to the California formula used and to use valuation date that is most close to the date of separation) and to comply with other ERISA rules.

C. For Lockheed Martin to provide all and any information pursuant to the ERISA law stated above and any penalties for refusing to provide any information.

D. For Ms. Nancy Bunn to restore any losses caused by her actions to Plaintiff.

E. For any further relief which the Court deems to be just and appropriate, including taxable costs and interest, as provided by law.

F. That this Court order Defendants to pay Plaintiff's reasonable attorney's fees incurred as a result of initiating and prosecuting this action in accordance with ERISA Section 502(g)(1) 29 U.S.C. Section 1132 (g)(1).

Dated: 12/28/15                                By*: /s/ James Garrison*

**James Garrison, Esq.**
**Nupur Nagar, Esq.**
Attorneys for Plaintiff,
DR. SUJATA VYAS, an individual