# EXHIBIT A

*EXHIBIT #1*

**FL-180**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
| RONALD F. BROT, ESQ.   SBN 50201<br>MARIE A. LAMOLINARA, ESQ. SBN 226314<br>BROT & GROSS, LLP<br>15260 Ventura Boulevard, Suite 1500<br>Sherman Oaks, CA 91403<br>TELEPHONE NO.: (818) 594-0800   FAX NO. *(Optional)*: (818) 594-0796<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: SUJATA VYAS | CLIENT COPY<br>FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>LAMOREAUX JUSTICE CENTER<br><br>DEC 10 2009<br><br>ALAN CARLSON, Clerk of the Court<br><br>BY: __M. HORST__ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 341 The City Drive
MAILING ADDRESS: 341 The City Drive
CITY AND ZIP CODE: Orange, CA 92863-1569
BRANCH NAME: LAMOREAUX JUSTICE CENTER

MARRIAGE OF
PETITIONER: SUJATA VYAS

RESPONDENT: BHASKAR VYAS

| | | |
|---|---|---|
| **JUDGMENT**<br>[ X ] DISSOLUTION   [ ] LEGAL SEPARATION   [ ] NULLITY<br>  [ ] Status only<br>  [ ] Reserving jurisdiction over termination of    DEC 10 2009<br>    marital or domestic partnership status<br>  [ ] Judgment on reserved issues<br>Date marital or domestic partnership status ends: | CASE NUMBER:<br><br>03D010337    DEPT L64<br>JUDGE NANCY A. POLLARD |

1. [ ] This judgment [ ] contains personal conduct restraining orders [ ] modifies existing restraining orders.
   The restraining orders are contained on page(s) _____ of the attachment. They expire on *(date)*:

2. This proceeding was heard as follows: [ X ] Default or uncontested [ X ] By declaration under Family Code section 2336
   [ ] Contested
   a. Date: DEC 10 2009 Dept: L64 Room:
   b. Judicial officer *(name)*: Judge Michael J. Naughton [ ] Temporary judge
   c. [ ] Petitioner present in court [ ] Attorney present in court *(name)*:
   d. [ ] Respondent present in court [ ] Attorney present in court *(name)*:
   e. [ ] Claimant present in court *(name)*: [ ] Attorney present in court *(name)*:
   f. [ ] Other *(specify name)*:

3. The court acquired jurisdiction of the respondent on *(date)*: 4/21/04
   a. [ ] The respondent was served with process.
   b. [ X ] The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**

4. a. [ X ] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the
      status of single persons
      (1) [ X ] on *(specify date)*: DEC 10 2009
      (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of *(specify)*:

   d. [ ] This judgment will be entered nunc pro tunc as of *(date)*:
   e. [ ] Judgment on reserved issues.
   f. The [ ] petitioner's [ ] respondent's former name is restored to *(specify)*:
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [ ] This judgment contains provisions for child support or family support. Each party must complete and file with the court a
      *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the
      court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice
      of Rights and Responsibilities—Health Care Costs and Reimbursement Procedures and Information Sheet on Changing a
      Child Support Order* (form FL-192) is attached.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>FL-180 [Rev. January 1, 2007] | **JUDGMENT**<br>(Family Law) | Legal<br>Solutions<br>Plus |

Family Code, §§ 2024, 2340,
2343, 2346

FL-180

| CASE NAME (Last name, first name of each party): VYAS, SUJATA and BHASKAR | CASE NUMBER: 03D010337 DEPT L64 |
|---|---|

4. (Cont'd.)
  i.     A settlement agreement between the parties is attached.
  j.  | X |. A written stipulation for judgment between the parties is attached.
  k.    The children of this marriage or domestic partnership.
      (1)   , The children of this marriage or domestic partnership are:
         Name                    Birthdate

      (2)    Parentage is established for children of this relationship born prior to the marriage or domestic partnership.

  l.    Child custody and visitation are ordered as set forth in the attached
      (1)    settlement agreement, stipulation for judgment, or other written agreement.
      (2)    Child Custody and Visitation Order Attachment (form FL-341).
      (3)    Stipulation and Order for Custody and/or Visitation of Children (form FL-355).
      (4)    other (specify):

  m.    Child support is ordered as set forth in the attached
      (1)    settlement agreement, stipulation for judgment, or other written agreement.
      (2)    Child Support Information and Order Attachment (form FL-342).
      (3)    Stipulation to Establish or Modify Child Support and Order (form FL-350).
      (4)    other (specify):

  n.  | X | Spousal or partner support is ordered as set forth in the attached
      (1) | X | settlement agreement, stipulation for judgment, or other written agreement.
      (2)    Spousal, Partner, or Family Support Order Attachment (form FL-343).
      (3)    other (specify):

      NOTICE: It is the goal of this state that each party will make reasonable good faith efforts to become self-supporting as provided for in Family Code section 4320. The failure to make reasonable good faith efforts may be one of the factors considered by the court as a basis for modifying or terminating spousal or partner support.

  o.  | X | Property division is ordered as set forth in the attached
      (1) | X | settlement agreement, stipulation for judgment, or other written agreement.
      (2)    Property Order Attachment to Judgment (form FL-345).
      (3)    other (specify):

  p.  | X |. Other (specify):  See Attached.

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions.

Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Judge Michael J. Naughton

Date: XXXXXXXXXXXXXXXXXXXXXX
DEC 1 0 2009

JUDICIAL OFFICER

5.   Number of pages attached: 27 26

SIGNATURE FOLLOWS LAST ATTACHMENT

**NOTICE**

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar thing. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

FL-180 [Rev. January 1, 2007]            **JUDGMENT**
(Family Law)            Page 2 of 2

4.      THE COURT ORDERS, GOOD CAUSE APPEARING:

p.      Other (specify):

Pursuant to the stipulation of the parties for judgment under Rule 5.116 of the *California Rules of Court*;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Court finds that the parties were married on December 10, 1981.

2.      The Court finds that irreconcilable differences have arisen between the parties, as a result of which they separated and ceased to live together as husband and wife on or about November 1, 2003, and that the parties have been separated continuously thereafter. Accordingly, the Court finds the date of separation to be November 1, 2003.

3.      The Court finds that the parties have no minor children.

4.      The Court finds that parties have entered into this stipulated Judgment to effect a complete and final settlement between the parties of all of their personal and property rights, claims and obligations, and all other marital rights, claims and obligations including, but not limited to, a fair, just and equitable division of the property of the parties and to satisfy any and all obligations, claims or rights that either party may claim for support and maintenance arising by virtue of their marital relationship or otherwise.

5.      The Court finds that Petitioner has been represented by counsel of Petitioner's own choosing; that Petitioner has read this Judgment, has had it fully explained by such counsel, and is fully aware of the contents hereof and of its legal effect; and that Petitioner has executed this Judgment in reliance upon Petitioner's own independent judgment free from coercion, duress and/or undue influence.

6.      The Court finds that Respondent has been represented by counsel of Respondent's own choosing; that Respondent has read this Judgment, has had it fully explained by such counsel, and is fully aware of the contents hereof and of its legal effect; and that Respondent has executed this Judgment in reliance upon Respondent's own independent judgment free from coercion, duress and/or undue influence.

