**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR. SUJATA VYAS, an individual, | CV 15-02152 RSWL (DFMx) |
| Plaintiff, | **ORDER Re: MOTION TO DISMISS OF DEFENDANT BHASKAR VYAS AS TO FIRST AMENDED COMPLAINT [FRCP 12(b)(1) AND 12(b)(6)]** |
| v. | |
| BHASKAR VYAS, an individual; NANCY BUNN, an individual; LOCKHEED MARTIN PENSION PLAN AND CHAMBERS QDRO CONSULTING SERVICES, LLC; CHARLES SCHWAB AND SCHWAB RETIREMENT PLAN SERVICES COMPANY AS PLAN ADMINISTRATOR; and DOES 1 through 100, inclusive, | **[27]** |
| Defendants. | |

Currently before the Court is Defendant Bhaskar Vyas's ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint [27] ("Motion").  The present Motion stems from a pension and securities fraud action arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") and the U.S. Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5.  Plaintiff Dr. Sujata Vyas

1

("Plaintiff") filed this Action claiming undisclosed and undivided community assets in the form of a Lockheed Martin Pension Plan ("Lockheed Plan") and Rollover Individual Retirement Accounts ("Rollover IRAs") that Defendant Bhaskar Vyas ("Defendant") allegedly concealed from Plaintiff during their divorce proceedings in state court.  For the reasons set forth below, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion.

## I.    BACKGROUND

Plaintiff is a California resident who married Defendant in 1981.  First Am. Compl. ("FAC") 10:8-11:6, ECF No. 19.  Their divorce was finalized in 2009.  Id. During their marriage, Plaintiff and Defendant accumulated assets, specifically in the form of the Lockheed Plan and Rollover IRAs.  Plaintiff alleges she is the alternate payee of these ERISA assets, and Defendant is the beneficiary.  Id.

On December 21, 2015, the Orange County Superior Court Family Law Division finalized the division of the parties' marital assets, which was reflected in the Qualified Domestic Relations Order ("QDRO").  Id. However, neither the Lockheed Plan nor the Rollover IRAs appear on the QDRO, because, as Plaintiff alleges, Defendant concealed these plans from Plaintiff throughout all court-mandated disclosures and proceedings.  Id. at 10:8-12:20.  Plaintiff maintains that she only recently learned of these plans when Nancy Bunn ("Bunn"), the jointly stipulated QDRO attorney,

1  discovered them whilst drafting and filing the QDRO
2  documents.   Id. at 15:12-16:11.   Thus, the assets have
3  not been presented to any state court.   Id.   Plaintiff
4  argues generally that Defendant's failure to disclose
5  the assets violates both ERISA and federal securities
6  laws.   Id.

7      In August 2014, Plaintiff claims that Defendant
8  gained discretionary control of the Lockheed Pension
9  Plan when he became eligible to take a lump sum
10 distribution or an annuity.   Id. at 13:2-23.   Plaintiff
11 contends that this qualifies Defendant as a fiduciary
12 with respect to this Plan under ERISA and federal
13 securities regulations.   Id.   In addition, Plaintiff
14 argues that Defendant is a fiduciary of any and all
15 undisclosed Rollover IRAs.   Id.

16     On an undisclosed date, Plaintiff filed a Notice of
17 Objection to the QDRO at the Orange County Family Law
18 Court.   Id. at 18:1-17.   Furthermore, Plaintiff
19 maintains that she made multiple attempts, to no avail,
20 to add the missing plans by calling Bunn.   Id.   On
21 December 21, 2015, the Orange County court finalized the
22 QDRO.   Id. at 18:18-19:2.   Plaintiff alleges that the
23 court never provided her the opportunity to be heard
24 before issuing the final order.   Id.
25 //
26 //
27 //
28 //

