LAW OFFICE OF JOSEPH CARPELLO
Joseph Carpello, 85190
jcarpello@brealaw.com
324 S. Brea Blvd
Brea, CA  92821
(714) 529-0111; (714) 529-7237 (Fax)

Attorneys for Defendant BHASKAR VYAS,
an Individual

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. SUJATA VYAS, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BHASKAR VYAS, an individual; NANCY BUNN an individual; LOCKHEED MARTIN PENSION PLAN AND CHAMBERS QDRO CONSULTING SERVICES, LLC; CHARLES SCHWAB AND SCHWAB RETIREMENT PLAN SERVICES COMPANY AS PLAN ADMINISTRATOR; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | CASE NO.: 8:15-cv-02152 RSWL(DFMx)<br><br>**DEFENDANT BHASKAR VYAS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

　　　Defendant BHASKAR VYAS answers the Second Amended Complaint ("SAC") as follows:

　　　1.　Answering paragraphs 1 and 2, Defendant lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

　　　2.　Answering paragraph 3, Defendant denies any factual basis for the identified claims for breach of fiduciary duty, fraud and theft.  As to the remaining

- 1 -

allegations, Defendant lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

3. Answering paragraph 4, Defendant lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

4. Answering paragraph 5, Defendant admits separation and divorce from Plaintiff. As to the remaining allegations, Defendant denies the allegations therein.

5. Answering paragraph 6, Defendant lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

6. Answering paragraph 7, Defendant admits separation and divorce from Plaintiff. Defendant admits appointment in divorce court of Nancy Bunn. As to the remaining allegations, Defendant lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

7. Answering paragraphs 8, 9 and 10, Defendant lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

8. Answering paragraph 11, Defendant denies the Court has jurisdiction under any provisions of ERISA as Plaintiff is not an ERISA covered beneficiary or alternate payee in regard to the claims against this answering Defendant. As to the remaining allegations, Defendant lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

9. Answering paragraphs 12 and 13, Defendant lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

10. Answering paragraph 14, Defendant admits marriage, separation and divorce from Plaintiff. As to the remaining allegations, Defendant denies the allegations therein.

11. Answering paragraphs 15, 16 and 17, Defendant denies the allegations therein.

12. Answering paragraphs 18 and 19, Defendant lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

13. Answering paragraph 20, Defendant admits appointment in divorce court of Nancy Bunn. As to the remaining allegations, Defendant lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

14. Answering paragraph 21, Defendant admits marriage to and separation from Plaintiff. As to the remaining allegations, Defendant denies the allegations therein.

15. Answering paragraph 22, Defendant denies the allegations therein.

16. Answering paragraphs 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36 and 37, Defendant lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

17. Answering paragraph 38, Defendant denies the allegations therein.

18. Answering paragraph 39, Defendant lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

19. Answering paragraph 40, Defendant denies Plaintiff is a beneficiary under State law or ERISA regulations. As to the remaining allegations, Defendant lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

20. Answering paragraphs 41, 42, 43 and 44, Defendant denies the allegations therein.

21. Answering paragraphs 45, 46 and 47, Defendant lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

22. Answering paragraph 48, Defendant denies the allegations therein.

23. Answering paragraphs 49, 50, 51, 52, 53, 54 and 55, Defendant lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

24. Answering paragraph 57, 58, 59 and 60, Defendant denies any acts of wrongdoing entitling Plaintiff to any penalties requested. As to the remaining

1    allegations, Defendant lacks information and belief sufficient to answer the
2    allegations and on that basis denies the allegations.

3    25.    Answering paragraph 61, Defendant lacks information and belief
4    sufficient to answer the allegations and on that basis denies the allegations.

5    26.    Answering paragraph 62, Defendant denies failing to provide or
6    concealing any information known to him.  As to the remaining allegations,
7    Defendant lacks information and belief sufficient to answer the allegations and on
8    that basis denies the allegations.

9    27.    Answering paragraph 63, Defendant denies failing to provide or
10   concealing any information known to him.  As to the remaining allegations,
11   Defendant lacks information and belief sufficient to answer the allegations and on
12   that basis denies the allegations.