///

BROT & GROSS, LLP
1260 Ventura Boulevard, Suite 1600
Sherman Oaks, California 91403-5348
(818) 594-0800 Fax (818) 594-0796

BROT & GROSS, LLP
13260 Ventura Boulevard - Suite 1500
Sherman Oaks, California 91403-5348
(818) 594-0800 Fax (818) 594-0794

1    7.    The Court finds that Petitioner and Respondent each respectively acknowledge (1) that

2    said party has obtained no advantage over the other party as a result of this Judgment; (2) that there

3    is sufficient consideration for the entry into this Judgment; and (3) that said party was not under any

4    coercion or undue influence in entering into this Judgment.

5    8.    The Court finds that Petitioner and Respondent each respectively acknowledge (1) that

6    all negotiations leading to this Judgment were carried on at arm's length; (2) that the confidential

7    relationship arising out of the marriage of the parties did not exist during such negotiations; and (3)

8    that said party recognized that the interests of said party and the other party were adverse during such

9    negotiations.

10    9.    The Court finds (1) that each of the parties has his and her own knowledge and opinion

11    concerning the nature, extent and value of community, quasi-community and separate assets and

12    liabilities, income, and all other matters; (2) that each party relied upon his or her own knowledge,

13    opinions and valuations; (3) that each party has sought and obtained separate and independent

14    counseling from other persons concerning said matters; and (4) that no representation by either party

15    has been relied upon by the other concerning the nature, extent and value of community, quasi-

16    community and separate assets and liabilities, income, and all other matters.

17    10.    The Court finds that in negotiating the economic terms of this Judgment, each of the

18    parties was informed of the laws of the State of California which permit the opportunity for each party

19    to obtain from the other, and from others, all facts pertaining to financial aspects of the parties

20    including, but not limited to, all of the financial circumstances of the other party, and the income which

21    each is likely to derive from the property acquired by each party pursuant to this Judgment, both on

22    a voluntary basis and through formal discovery procedures. The Court finds that each party represents

23    and warrants to the other that each party desires a settlement of all matters set forth in this Judgment,

24    and that each party voluntarily chooses not to exercise any further discovery rights including, but not

25    limited to, serving form and special interrogatories, inspection demands, and requests for admission;

26    issuing subpoenas; taking depositions of the parties and third parties; and obtaining expert or other

27    appraisals of real (except as otherwise provided in paragraph 22 below), personal and/or business

28    properties and other assets. The Court finds that each party acknowledges that he and she have been

informed of the obligations imposed upon each to disclose assets, liabilities, income, and investment opportunities. The Court finds that each party knowingly, voluntarily and expressly waives his and her rights to engage in discovery, both formal and informal, and to fully investigate the financial circumstances of the other party, and that each party has specifically requested that counsel not exercise the same on such party's behalf. The Court finds that each party accepts the economic terms of this Judgment with full knowledge of their rights in light of the foregoing waiver.

11. The Court finds that the parties also acknowledge that in entering into a negotiated settlement of all of the issues between them as set forth herein, each party knowingly, voluntarily and expressly waives his and her rights to a full evidentiary hearing on the merits with respect to those issues. The Court finds that each party acknowledges that each such party has been advised by his and her own counsel and other advisors that the economic and other benefits conferred on each party by this Judgment may be better or worse than the economic and other benefits that would be conferred on each party after a full evidentiary hearing. The Court finds that each party has considered the risk of litigation and the cost thereof, and has knowingly, voluntarily and expressly decided that it is preferable to settle the issues rather than to be subjected to the uncertainties of the litigation process. The Court finds that each party's counsel has advised the respective client that in the event this Judgment is signed, said counsel cannot be responsible in any manner whatsoever with regard to income or the nature, extent, condition or value of any assets and obligations, whether community, quasi-community, or separate, and whether confirmed or disposed of herein. The Court finds that Petitioner and Respondent each represent and warrant that in entering into this Judgment, such party has not relied upon the representation of any counsel or of opposing counsel in any manner or form with regard to income or the nature, extent, condition or value of any assets and obligations, whether community, quasi-community, or separate, and whether confirmed or disposed of herein.

12. The Court finds that the parties represent and warrant that each such party has not heretofore assigned any claim or claims against the other party to any third person or entity whatsoever. The Court further finds that the parties represent and warrant that he or she has not caused or permitted to be placed on any property described in this Judgment any new and/or additional encumbrance, lien, charge or otherwise which is not set forth in this Judgment. In the event that it is

BROT & GROSS, LLP
15260 Ventura Boulevard - Suite 1500
Sherman Oaks, California 91403-5348
(818) 594-0800 Fax (818) 594-0796

1  hereafter determined by a court of competent jurisdiction that either of the parties has heretofore

2  assigned any claim or claims against the other party to any third person or entity whatsoever, or has

3  caused or permitted to be placed on any property described in this Judgment any new and/or additional

4  encumbrance, lien, charge or otherwise which is not set forth in this Judgment, then the party against

5  whom such finding has been made is ordered to pay to the other party, on demand, a sum equal to the

6  amount of any such assigned claim or claims, or a sum equal to the amount of any such new and/or

7  additional encumbrance, lien, charge or otherwise, as determined by the Court, and the Court retains

8  jurisdiction to make any such determinations and Orders in that regard. In the event that a legal action

9  is instituted to enforce any such claim or demand, then the prevailing party shall be entitled to

10  reasonable attorney's fees and costs incurred in that regard.

11      13.     The Court finds that Petitioner and Respondent mutually desire to and have forever

12  adjusted by and between themselves all past, present and future rights of every kind and nature whether

13  relating to spousal support; community property, quasi-community property, and separate property,

14  regardless of where any such property may be located; rights of reimbursement, credit, and offset;

15  attorney's fees and costs; and all other rights and claims that either party may have or claim to have

16  against the other, without any limitation whatsoever. The provisions of this Judgment are accepted

17  in full satisfaction of any claim that either party may have or claim to have against the other, and

18  constitute a full and final accord and satisfaction of all claims which each may have against the other.

19      14.     The Court finds that the parties have separated and presently live separate and apart

20  from each other. Since the date of separation each of the parties has been and shall hereafter be free

21  from any interference, authority or control by the other. Each of the parties may, in every respect

22  without and free from any control, restraint or interference, direct or indirect, by the other party, carry

23  on and engage in any employment, business or trade which to such party shall seem advisable for such

24  party's sole and separate use and benefit; dispose of any property which was acquired pursuant to this

25  Judgment; and conduct and carry on such party's personal and business affairs in such manner as to

26  such party may seem necessary or advisable for such party's own sole and separate use, benefit and

27  enjoyment, as fully and effectively as though each was single and unmarried, and had never been

28  married, except only as expressly provided herein.