## II.    DISCUSSION

**A.    <u>Legal Standards</u>**

1.    <u>Federal Rules of Civil Procedure Rule 12(b)(1)</u>

Federal Rules of Civil Procedure Rule 12(b)(1) allows a litigant to seek dismissal of an action for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of standing pertains to the Court's subject matter jurisdiction, and is properly raised under Federal Rule of Civil Procedure 12(b)(1). <u>White v. Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000).  The party bringing the action bears the burden of establishing standing. <u>DaimlerChrysler Corp. v. Cuno</u>, 547 U.S. 332, 342 (2006).  If a plaintiff lacks standing, the court has no subject matter jurisdiction over the case and must dismiss it. <u>See Cole v. Oroville Union High Sch. Dist.</u>, 228 F.3d 1092, 1099 (9th Cir. 2000).

A facial challenge to the Court's subject matter jurisdiction asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004).  When evaluating a facial attack on the court's subject matter jurisdiction, the court "must accept all of the plaintiff's factual allegations as true." <u>Dreier v. United States</u>, 106 F.3d 844, 847 (9th Cir. 1996) (citations and quotation marks omitted).  By contrast, in a factual attack, the challenger disputes the truth

4

1  of the allegations that, by themselves, would otherwise

2  invoke federal jurisdiction.  <u>Safe Air</u>, 373 F.3d at

3  1039.

4        2.   <u>Federal Rules of Civil Procedure Rule 12(b)(6)</u>

5        Federal Rules of Civil Procedure Rule 12(b)(6)

6  allows a party to move for dismissal of one or more

7  claims if the pleading fails to state a claim upon which

8  relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To

9  survive a motion to dismiss on 12(b)(6) grounds, a

10 complaint must "contain sufficient factual matter,

11 accepted as true, to state a claim to relief that is

12 plausible on its face."  <u>Ashcroft v. Iqbal</u>, 556 U.S.

13 662, 678 (2009) (internal quotation marks omitted).

14 Dismissal can be based on a "lack of a cognizable legal

15 theory or the absence of sufficient facts alleged under

16 a cognizable legal theory."  <u>Balistreri v. Pacifica</u>

17 <u>Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

18       In ruling on a 12(b)(6) motion, a court may

19 generally consider only allegations contained in the

20 pleadings, exhibits attached to the complaint, and

21 matters properly subject to judicial notice.  <u>Swartz v.</u>

22 <u>KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007).  A court

23 must presume all factual allegations of the complaint to

24 be true and draw all reasonable inferences in favor of

25 the non-moving party.  <u>Klarfeld v. United States</u>, 944

26 F.2d 583, 585 (9th Cir. 1991).

27       The question presented by a motion to dismiss is

28 not whether the plaintiff will ultimately prevail, but

1  whether the plaintiff has alleged sufficient factual
2  grounds to support a plausible claim to relief, thereby
3  entitling the plaintiff to offer evidence in support of
4  its claim.  Iqbal, 556 U.S. at 678; Swierkiewicz v.
5  Sorema N.A., 534 U.S. 506, 511 (2002).  While a
6  complaint need not contain detailed factual allegations,
7  a plaintiff must provide more than "labels and
8  conclusions" or "a formulaic recitation of a cause of
9  action's elements."   Bell Atl. Corp. v. Twombly, 550
10  U.S. 544, 555 (2007) (internal citation omitted).
11  However, a complaint "should not be dismissed under Rule
12  12(b)(6) 'unless it appears beyond doubt that the
13  plaintiff can prove no set of facts in support of his
14  claim which would entitle him to relief.'"  Balistreri,
15  901 F.2d at 699 (9th Cir. 1990) (citing Conley v.
16  Gibson, 355 U.S. 41, 45-46 (1957)).
17  **B.**  **Analysis**
18       1.   Subject Matter Jurisdiction and Standing
19       Federal courts have broad adjudicatory authority
20  over "all civil actions arising under the Constitution,
21  laws, or treaties of the United States."  Leeson v.
22  Transamerica Disability Income Plan, 671 F.3d 969, 974
23  (9th Cir. 2012) (quoting 28 U.S.C. § 1331).  Because of
24  this extensive power, jurisdictional dismissals in
25  actions predicated on federal questions are
26  "exceptional."  Safe Air for Everyone v. Meyer, 373 F.3d
27  1035, 1039 (9th Cir. 2004) (quoting Sun Valley Gasoline,
28                                  6