13   28.    Answering paragraph 64, Defendant denies failing to provide or
14   concealing any information known to him.  Defendant denies Plaintiff is a
15   beneficiary under ERISA and State law.  As to the remaining allegations,
16   Defendant lacks information and belief sufficient to answer the allegations and on
17   that basis denies the allegations.

18   29.    Answering paragraph 65, Defendant denies the allegations therein.

19   30.    Answering paragraphs 66 and 67, Defendant admits appointment of
20   Nancy Bunn in divorce court.  As to the remaining allegations, Defendant lacks
21   information and belief sufficient to answer the allegations and on that basis denies
22   the allegations.

23   31.    Answering paragraphs 68, 69 and 70, Defendant lacks information and
24   belief sufficient to answer the allegations and on that basis denies the allegations.

25   32.    Answering paragraphs 71, 73 and 74, Defendant denies the allegations
26   therein.

27   33.    Answering paragraphs 72, Count VIII and Count IX of the SAC, said
28   claims were dismissed from the FAC by Court Order dated July 28, 2016, and

stricken from the SAC by Court Order dated May 8, 2017.  Defendant is not required to answer these allegations.

34. To the extent the SAC states against this answering Defendant "Counts I, II, V, VIII and IX (commencing at page 78), only Counts I, II and V remain following the Court Order dated July 28, 2016.  As to these remaining counts, Plaintiff asserts conclusions regarding liability and includes requested remedies. The Counts are based upon allegations included in previous paragraphs, and on that basis Defendant asserts the same answers provided hereinabove, and denies all allegations of wrongful conduct referred to in these Counts.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. Plaintiff's claims are barred for lack of federal question jurisdiction.

### Second Affirmative Defense

2. Plaintiff's claims are barred to the extent Plaintiff lacks standing and/or capacity as a plan beneficiary or alternate payee to assert claims under ERISA.

### Third Affirmative Defense

3. Plaintiff's claims are barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

4. Plaintiff's claims are barred by consent, acquiescence, waiver and release.

### Fifth Affirmative Defense

5. Plaintiff's claims are barred by her failure to mitigate damages.

### Sixth Affirmative Defense

6. Plaintiff's claims are barred in whole or part under the doctrine of judicial abstention.

### Seventh Affirmative Defense

7. Plaintiff's claims are barred or unenforceable under the doctrine of equitable estoppel.

**Eighth Affirmative Defense**

8. Plaintiff's claims are barred under applicable statutes of limitations, and/or under analogous California statutes of limitations.

**Ninth Affirmative Defense**

9. Plaintiff's claims are barred because the controversy between the parties is not of a character which admits of specific and conclusive relief by judgment within the field of judicial determination.

**Tenth Affirmative Defense**

10. Plaintiff's claims are barred under the doctrine of res judicata.

**Eleventh Affirmative Defense**

11. Plaintiff's claims are barred under the doctrine of collateral estoppel.

**Twelfth Affirmative Defense**

12. Plaintiff's claims are barred on the grounds that the District Court does not adjudicate matters involving marital relationships or marital property over which state courts have jurisdiction, and as between these litigants, the California Superior Court, Family Law Division, has already asserted jurisdiction over the parties and their property and issued orders and a valid final judgment requiring adjudication of matters relating to the parties' marital relationship and property in such state family court.

**Thirteenth Affirmative Defense**

13. Plaintiff's claims are barred or unenforceable under the doctrine of finality of judgments.

**Fourteenth Affirmative Defense**

14. Plaintiff's SAC fails to state a claim upon which relief may be granted.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing under the Second Amended Complaint;
2. That judgment be entered in favor of this answering Defendant and

against Plaintiff on the Second Amended Complaint;

3. For reasonable attorney's fees incurred in defending this action;

4. For costs of suit incurred herein; and

5. For such other and further relief as the court deems just and proper.

Dated:  May 22, 2017              LAW OFFICE OF JOSEPH CARPELLO


By: /s/ Joseph Carpello
    Joseph Carpello
    Attorney for Defendant, BHASKAR VYAS, an Individual