BROT & GROSS, LLP
15263 Ventura Boulevard Suite 1300
Sherman Oaks, California 91403-5348
(818) 594-0800 Fax (818) 594-0796

15.     The Court finds that Petitioner and Respondent, and each of them, expressly forever waive and release any and all rights and claims against the other for past, present and future spousal support and/or maintenance, both temporary and permanent.  The Court shall not retain any jurisdiction to award spousal support and/or maintenance to Petitioner or Respondent at any time.  The aforesaid waiver of spousal support and maintenance, and the aforesaid waiver of jurisdiction over the same, are not modifiable in any respect whatsoever, without any exception, condition or limitation whatsoever.  The Court does not retain any jurisdiction whatsoever over the issue of spousal support and/or maintenance for Petitioner or Respondent, and the Court will not have any jurisdiction to award spousal support and/or maintenance to Petitioner or Respondent in the future, without any exception, condition or limitation whatsoever, consistent with *In re Marriage of Vomacka* (1984) 36 Cal. 3d 459, 204 Cal. Rptr. 568 and *In re Marriage of Iberti* (1997) 55 Cal. App. 4th 1434, 64 Cal. Rptr. 2d 766.

16.     The Court finds that the parties each understand and agree that no spousal support shall be paid by either party to the other, and that the Court does not retain jurisdiction to award spousal support to either party from the other at any time hereafter, regardless of the needs or ability to pay of either party or any other circumstances; that each party is forever precluded from making any subsequent claim whatsoever for spousal support and/or maintenance from the other, and that the Court will not have any jurisdiction to award any spousal support to either party; that Petitioner and Respondent have each carefully bargained in this document concerning all issues relating to their support and the aforesaid releases and waivers; that each party has carefully considered these releases and waivers and has discussed them thoroughly with counsel; that each party understands that regardless of his or her needs and/or the other party's ability to pay, each party will have absolutely no right whatsoever to request or receive spousal support from the other; and that each party understands that these releases and waivers may work a hardship upon him or her.

17.     The Court finds that disputed claims have existed between the parties as to what constitutes their community property, quasi-community property, and separate property, and that each of the parties has made conflicting claims regarding their property rights.  The Court finds that Petitioner and Respondent, respectively, have settled and adjusted their respective community property, quasi-community property, and separate property rights and claims, including the assumption

BROT & GROSS, LLP
15260 Ventura Boulevard - Suite 1500
Sherman Oaks, California 91403-5348
(818) 594-0800 Fax (818) 594-0796

—

1   of certain obligations, to effect a division thereof in a manner by which they intend to accomplish, and

2   hereby expressly agree that such division does constitute, a fair, just, equitable, substantially equal and

3   mutually satisfactory division of their community property and quasi-community property. The assets

4   received by each party in said division, together with all rents, issues and profits thereof payable

5   thereafter (without any apportionment), and all accretions and increases therein, and all liabilities

6   arising therefrom, are ordered to be and remain the recipient's separate property or liability,

7   respectively.

8       18.    The Court finds that the parties have previously distributed or are in the process of

9   distributing to each other their community property and quasi-community property, as well as their

10  respective separate property, and that each party represents and warrants that there is no known

11  community property or quasi-community property subject to disposition in any proceeding for

12  dissolution of marriage or otherwise, except as set forth herein.

13      19.    In division of the parties' community property and quasi-community property, to the

14  full extent that there is any community property interest or claimed community property interest in or

15  to the following, Petitioner is awarded all right, title and interest in and to the following as her sole and

16  separate property:

17          A.    2003 Lexus GS 430, California license no. 5BRM420.

18          B.    One-half of the total community interest in the following retirement and pension

19  accounts. Petitioner shall cooperate in the preparation by Nancy Bennett Bunn, Esq. of any required

20  Qualified Domestic Relations Order.

21              (1)    Southern California Permanente Medical Group (SCPMG) 401(k) plan

22                     held in Petitioner's name;

23              (2)    Southern California Permanente Medical Group (SCPMG) Keogh

24                     account ending 5154 held in Petitioner's name;

25              (3)    Southern California Permanente Medical Group (SCPMG) Pension

26                     plan held in Petitioner's name;

27              (4)    Chipton Ross 401(k) plan held in Respondent's name; and

28              (5)    Fidelity Individual Retirement Account (IRA) ending 8432 held in

BROT & GROSS, LLP
15260 Ventura Boulevard - Suite 1500
Sherman Oaks, California 91403-5348
(818) 594-5800 Fax (818) 594-0796

IN RE MARRIAGE OF VYAS
JUDGMENT.1rev6SV.wpd 092909.1225 MAL

CASE NO. 03 D 010337
PAGE 6

JUDGMENT

BROT & GROSS, LLP
15260 Ventura Boulevard - Suite 1500
Sherman Oaks, California 91403-5348
(818) 594-0800 Fax (818) 594-0796

Petitioner's name; and

(6)   Fidelity Individual Retirement Account (IRA) ending 5154 held in Respondent's name.

C.   One-half of the total community interest in the following investment accounts:

(1)   Track Data Securities account ending 4639;

(2)   Net Vest account ending 1741;

(3)   Fidelity Account ending 8638;

(4)   Fidelity Account ending 0514; and

(5)   Franklin Templeton Account ending 2889.

D.   One-half of the total balance as of November 1, 2003 in the following accounts:

(1)   Bank of America account ending 13403;

(2)   Cal National Bank account ending 5424; and

(3)   Kaiser Federal Credit Union account ending 21000.

E.   All right, title and interest in and to Petitioner's interest in the Southern California Permanent Medical Group partnership. ~~PPH~~ 91

F.   One-half of the shares of JMS Worldwide stock.

G.   Except only as otherwise provided herein, any and all cash and funds, shares and interests in the name, possession, custody or control of Petitioner in any bank, savings and loan association, credit union, money market account, or other institution, investment or entity.

20.   In division of the parties' community property and quasi-community property, to the full extent that there is any community property interest or claimed community property interest in or to the following, Respondent is awarded all right, title and interest in and to the following as his sole and separate property:

A.   2001 Lexus GS 430, California license no. 4NNG008.

B.   One-half of the total community interest in the following retirement and pension accounts. Respondent shall cooperate in the preparation by Nancy Bennett Bunn, Esq. of any required Qualified Domestic Relations Order.

(1)   Southern California Permanente Medical Group (SCPMG) 401(k) plan

27

1    held in Petitioner's name;

2        (2)    Southern California Permanente Medical Group (SCPMG) Keogh

3            account ending 5154 held in Petitioner's name;

4        (3)    Southern California Permanente Medical Group (SCPMG) Pension

5            plan held in Petitioner's name;

6        (4)    Chipton Ross 401(k) plan held in Respondent's name; and

7        (5)    Fidelity Individual Retirement Account (IRA) ending 8432 held in

8            Petitioner's name; and

9        (6)    Fidelity Individual Retirement Account (IRA) ending 5154 held in

10           Respondent's name.

11   C.    One-half of the total community interest in the following investment accounts:

12       (1)    Track Data Securities account ending 4639;

13       (2)    Net Vest account ending 1741;

14       (3)    Fidelity Account ending 8638;

15       (4)    Fidelity Account ending 0514; and

16       (5)    Franklin Templeton Account ending 2889.

17   D.    One-half of the total balance as of November 1, 2003 in the following accounts:

18       (1)    Bank of America account ending 13405;

19       (2)    Cal National Bank account ending 5424; and

20       (3)    Kaiser Federal Credit Union account ending 21000.

21   E.    One-half of the shares of JMS Worldwide stock.

22   F.    Except only as otherwise provided herein, any and all cash and funds, shares

23   and interests in the name, possession, custody or control of Respondent in any bank, savings and loan

24   association, credit union, money market account, or other institution, investment or entity.