1  <u>Inc. v. Ernst Enters., Inc.</u>, 711 F.2d 138, 140 (9th Cir.
2  1983)).   Consequently, a federal court may dismiss a
3  federal question claim for lack of subject matter
4  jurisdiction only (1) when the claim under the federal
5  statutes clearly appears immaterial and made solely for
6  the purpose of obtaining jurisdiction, or (2) the claim
7  is wholly insubstantial and frivolous.   <u>Leeson</u>, 671 F.3d
8  at 974.

9      The plaintiff bears the burden of establishing
10 standing at each and every stage of the litigation.
11 <u>Krottner v. Starbucks Corp.</u>, 628 F.3d at 1141.
12 Additionally, a plaintiff is required to establish
13 "'standing for each claim he seeks to press' and 'for
14 each form of relief that is sought.'"   <u>Davis v. Fed.</u>
15 <u>Elec. Comm'n,</u> 554 U.S. 724, 734 (2008).   This analysis
16 requires "careful judicial examination of complaint's
17 allegations."   <u>Allen v. Wright</u>, 468 U.S. 737, 752
18 (1984).

19          a.   *Plaintiff Has Standing to Bring Her ERISA*
20               *Claims*

21      Plaintiff alleges she is a "beneficiary" or
22 "alternate payee" of the Lockheed Pension Plan and the
23 Rollover IRAs under ERISA.   FAC 4:26-5:2, 37:1-9, 49:23-
24 26, 53:5-17.   Plaintiff alleges Defendant is a fiduciary
25 with respect to these assets, and is liable to Plaintiff
26 for breaches of his fiduciary duty.   <u>Id.</u>   Defendant
27 argues that Plaintiff lacks standing to claim

28                          7

1  beneficiary status to the Lockheed Plan under ERISA
2  because she is not recognized by ERISA as a
3  "participant," "beneficiary," or "alternate payee."
4  Mot. 11:24-26 (discussing <u>Local 159 v. Nor-Cal Plumbing</u>,
5  185 F.3d 978).  Instead, Defendant maintains that
6  Plaintiff is a "nonparticipant spouse," on whom ERISA
7  does not confer beneficiary status unless there is a
8  QDRO that explicitly confers such status.  <u>Id.</u> at 14:18-
9  15:2.  Further, Defendant argues that Plaintiff is
10 alleging legal conclusions, rather than facts, when
11 recognizing herself as a "beneficiary" (in relation to
12 the Lockheed Martin Pension Plan and IRA Rollovers) and
13 as an "alternate payee" (in relation to only the
14 Lockheed Martin Pension Plan).  <u>Id.</u> at 11:15-18.
15 Defendant argues that since the QDRO does not specify
16 Plaintiff's relation to these plans, she lacks standing.
17 <u>Id.</u>

18     The Supreme Court has explained that "[t]he express
19 grant of federal question jurisdiction in ERISA is
20 limited to suits brought by certain parties . . . ."
21 <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>,
22 463 U.S. 1, 21 (1983).  Specifically, "a federal court
23 has no jurisdiction to hear a civil action under ERISA
24 that is brought by a person who is not a 'participant,
25 beneficiary, or fiduciary.'"  <u>Harris v. Provident Life &</u>
26 <u>Accident Ins. Co.</u>, 26 F.3d 930, 933 (9th Cir. 1994).
27 //
28                              8