25       21.    All community furnishings, furniture, jewelry, and other personal property shall be

26   divided pursuant to the mutual agreement between the parties, and the Court shall retain jurisdiction

27   to the dispose of the same.

28       22.    The following shall occur with respect to the disposition of the parties' former family

BROT & GROSS, LLP
15260 Ventura Boulevard - Suite 1560
Sherman Oaks, California 91403-5348
(818) 594-0800 Fax (818) 594-0796

residence comprised of the residential real property located at 3828 Vista Blanca, San Clemente, California 92672 (hereinafter sometimes referred to as the "VISTA BLANCA RESIDENCE") located in the City of San Clemente, State of California, and more particularly described as follows:

> "Lot 113 of Tract No. 10225, in the City of San Clemente, County of
> Orange, State of California, as per map recorded in Book 461, Pages 30
> to 41 inclusive of Miscellaneous Maps, in the office of the County
> Recorder of said County."

A.      The Vista Blanca residence shall be listed for sale no later than March 1, 2010. The parties are ordered to cooperate and mutually agree to all terms of listing and sale, including, but not limited to, choosing the listing agent and/or broker, and real property appraiser. Consent shall not be unreasonably withheld by Petitioner or Respondent. The parties are ordered to mutually agree upon reasonably required repairs for the listing and sale, and equally share the expenses relating thereto. Except as otherwise specifically stated herein, each of the parties shall receive one-half of the net sale proceeds from the sale of the Vista Blanca residence. Each party shall report the receipt of the aforesaid one-half net sale proceeds, and shall pay any and all tax due thereon as and when due, and shall indemnify and hold the other party harmless therefrom.

B.      Pending the sale of the Vista Blanca residence, the following specific provisions shall apply.

(1)      Except as otherwise provided hereinbelow, Respondent may continue to reside in the residence until the later of (1) March 1, 2010; (2) three (3) days after the close of escrow if the residence is sold (any expense associated with such extended three (3) day occupancy shall be equally shared between the parties); or (3) the parties otherwise sign a written agreement allowing one party to purchase the other party's interest in the Vista Blanca residence.

(i)      Provided advance notice is given by Petitioner to Respondent, Petitioner is awarded the sole and exclusive use, possession and control of the Vista Blanca residence for up to two (2) weeks at a time (not to exceed four (4) times per year) during the period in which Respondent is permitted to reside in the Vista Blanca residence. During said periods, Respondent shall be permitted to retrieve personal items from the Vista Blanca residence at times mutually agreed

1  between the parties.

2          (ii)    In the event that either party elects to make an offer to the other

3  for purchase of the Vista Blanca residence, the following further terms and conditions shall apply:

4          (a)    The parties' shall mutually agree upon a real property

5  appraiser to provide a current fair market value.  The Court shall have jurisdiction to appoint the

6  appraiser if the parties are unable to mutually agree.

7          (b)    The current fair market value shall be adjusted for closing

8  costs, capital gains taxes, and other like adjustments, but in any event, the adjustments shall not to

9  exceed the sum of $100,000.

10          (c)    The parties agree that the party acquiring the Vista Blanca

11  residence shall pay to the other one-half of the current fair market value minus the first (1st) and second

12  (2nd) deeds of trust.  The party acquiring the Vista Blanca residence shall be required to re-finance

13  the Vista Blanca residence so that the other party has no further liability to said property, or otherwise

14  enter into an agreement acceptable to both parties which releases the other party from further liability.

15          (2)    Petitioner and Respondent shall equally share the responsibility for all

16  monthly expenses in the total sum of $11,315 ($5,658 paid by each party) relating to the Vista Blanca

17  residence, including, but not limited to, payment of the mortgages (first (1st) mortgage with Bank of

18  America, second (2nd) mortgage with Wells Fargo Bank), line of credit with Wells Fargo Bank, real

19  property taxes, and routine maintenance.  The Wells Fargo Bank checking account ending in 4568

20  shall continue to be maintained jointly solely to facilitate payment of the foregoing expenses.

21          (i)    Except as otherwise stated hereinbelow, Petitioner and

22  Respondent shall each be entitled to claim one-half of the deductions for payment of the mortgage and

23  property taxes for purposes of filing income tax returns.

24          (ii)    In the event that Respondent is unable to contribute his one-half

25  share to the monthly expenses due to unemployment, and the residence has not yet sold, Petitioner

26  shall advance Respondent's share of the monthly expenses until either the house sells or Respondent

27  secures employment, whichever first occurs, subject to the following further terms and conditions:

28          (a)    Petitioner shall then be reimbursed in a sum equal to the

BROT & GROSS, LLP
5260 Ventura Boulevard - Suite 1560
Sherman Oaks, California 91403-5248
(818) 594-0800 Fax (818) 594-0796

IN RE MARRIAGE OF VYAS
JUDGMENT.1rev6SV.wpd 092909.1225 MAL

CASE NO. 03 D 010337

amount Petitioner paid toward Respondent's share of the monthly expenses. Said reimbursement shall be made by Respondent from his portion of the sale proceeds.

(b)     With regard to any deductible expenses (*i.e.* mortgage and property taxes), paid by Petitioner for which she is later reimbursed, the parties may mutually agree to file amended income tax returns for year(s) in which Petitioner made the foregoing payments, and the deductions shall then be allocated equally between the parties.

C.     The Court shall retain jurisdiction to resolve all issues concerning the listing, sale, and monthly expenses pending the sale, on an *ex parte* basis.

D.     In the event that either party fails to cooperate and the other party is required to seek Court relief, the non-cooperating party shall pay the actual attorney's fees of the other party who obtains relief from the Court.

23.     Except as otherwise stated herein, neither party shall be responsible for or owe to the other party any sum incurred or paid (by the party or on behalf of the party) for any expenses relating to any community asset or debt, or any term life insurance liability, for the period from 2004 through 2007.

24.     All right, title and interest in and to the following are confirmed to Petitioner as her sole and separate property, to the full extent of any separate property interest therein:

A.     All clothing, jewelry, personal effects and personal property in the name, possession, custody or control of Petitioner.

B.     Except only as otherwise provided herein, any and all cash and funds, shares, retirement accounts and interests in the name, possession, custody or control of Petitioner in any bank, savings and loan association, credit union, money market account, or other institution, investment or entity.

C.     Any and all real and personal property, and the proceeds thereof, acquired by Petitioner before the date of marriage and subsequent to the date of separation, or acquired during the marriage by gift or inheritance.

D.     All earnings of Petitioner subsequent to the date of separation.

25.     All right, title and interest in and to the following are confirmed to Respondent as his

BROT & GROSS, LLP
15260 Ventura Boulevard · Suite 1506
Sherman Oaks, California 91403-5314
(818) 594-0800 Fax (818) 594-0796

sole and separate property, to the full extent of any separate property interest therein:

    A.    All clothing, jewelry, personal effects and personal property in the name, possession custody or control of Respondent.

    B.    Except only as otherwise provided herein, any and all cash and funds, shares, retirement accounts and interests in the name, possession, custody or control of Respondent in any bank, savings and loan association, credit union, money market account, or other institution, investment or entity.