Whether a party is a "beneficiary" or "participant" within the meaning of ERISA is an issue that has previously been raised within both a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, arising from a lack of standing, as well as a Rule 12(b)(6) motion to dismiss for failure to state a claim, specifically, failure to plausibly allege "beneficiary" status as an element of an ERISA claim. See Freeman v. Jacques Orthopaedic & Joint Implant Surgery Med. Grp., Inc., 721 F.2d 654, 655–56 (9th Cir. 1983) (holding that the district court lacked subject matter jurisdiction because the plaintiff was not a participant in the plan as defined in § 1002(7)); Harris v. Provident Life Accident Ins. Co., 26 F.3d 930, 934 (9th Cir. 1994) (concluding that "a federal court has no jurisdiction to hear a civil action under ERISA that is brought by a person who is not a 'participant, beneficiary, or fiduciary.'" (quoting Franchise Tax Bd., 463 U.S. at 27, 103 S.Ct. 2841)); Curtis v. Nevada Bondong Corp., 53 F.3d 1023, 1027 (9th Cir. 1995) (holding that "a plaintiff's standing under section 1132(a)(1) is a prerequisite to ERISA jurisdiction."); contra Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428 (2011); Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010).

However, the Ninth Circuit recently resolved this "'subject-matter jurisdiction / ingredient-of-claim-for-relief dichotomy,'" addressing a "muddled state of the

9

case law" by reviewing and interpreting precedent, including the Supreme Court's ruling in <u>Arbaugh v. Y&H Corp.</u>, 126 S/ Ct. 1235 (2006).  <u>See Leeson</u>, 671 F.3d at 976.  The Ninth Circuit held that a dismissal based on a plaintiff's failure to satisfy ERISA's definition of the term "participant" would be properly viewed as a dismissal for failure to state of claim, "rather than a dismissal for lack of subject matter jurisdiction." <u>Vaughn v. Bay Environmental Management, Inc.</u>, 567 F.3d 1021, 1023 (9th Cir. 2008).  Specifically, the Ninth Circuit held that a dispute over ERISA "participant" or "beneficiary" status is a "merits-based determination, not a subject matter jurisdiction issue."  <u>Leeson</u>, 671 F.3d at 974 (quoting <u>Vaughn</u>, 567 F.3d at 1023).  In so holding, the Ninth Circuit overruled previous caselaw that held that participant status as defined by [ERISA] is a prerequisite to federal court subject matter jurisdiction.  <u>Leeson</u>, 671 F.3d at 977.

Accordingly, this Court finds that Plaintiff's standing is not defeated by her status as a "beneficiary" or "alternate payee" as defined by ERISA. This Court thus **DENIES** Defendant's Motion to Dismiss on these grounds.

//

//

//

//

    b.  *The Rooker-Feldman Doctrine Does Not Bar*
        *Plaintiff's Action*

Defendant then challenges Plaintiff's standing by
citing the Rooker-Feldman Doctrine for the proposition
that federal district courts do not have jurisdiction to
hear *de facto* appeals from state court judgements.  Mot.
9:19.  Defendant states that the Supreme Court is the
only federal court with jurisdiction to hear such an
appeal.  Id.  Rooker-Feldman arises out of Rooker v.
Fidelity Trust Co., 263 U.S. 413 (1923) and District of
Columbia Court of Appeals v. Feldman, 460 U.S. 462
(1983).  In Rooker, the Supreme Court held that a losing
plaintiff in state court is forbidden from bringing a *de*
*facto* appeal to federal district court to assert, as a
legal wrong, the state court's allegedly erroneous legal
rulings, in an attempt to vacate or set aside the
judgment.  263 U.S. at 415.  In Feldman, the Supreme
Court held that a federal district court has
jurisdiction to challenge the validity of a rule
discussed in state court, but lacks jurisdiction to
challenge an application of a rule in state court.  460
U.S. at 478.  The result of the Rooker-Feldman doctrine
is essentially that a losing party cannot appeal a state
court decision to a federal district court, regardless
of the presence of a federal question or diversity of
citizenship.  Furthermore, a losing party cannot make a
*de facto* appeal equivalent to a direct appeal to a

1    federal district court.