    C.    Any and all real and personal property, and the proceeds thereof, acquired by Respondent before the date of marriage and subsequent to the date of separation, or acquired during the marriage by gift or inheritance, including, but not limited to, the following:

    D.    All earnings of Respondent subsequent to the date of separation.

26.    Except as expressly set forth herein, any and all income, earnings, or other property received or acquired by either party on or after the date of separation of the parties, and the proceeds therefrom, are confirmed as the sole and separate property of the receiving or acquiring party.

27.    Petitioner and Respondent are ordered to cooperate in every manner to assist the other to secure any and all Social Security benefits to which that party may be entitled by reason of any past, present or future employment, or to which that party may be entitled by reason of marriage to Petitioner or Respondent herein.  Any and all Social Security benefits to which Petitioner and/or Respondent may be entitled are confirmed to the respective party as such party's sole and separate property.

28.    Except as otherwise provided herein, all property awarded, distributed or confirmed pursuant to this Judgment, together with all rents, issues and profits thereof payable thereafter (without any apportionment), and all accretions and increases therein, and all liabilities arising therefrom, is ordered to be and remain the recipient's separate property or liability, respectively, on the date of this Judgment.  Each party is ordered to deliver to the party to whom property is awarded, distributed or confirmed any and all documents and instruments necessary to effectuate transfer of title.  Each party is ordered to execute reasonable and customary documents in this regard promptly upon presentation. Except with regard to real property and the equalizing payment described herein, each party is ordered

BROT & GROSS, LLP
15260 Ventura Boulevard - Suite 1560
Sherman Oaks, California 91403-5348
(818) 594-0800 Fax (818) 594-0796

1 │ to deliver to the other party forthwith all assets in his or her possession, custody or control which are
2 │ awarded to the other party pursuant to this Judgment.

3 │ 　　29.　　Except as otherwise provided herein, the party receiving specific property under this
4 │ Judgment is entitled to, and the other party is ordered to transfer and assign to such party, all right, title
5 │ and interest in and to whatever insurance exists with respect to such property, and the benefits, if any,
6 │ with respect to the premiums previously paid on account of such insurance. The party receiving such
7 │ property and the insurance applicable thereto is ordered to be solely responsible for the payment of all
8 │ premiums after the date of this Judgment that are due in connection with such insurance policy if that
9 │ party shall decide, in that party's sole discretion, to maintain that policy.

10 │ 　　30.　　Except as otherwise provided herein, each party is ordered to assume and pay as and
11 │ when due the encumbrances and liens on any and all of the property awarded, confirmed or transferred
12 │ to such party herein. Each party receiving an asset subject to an encumbrance or lien is ordered to
13 │ indemnify and hold the other party harmless from any form of liability, claim, loss, cost or expense,
14 │ including attorney's fees and costs, in connection therewith.

15 │ 　　31.　　The Court finds that Petitioner and Respondent each represent and warrant that all of
16 │ the community debts, obligations, and liabilities of the parties have been paid, and that there are no
17 │ remaining community debts, obligations, or liabilities of the parties, except as otherwise expressly
18 │ provided herein.

19 │ 　　32.　　Petitioner is ordered to assume and pay the following debts, obligations and liabilities,
20 │ and to indemnify and hold Respondent harmless therefrom:

21 │ 　　　　A.　　Any and all debts, obligations and liabilities incurred by Petitioner at any
22 │ time, including, but not limited to, the loan taken on SCPMG Tax Savings Retirement.

23 │ 　　33.　　Respondent is ordered to assume and pay the following debts, obligations and
24 │ liabilities, and to indemnify and hold Petitioner harmless therefrom:

25 │ 　　　　A.　　Any and all debts, obligations and liabilities incurred by Respondent at any time.

26 │ 　　34.　　Except as otherwise expressly provided herein, each party is ordered to assume and pay
27 │ any and all debts, obligations, and liabilities including liens of any kind incurred by such respective
28 │ party, and to indemnify and hold the other party harmless therefrom.

BROT & GROSS, LLP
15260 Ventura Boulevard · Suite 1500
Sherman Oaks, California 91403-5348
(818) 594-0800 Fax (818) 594-0796

35.     Petitioner and Respondent are each respectively ordered to indemnify and hold the other harmless from any form of liability, claim, loss, cost or expense, including attorney's fees and costs, in connection with any and all such debts, obligations and liabilities assigned to such party pursuant to this Judgment.

36.     The Court finds that Petitioner and Respondent each represent and warrant that such party had and has no interest in or claim to any community property or quasi-community property, or any separate property in which there is a community property or quasi-community property interest, that has not been disclosed to the other party and distributed or confirmed pursuant to this Judgment.

37.     The Court finds that Petitioner and Respondent each represent and warrant that such party has not made, without the express and actual knowledge of the other, any gift or transfer of community property or quasi-community property within the past five (5) years for less than full and adequate consideration.

38.     In the event that additional assets of a community property or quasi-community property nature are subsequently discovered, the existence of which was in good faith unknown or forgotten by the parties, such assets shall be divided equally between the parties. In the event that it is subsequently discovered that either party held community property or quasi-community property or made a transfer or gift of such property contrary to the representations or warranties of the parties, the warrantor is ordered to immediately transfer or pay to the warrantee, at the warrantee's election in the warrantee's sole and unrestricted discretion, one of the following:

A.     One-half of the amount of the property, in kind, if it is reasonably susceptible to division and is in the warrantor's possession;

B.     One-half of the full fair market value of the property as of the date the Court signs this Judgment, less one-half of the encumbrances thereon existing as of the date of separation;

C.     One-half of the full fair market value of the property at the time the warrantee discovers the warrantor's ownership of the property or making of the gift, less one-half of the encumbrances thereon existing as of the date of separation; or

D.     One-half of the full fair market value of the property on the date of the Court determination that the warrantee is entitled to compensation for the warrantee's interest, less one-half

BROT & GROSS, L.L.P.
15260 Ventura Boulevard - Suite 1500
Sherman Oaks, California 91403-5348
(818) 594-0800 Fax (818) 594-0796

1   of the encumbrances thereon existing as of the date of separation.

2       39.    The Court retains jurisdiction to divide any after-discovered property pursuant to the

3   terms, conditions and provisions of this Judgment.

4       40.    The Court finds that Petitioner and Respondent each waive any and all rights and claims

5   against the other for reimbursement, credit, and offset including, but not limited to, the following:

6       A.    All claims and rights to reimbursement pursuant to *In re Marriage of Epstein*

7   (1979) 24 Cal.3d 76, 154 Cal.Rptr. 413, including, but not limited to, credits or reimbursement as a

8   result of the payment of community obligations since the date of separation.

9       B.    All claims and rights to credit pursuant to *In re Marriage of Watts* (1985) 171

10   Cal.App.3d 366, 217 Cal.Rptr. 301, including, but not limited to, credits or reimbursement as a result

11   of the use of community assets since the date of separation.

12       C.    All claims and rights to reimbursement and/or credit pursuant to *In re Marriage*

13   *of Jeffries* (1991) 228 Cal.App.3d 548, 278 Cal.Rptr. 830.

14       D.    All claims and rights to reimbursement pursuant to *Family Code* §2640 or

15   otherwise, for separate property contributed to the acquisition of maintenance of community property.