2         Here, this Court finds Plaintiff's suit is not a
3    forbidden *de facto* appeal of the earlier state court
4    judgment.   In bringing this suit, Plaintiff is pursuing
5    claims that are related to those previously litigated in
6    state court, however she is not seeking to re-litigate
7    those issues.   <u>See</u> FAC 68:5-15.   Rather, Plaintiff now
8    alleges that Defendant violated ERISA and federal
9    securities law by not disclosing certain property during
10   the state court proceedings.   <u>Id.</u>   When a plaintiff
11   "asserts as a legal wrong an allegedly illegal act or
12   omission by an adverse party, <u>Rooker-Feldman</u> does not
13   bar jurisdiction."   <u>Noel</u>, 341 F.3d at 1155.
14   Accordingly, this Court finds that Plaintiff's Action is
15   not barred by the <u>Rooker-Feldman</u> doctrine.

16            c.   *Plaintiff Lacks Standing Under SEC Rule*
17                 *10b-5 to Bring Her Securities Fraud Claims*

18        Section 10b and Rule 10b-5 both prohibit fraud "'in
19   connection with the purchase or sale' of securities."
20   <u>Blue Chip Stamps v. Manor Drug Stores</u>, 421 U.S. 723,
21   737-737 (1975).   Accordingly, "only actual purchasers
22   and sellers of securities have standing to bring private
23   civil suits for damages under section 10(b) and Rule
24   10b-5."   <u>Embraceable You Designs, Inc. v. First Fidelity</u>
25   <u>Group, Ltd.</u>, 2012 WL 6012852 at *4 (C.D. Cal. Dec. 3,
26   2012); <u>see</u> <u>Blue Chip Stamps</u>, 421 U.S. at 737-737;
27   <u>Birnbaum v. Newport Steel Corp.</u>, 193 F.2d 461 (2d Cir.

28                              12

1952); <u>Brown v. Kinross Gold, U.S.A.</u>, 343 F.Supp.2d 957
(D. Nev. 2004).   The Supreme Court has explained that
the aim of this limitation was to address concerns over
"vexatious litigation."   <u>Blue Chip Stamps</u>, 421 U.S. at
740.

Plaintiff argues that she has standing to bring
this action under SEC Rule 10b-5 because a contributory
pension plan is considered a security that is regulated
by federal securities law.   Pl.'s Opp'n at 8:13-18.
Plaintiff believes that since the Lockheed Pension Plan
is a contributory plan, Defendant's concealment of that
plan is an act of securities fraud.   <u>Id.</u>   Plaintiff
states that "Defendant traded, purchased, and sold
various securities on the IRAs and had discretionary
control over the investments in the Pension Plan."   FAC
64:23-28.   Defendant contests that there is not a
"purchase" or "sale" in relation to Plaintiff and the
assets in question.   Mot. 20:13-16.

Though Plaintiff alleges that Defendant traded,
purchased, and sold various securities, Plaintiff does
not allege anywhere in her FAC that she is an actual
purchaser or seller of securities.   As such, this Court
finds that Plaintiff has failed to demonstrate standing
under Rule 10b-5.   Accordingly, this Court **GRANTS**
Defendant's Motion to Dismiss Plaintiff's securities
claim for lack of subject matter jurisdiction.   This
Court thus dismisses claim eight, Plaintiff's securities

1   claim against Defendant.

2        2.   Defendant's 12(b)(6) Motion

3        Defendant seeks dismissal of Plaintiff's FAC,

4   pursuant to Rule 12(b)(6), on the grounds that each of

5   the five claims Plaintiff alleged against Defendant fail

6   to state a plausible claim for relief.  Mot. 13:15-18.