16       E.    All claims and rights to reimbursement from the other party or from the

17   community regarding loans or payments made to or on behalf of the parties and/or the community

18   estate prior to or subsequent to the date of separation through the entry of this Judgment including, but

19   not limited to, payment of mortgage payments, property taxes and/or insurance, medical/dental

20   reimbursements, and otherwise.

21       41.    In order to and to accomplish a substantially equal and mutually satisfactory division

22   of the community estate of the parties and all claims relating thereto, and in full, final and complete

23   settlement and satisfaction of any and all rights and claims including, but not limited to, any and all

24   rights and claims to property, regardless of how said property may be held or titled, whether

25   individually, jointly, in trust, or otherwise, debts, reimbursement, credit, offset, allocation, or breach

26   of any duty or obligation whatsoever, and in full, final and complete settlement and satisfaction of any

27   and all claims for support except as otherwise expressly provided herein, attorney's fees and costs,

28   and any and all other known and unknown claims, Petitioner shall pay to Respondent the sum of forty-

BROT & GROSS, LLP
15260 Ventura Boulevard - Suite 1500
Sherman Oaks, California 91403-5348
(818) 594-0800  Fax (818) 594-0796

1    seven thousand dollars ($47,000), directly from Petitioner's portion of the sale proceeds as stated

2    above, or from Petitioner's savings or other property, unless otherwise paid by Petitioner as set forth

3    hereinbelow.

4              A.      The sum of $47,000 specifically comprises an equalization payment of $35,000

5    for the 2003 Lexus GS 430, California license no. 5BRM420 as stated above, and a one-time lump

6    sum payment of $12,000.

7              B.      In the event Respondent is unable to secure employment for three (3) or more

8    months prior to the sale of the Vista Blanca residence and receipt of sale proceeds related thereto,

9    Petitioner shall pay to Respondent the foregoing sum of $47,000 from Petitioner's savings or other

10   property.

11   42.     The foregoing equalization payment is incident to divorce within the meaning of

12   *Internal Revenue Code* §1041 and is not includable by Respondent as income for federal and state

13   income tax purposes, and is not deductible by Petitioner from income for federal and state income tax

14   purposes.

15   43.     Petitioner shall provide tax free health insurance coverage and disability insurance

16   coverage of Respondent's choosing, and shall pay all premiums thereon for the benefit of Respondent,

17   at a monthly charge of $1,000. Petitioner shall deposit $1,000 per month into Respondent's separate

18   bank account no later than the end of the first (1st) week of each month, commencing in the month

19   immediately following the entry of the within Judgment. Petitioner shall provide such coverage until

20   Respondent reaches the age of 66.5 or qualifies for Medicare benefits, whichever first occurs.

21   44.     The Court finds that Petitioner and Respondent have jointly utilized the services of

22   Stephen Wurth Frazer and Torbet, as their Certified Public Accountants for the purposes of preparing

23   updated disclosure documents in connection with the settlement of the issues reflected in this

24   Judgment.

25   45.     Each party shall for the year 2005 and thereafter file separate income tax returns and

26   pay all income taxes with respect to such party's income. Petitioner shall indemnify Respondent, and

27   hold harmless from any liability or loss whatsoever, on account of any taxes on income heretofore or

28   hereafter earned or received by Petitioner. Respondent shall indemnify Petitioner, and hold her free

BROT & GROSS, LLP
15260 Ventura Boulevard - Suite 1500
Sherman Oaks, California 91403-5348
(818) 594-0800 Fax (818) 594-0796

BROT & GROSS, LLP
15260 Ventura Boulevard - Suite 1300
Sherman Oaks, California 91403-5348
(818) 594-0800 Fax (818) 594-6796

1 from any liability or loss whatsoever, on account of any taxes on income hereafter earned or received

2 by him.

3     46.    The parties have heretofore filed joint federal and state income tax returns(up to and

4 including calendar year 2004), and have filed estimated tax filings up to and including calendar year

5 2004. Thereafter (i.e., for calendar year 2005 and years subsequent), each party shall file separate tax

6 returns. With respect to the tax liabilities of each party, it is hereby agreed as follows:

7     A.    Each party shall pay for all taxes relating to each's first separately filed return

8 (year 2005) and continue to do so for future years and shall be entitled to take all related credits,

9 refunds etc.

10     B.    Pursuant to this agreement, if any amendments are made to the last jointly filed

11 return or earlier jointly filed returns the tax liability or refunds issued as a result shall be divided

12 equally between Petitioner and Respondent net of any reasonable fees and expenses.

13     C.    Likewise, if any assessment is made for federal, state or any other tax authorities

14 prior to the first separation filing of the parties to this agreement, Petitioner and Respondent shall have

15 equal right to defend or resist any such assessment, and the parties shall fully cooperate in any such

16 audit or procedures resulting from any taxpayer filing during the term of joint tax filing. Both shall

17 be allocated responsibility for costs and expenses relating to the defense of any tax filing, related post

18 audits if any and any other assessments. The liability for the taxpayers for the period of joint filing

19 shall be shared equally, unless a Court of competent jurisdiction determines otherwise.

20     D.    The parties shall cooperate to the fullest extent, and shall execute for each other

21 any other instruments requested by their respective counsel and exchange and supply information or

22 furnish testimony, in order to carry out the intention of this arrangement.

23     E.    In the defense of any proceedings to assess any tax liability, or in the institution

24 or prosecution of any claim or action for refunds, for any year prior to 2005, Petitioner shall have the

25 right to use the name of Respondent to the extent permitted by law.

26     47.    Petitioner warrants and represents that all income and expense information provided

27 by her in all joint income tax returns heretofore filed is true and complete. Respondent warrants and

28 represents that all income and expense information provided by him in all joint income tax returns

heretofore filed is true and complete. Petitioner and Respondent mutually warrant and represent that all liabilities thereon have been fully paid, and that there is no pending audit or examination of any of those returns. Consistent with the foregoing provision in this Judgment, Petitioner and Respondent shall pay all liabilities hereafter assessed or imposed with respect to such returns in equal proportion, and will indemnify each other against, and hold each other harmless from, all such liabilities and all expenses, losses, and damages that they may incur or sustain in connection with the returns, in equal proportion, unless a Court of competent jurisdiction determines otherwise. Both shall handle and defend all audits, examinations, suits, or other proceedings in connection with the returns, and equally shall share all costs and expense incurred thereto, unless a Court of competent jurisdiction determines otherwise. Both may select counsel or accountants of his or her choice, subject to approval by both. Both shall keep the other informed at all times of all communications and actions pertaining to the same. At either party's request the other shall participate therein and execute instruments to the extent reasonably required by such attorney or accountant. All refunds recovered with respect to such returns shall belong equally to the Petitioner and Respondent. Both Petitioner and Respondent will promptly sign or endorse any receipts, vouchers, or refund checks required to effect the equal collection of such refunds.

48.    Any deficiency or refund in tax determined to be due or payable with respect to joint income tax returns heretofore filed by the parties may be allocated between Petitioner and Respondent at the discretion of the parties. If both parties agree then such discretionary allocation shall depend upon whether the deficiency or refund is attributable to items of income, deduction, credit, or exemption of Petitioner or Respondent. The parties may agree that the computation be made by an accounting firm to be mutually agreed upon by the parties. When such computation is certified by that firm to Petitioner and Respondent it shall be binding and conclusive upon them.