7             a.   *Claim I - Breach of Fiduciary Duty,*

8                  *Prohibited Transactions*

9        Plaintiff alleges that Defendant's concealment of

10  the Lockheed Pension Plan and the Rollover IRAs was a

11  prohibited transaction in violation of ERISA, which

12  provides: "[a] fiduciary with respect to a plan shall

13  not deal with the assets of the plan in his own interest

14  or for his own account."  FAC 68:4-16 (citing 29 U.S.C §

15  1106(b)(1)).

16       ERISA allows for a civil action to be brought by a

17  "participant or beneficiary to recover benefits due to

18  him under the terms of his plan, to enforce his rights

19  under the terms of the plan, or the clarify his rights

20  to future benefits under the terms of the plan."  Aetna

21  Health Inc. v. Davila, 542 U.S. 200, 210 (2004) (quoting

22  ERISA provision 29 U.S.C. § 1132(a)(1)(B)).

23  Essentially, "if a participant or a beneficiary believes

24  that benefits promised to him under the terms of the

25  plan are not provided, he can bring suit seeking

26  provision of those benefits."  Id.  Plaintiff need only

27  provide a "short and plain statement of the grounds for

28                              14

the court's jurisdiction in accordance with the Federal
Rules of Civil Procedure" and a plaintiff "must allege
facts, not mere legal conclusions." Bell Atlantic Corp
v. Twombly, 550 U.S. 544, 552 (2007).

This Court finds that Plaintiff alleges a viable
prohibited transaction claim.  Plaintiff alleges that
the "hidden" Rollover IRA's are covered by the ERISA
framework.  FAC 37:1-9.  Plaintiff then alleges that
Defendant was a fiduciary pursuant to ERISA § 3(21)(A)
at the time of the divorce proceedings.  Id. at 66:16-
20.  Finally, Plaintiff argues that by concealing the
Lockheed Pension Plan and other Rollover IRAs during the
divorce proceedings in state court, Defendant was
dealing with the assets in his own interest and for his
own account, which was a "clear breach" of his fiduciary
duty under ERISA.  Id.

The Court notes that Plaintiff is not required to
assert anything more than a "colorable claim" in order
to state a viable ERISA claim.  Leeson, 671 F.3d 969,
978 (9th Cir. 2012).  The Court finds Plaintiff has met
this burden.  Although the Ninth Circuit previously held
that a plaintiff was required to *prove* that he or she
was a participant to state a viable ERISA claim, the
court has since clarified that they are "reluctant to
infer such a restriction where Congress has not made it
explicit." Id. (quoting Payne v Peninsula School Dist.,
653 F.3d 863, 869 (9th Cir. 2011)).  Upon review of

1  Defendant's Motion, the Court finds Plaintiff alleged a
2  viable prohibited transaction claim, and thus **DENIES**
3  Defendant's Motion to Dismiss as to this claim.
4        b.  *Claim II - Breach of Fiduciary Duty,*
5          *Adverse Actions*
6      With her second cause of action, Plaintiff alleges
7  that Defendant breached his fiduciary duty by not
8  providing full disclosure of the Lockheed Martin Pension
9  Plan and Rollover IRAs, in violation of ERISA §§
10  406(b)(2), 104(b)(4), and 404(a)(1)(A).  FAC 68:18-69:2.
11      ERISA § 406(b)(2) "prohibits a fiduciary from
12  engaging in certain types of transactions with respect
13  to a plan:  A fiduciary with respect to a plan shall not
14  . . . in his individual or in any other capacity act in
15  any transaction involving the plan on behalf of a party
16  (or represent a party) whose interests are adverse to
17  the interests of the plan or the interests of its
18  participants or beneficiaries." <u>Barboza v. California</u>
19  <u>Ass'n of Professional Firefighters</u>, 799 F.3d 1257, 1269
20  (9th Cir. 2015); <u>see</u> 29 U.S.C § 1106(b)(2).  Section
21  404(a)(1)(A) provides that "a fiduciary shall discharge
22  his duties with respect to a plan solely in the interest
23  of the participants and beneficiaries and - (A) for the
24  exclusive purpose of: (i) providing benefits to
25  participants and their beneficiaries; and (ii) defraying
26  reasonable expenses of administering the plan."  29
27  U.S.C. § 1104(a)(1)(A).
28                16