49.    Each of the parties shall file separate income tax returns and pay all income taxes due with respect   to his or her income from the date of the first separate tax filing (tax year 2005). Each party shall indemnify the other, and hold the other free from any liability or loss whatsoever, on account of any taxes on income heretofore or hereafter earned or received by that party.

50.    Income tax liability/liabilities will be construed to encompass not only the actual tax

BROT & GROSS, LLP
15260 Ventura Boulevard - Suite 1500
Sherman Oaks, California 91403-5348
(818) 594-0800 Fax (818) 594-6796

1  liability (as reported on tax returns or as assessed by taxing authorities), but also interest and penalties.

2  Income tax liability shall be construed as amounts after consideration of all tax attributes, income

3  items, expense items, profit and loss items, credits, refunds etc as defined by the Internal Revenue

4  Code and applicable law.

5        51.     The Court finds and orders that all of the transfers and payments herein provided

6  constitute a division of the parties' community assets and debts between them incident to divorce

7  within the meaning of *Internal Revenue Code* §1041, and not a sale or exchange of property. The

8  income tax basis of the community property and quasi-community property divided herein has not

9  changed by reason of said division. The parties are ordered not to seek a new income tax basis for any

10  community property and/or quasi-community property divided herein by reason of said division. If

11  either Petitioner or Respondent seeks a new income tax basis for any community property and/or

12  quasi-community property divided herein by reason of said division, then such party is ordered to

13  indemnify and hold the other harmless from any form of liability, claim, loss, cost or expense,

14  including attorney's fees and costs, in connection therewith including, but not limited to, any and all

15  claims against the other by or on behalf of any local, county, state or federal taxing agency or authority

16  for any tax liability including, but not limited to, tax, surtax, interest, penalties and assessments. The

17  parties may however, adjust basis of primary home pursuant to Internal Revenue Service Publication

18  551 Contents Rev May 2002 Cat No. 15094C. A party adjusting basis pursuant to this provision

19  agrees to indemnify and hold harmless from any liability, claim, loss, cost or expense including

20  attorney's fees and costs in connection with such adjustment.

21        52.     Except as otherwise provided herein above, Petitioner and Respondent are each ordered

22  to assume and pay such party's own respective attorney's fees and costs incurred herein.

23        53.     Petitioner and Respondent are each ordered not to incur any debt, obligation, or liability

24  as to which the other is or may be liable, other than those expressly made a part of this Judgment.

25  Each party is ordered to solely assume and pay any and all debts, obligations, and liabilities incurred

26  by such party after the date of separation, and to indemnify and hold the other harmless from any form

27  of liability, claim, loss, cost or expense, including attorney's fees and costs, in connection with any and

28  all such debts, obligations, and liabilities.

BROT & GROSS, LLP
15260 Ventura Boulevard - Suite 1500
Sherman Oaks, California 91403-5348
(818) 594-0800 Fax (818) 594-0796

54.     The Court finds that Petitioner and Respondent each acknowledge that he and she, respectively, have been informed as follows:

> Although an obligation based upon a contract is assigned to one party
> as part of the division of the community pursuant to *Family Code*
> section 2500 *et seq.*, in the event that the party to whom the obligation
> was assigned defaults on the contract, the creditor may have a cause of
> action against the other party.

Petitioner and Respondent acknowledge that this Judgment between them is not binding on third parties in this regard. In the event that a third party seeks to hold one party liable on any debt, liability or obligation assigned to the other party pursuant to this Judgment, then the indebted party is ordered to indemnify and hold the other harmless from any form of liability, claim, loss, cost or expense, including attorney's fees and costs, in connection with any and all such debts, obligations, and liabilities.

55.     The Court finds that the division of the parties' community property, quasi-community property, and debts, obligations, and liabilities is fair, just and equitable, and represents a substantially equal and mutually satisfactory division of the parties' community and quasi-community properties, debts, obligations, and liabilities.

56.     The Court finds that Petitioner and Respondent specifically intend this Judgment to be a final and complete settlement of all of their rights, claims and obligations arising out of their marriage and otherwise including, but expressly not limited to, any and all claims for property, income, reimbursement, credit, offset, allocation, or breach of any duty or obligation whatsoever. The Court finds that except only as otherwise expressly provided herein, Petitioner and Respondent, respectively, release the other, and the other's heirs, representatives, attorneys, accountants, executors, administrators and assigns, of and from any and all debts, obligations, liabilities, claims, demands, actions and causes of action of every kind, type or nature, without limitation, which either party has or may claim to have against the other.

57.     In connection with the immediately preceding Release, except only as otherwise provided therein, the Court finds that Petitioner and Respondent each expressly waive all claims,

BROT & GROSS, LLP
15260 Ventura Boulevard - Suite 1500
Sherman Oaks, California 91403-5348
(818) 594-0800 Fax (818) 594-0796

BROT & GROSS, LLP
15260 Ventura Boulevard - Suite 1500
Sherman Oaks, California 91403-5348
(818) 594-0800 Fax (818) 594-0796

1   known and unknown; that each has acknowledged the risk of waiving a remedy for losses that are

2   unknown and unanticipated at the time of execution of this Judgment; that each has had the

3   opportunity to receive the benefit of legal counsel and to be fully advised in connection with the waiver

4   of unknown and unanticipated claims; and that each nonetheless desires to waive any and all such

5   claims freely, knowingly, and voluntarily. Accordingly, the Court finds that Petitioner and Respondent

6   each knowingly, voluntarily and expressly waive the provisions of *California Civil Code* section 1542

7   which provides as follows:

8          "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS

9          WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO

10          EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE

11          RELEASE, WHICH IF KNOWN BY HIM MUST HAVE

12          MATERIALLY AFFECTED HIS SETTLEMENT WITH THE

13          DEBTOR."

14       58.    With regard to any and all actual and potential debts, obligations, liabilities,

15   representations and warranties set forth in this Judgment, Petitioner and Respondent are each

16   respectively ordered to indemnify and hold the other harmless from any form of liability, claim, loss,

17   cost or expense, including attorney's fees and costs, in the event a claim is made against the other in

18   connection therewith.

19       59.    If the parties at any time after the date of this Judgment reconcile, whether conditionally

20   or unconditionally, or should they cohabit with each other, or from time to time sojourn together, or

21   remarry each other, notwithstanding any such reconciliation, cohabitation, sojourning, or remarriage,

22   this Judgment including, but expressly not limited to, all property transfers made or agreed or ordered

23   to be made, payments made or ordered or agreed to be made, and all rights resolved, shall remain in

24   full force and effect until modified by another written agreement specifying the fact of reconciliation,

25   cohabitation, sojourning and/or remarriage, and executed by both Petitioner and Respondent.

26       60.    The Court finds that each party expressly waives any and all rights to inherit from the

27   estate of the other at such other party's death or to receive in any manner any property of the other

28   either under the laws of succession or community property laws, unless under a will executed

subsequent to the date of this Judgment; to take property from the other by devise or bequest unless under a will executed subsequent to the date of this Judgment; to claim any probate family allowance or a probate homestead; or to act as a personal representative unless under a will executed subsequent to the effective date of this Judgment.