1    Plaintiff states that Defendant failed to disclose
2 the Lockheed Martin Pension Plan and Rollover IRAs,
3 which constituted a fiduciary acting adversely to the
4 interests of a plan's beneficiary in a transaction.  FAC
5 68:21-23.  This Court finds that Plaintiff has
6 sufficiently alleged her claim for breach of fiduciary
7 duty in violation of ERISA §§ 406(b)(2) and
8 404(a)(1)(A).  This Court further finds Plaintiff failed
9 to allege any facts sufficient to support her claim that
10 Defendant violated section 104(b)(4).  Accordingly, this
11 Court **DENIES** Defendant's Motion as to claim two, on the
12 grounds that Plaintiff plausibly alleged Defendant
13 violated ERISA §§ 406(b)(2) and 404(a)(1)(A).

14        c.  *Claim V - Breach of Contract*

15    In California, a cause of action for breach of
16 contract requires proof of: (1) existence of a contract;
17 (2) plaintiff's performance or excuse for non-
18 performance; (3) defendant's breach; and (4) damages to
19 plaintiff as a result of the breach.  Firefighters v.
20 Maldonado, 70 Cal. Rptr. 3d 667, 679 (Cal. Ct. App.
21 2008).

22    Plaintiff alleges that Defendant has breached a
23 contract, specifically the "Request Court Order," by
24 failing to provide a full accounting of his assets.  FAC
25 70:6-16.  Plaintiff alleges that the "Request Court
26 Order" was a contract that instructed Defendant to
27 provide such an accounting.  Id.  Plaintiff claims that

28                           17

1   despite the "Request Court Order," Defendant concealed

2   various accounts, including the Lockheed Pension Plan

3   and Rollover IRAs.   Plaintiff argues Defendant's failure

4   to comply with the Request Court Order was a breach of

5   contract.   Id.   This Court finds Plaintiff has

6   sufficiently alleged her breach of contract claim, and

7   thus this Court **DENIES** Defendant's Motion as to this

8   claim.

9              d.   *Claim IX - Request for Remedies Under*

10                  *Various Equitable Theories*

11        With Plaintiff's ninth claim, the Court finds

12   Plaintiff has failed to state a plausible claim for

13   relief.   Plaintiff "requests remedies under various

14   equitable theories . . . Under the equitable common law

15   and equitable remedies under ERISA, Plaintiff requests

16   that adequate restitution, rescission and any other

17   equitable principles be applied to the various acts."

18   FAC 72:18-28.   Here, Plaintiff is inappropriately

19   seeking remedies rather than stating a claim for relief.

20   Thus, this Court should **GRANT** Defendant's Motion as to

21   Plaintiff's ninth claim for relief.

22   //

23   //

24   //

25   //

26   //

27   //

28                              18

**III.   CONCLUSION**

Based on the forgoing, this Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss [27]. The Court finds Plaintiff has sufficiently alleged standing to bring her ERISA claims against Defendant, however lacks standing to pursue her securities fraud claims.   Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss for lack of subject matter jurisdiction as to Plaintiff's securities claim, claim eight.   This Court **DENIES** Defendant's Motion to Dismiss for failure to state a claim as to claims one, two, and five.   This Court **GRANTS** Defendant's Motion as to Plaintiff's ninth claim for relief.


DATED: July 28, 2016            RONALD S.W. LEW
                                _____
                                **Honorable Ronald S.W. Lew**
                                Senior U.S. District Judge

19