61.    This Judgment shall be binding on and shall inure to the benefit of the respective legatees, devises, heirs, executors, administrators, assigns, and successors-in-interest of the parties, respectively.

62.    If any provision in this Judgment is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall nevertheless continue in full force and effect without being impaired or invalidated in any manner.

63.    The Court finds that the parties expressly intend that this Judgment is a full, complete, and final adjustment of all the rights and claims of the parties, and that the provisions hereof expressly supersede any and all prior agreements between the parties, whether written or oral. This Judgment contains the entire agreement and understanding of the parties, and each party expressly acknowledges and agrees that such party is not relying upon any representation, warranty, statement, promise or any other matter which is not expressly set forth in this Judgment. No such representation, warranty, statement, promise or any other matter is relevant or material to the execution or interpretation of this Judgment unless expressly set forth herein.

64.    No waiver of any breach or default hereunder shall be deemed a waiver of any subsequent breach or default.

65.    This Judgment has been prepared by the joint efforts of the parties and their respective representatives, if any. This Judgment shall be interpreted fairly and simply, and not strictly for or against either of the parties.

66.    This Judgment cannot be altered, amended, modified or terminated except by an instrument in writing executed by both Petitioner and Respondent, and signed by the above-entitled Court.

67.    This Judgment is made and effective in the State of California, and concerns matters and transactions arising and occurring within the State of California. This Judgment, as well as its

BROT & GROSS, LLP
15260 Ventura Boulevard - Suite 1500
Sherman Oaks, California 91463-5548
(818) 591-0800 Fax (818) 594-0790

validity, interpretation and enforcement, shall be subject to and governed by the laws of the State of California.

68.    Any changes in California and/or federal law subsequent to this Judgment, whether through legislation, judicial interpretation or otherwise, that acknowledge, find or create additional or different rights and obligations of the parties, shall not affect this Judgment. The Court finds that any and all such additional rights and obligations are expressly waived by each of the parties, respectively.

69.    In the event that either party successfully has all or any portion of the Judgment set aside for any reason then each party retains any and all rights against the other as though this Judgment had never been signed, and in that regard neither party may assert or raise the Statute of Limitations as a defense.

70.    Each party is ordered to cooperate fully to avoid court appearances and proceedings otherwise unnecessary; each party is ordered to make, execute and deliver any and all instruments and documents, and to perform any and all other acts, necessary or convenient to carry out the terms or intent of this Judgment. If either of the parties fails to execute any instrument or document necessary or convenient to carry out the terms or intent of this Judgment, on *ex parte* notice with any required notice to the other party of application to a court of competent jurisdiction, the Court shall appoint the clerk or assistant clerk of the court to execute any and all documents for and on behalf of the party failing or refusing to execute any such document, and/or make such other orders as are necessary or convenient to carry out the terms or intent of this Judgment.

71.    In the event any action whatsoever is taken by either party to enforce any provision of this Judgment, the prevailing party shall be awarded and shall recover from the other reasonable attorney's fees in addition to any and all other relief awarded.

72.    The Court reserves jurisdiction over any and all property to be divided pursuant to any provision of this Judgment, and over any and all other executory provisions of this Judgment.

///

///

///

///

BROT & GROSS, LLP
15260 Ventura Boulevard - Suite 1500
Sherman Oaks, California 91403-5348
(818) 594-0800 Fax (818) 594-0795

IN RE MARRIAGE OF VYAS
JUDGMENT. lrev6SV.wpd 092909.1225 MAL                     CASE NO. 03 D 010337

1    73.    The Court finds that the parties stipulate and agree that this cause may be tried as an

2    uncontested matter; waive the right to notice of trial, to request a statement of decision, to move for

3    reconsideration or a new trial, and to appeal, and waive the time periods in which any of said rights

4    may be exercised; and stipulate and agree that this matter may be tried by a commissioner sitting as

5    a temporary judge.

6    APPROVED AS TO FORM AND CONTENT:

7    DATED: SEPTEMBER ~~OCTOBER~~ 27, 2009               DATED: SEPTEMBER ___, 2009

8

9    _Sujata Vyas_                                        FACSIMILE SIGNATURE ATTACHED
     _____                         _____
     SUJATA VYAS                                         BHASKAR VYAS
10   Petitioner                                          Respondent

11   APPROVED AS TO FORM:

12   DATED: SEPTEMBER 2009                                DATED: SEPTEMBER ___, 2009

13   BROT & GROSS, LLP                                    LAW OFFICE OF JOHN J. GILLIGAN

14

15   By:                                                  FACSIMILE SIGNATURE ATTACHED
     _____                   By: _____
16   RONALD F. BROT                                       JOHN J. GILLIGAN
     Attorneys for Petitioner                             Attorneys for Respondent
17   SUJATA VYAS                                          BHASKAR VYAS

18

19        IT IS SO ORDERED.

20   DATED:

21

22                                   NANCY A. POLLARD
                                     JUDGE
23                                   ORANGE COUNTY SUPERIOR COURT

24

25

26

27

28

BROT & GROSS, LLP.
15260 Ventura Boulevard · Suite 1500
Sherman Oaks, California 91403-5343
(818) 594-0300 Fax (818) 594-0796

1  failing or refusing to execute any such document, and/or make such other orders as are necessary or
2  convenient to carry out the terms or intent of this Judgment.
3     71.    In the event any action whatsoever is taken by either party to enforce any provision of
4  this Judgment, the prevailing party shall be awarded and shall recover from the other reasonable
5  attorney's fees in addition to any and all other relief awarded.
6     72.    The Court reserves jurisdiction over any and all property to be divided pursuant to any
7  provision of this Judgment, and over any and all other executory provisions of this Judgment.
8  ///
9  ///
10 ///
11 ///
12    73.    The Court finds that the parties stipulate and agree that this cause may be tried as an
13 uncontested matter, waive the right to notice of trial, to request a statement of decision, to move for
14 reconsideration or a new trial, and to appeal, and waive the time periods in which any of said rights
15 may be exercised; and stipulate and agree that this matter may be tried by a commissioner sitting as
16 a temporary judge.
17 APPROVED AS TO FORM AND CONTENT:
18 DATED: ~~SEPTEMBER~~ October 27, 2009        DATED: ~~SEPTEMBER~~ October 26, 2009

20 _Sujata Vyas_                    _Bhaskar Vyas_
   SUJATA VYAS                      BHASKAR VYAS
21 Petitioner                      Respondent

22 APPROVED AS TO FORM:
23 DATED: SEPTEMBER ___, 2009       DATED: ~~SEPTEMBER~~ October 24, 2009
24 BROT & GROSS, LLP                LAW OFFICE OF JOHN J. GILLIGAN
25
26 By:_____              By:_____
27 RONALD F. BROT                   JOHN GILLIGAN
   Attorneys for Petitioner         Attorneys for Respondent
28 SUJATA VYAS                      BHASKAR VYAS

BROT & GROSS, LLP
15260 Ventura Blvd - Suite 1560
Sherman Oaks, California 91403-5349
(818) 304-0600 Fax (818) 304-4796