| | |
|---|---|
| DR. SUJATA VYAS, an individual, | ) CV 15-02152 RSWL (DFMx) |
| Plaintiff, | ) |
| v. | ) **ORDER re: DEFENDANT** |
| | ) **LOCKHEED MARTIN** |
| BHASKAR VYAS, an | ) **CORPORATION'S MOTION TO** |
| individual; NANCY BUNN, an | ) **DISMISS FOR LACK OF** |
| individual; LOCKHEED MARTIN | ) **PROSECUTION** [111] |
| PENSION PLAN AND CHAMBERS | ) |
| QDRO CONSULTING SERVICES, | ) |
| LLC; CHARLES SCHWAB AND | ) |
| SCHWAB RETIREMENT PLAN | ) |
| SERVICES COMPANY AS PLAN | ) |
| ADMINISTRATOR; COMMITTEE | ) |
| SOUTHERN CALIFORNIA | ) |
| PERMANENTE MEDICAL GROUP | ) |
| (SCPMG) PLAN ADMINISTRATOR; | ) |
| and DOES 1 through 100, | ) |
| inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Currently before the Court is Defendant Lockheed Martin Corporation's ("LMC") Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") for Lack of Prosecution pursuant to Federal Rules of Civil

1

Procedure Rule 41(b) [111].  Having reviewed all papers
submitted pertaining to this Motion, the Court **NOW
FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** LMC's
Motion.

## I. BACKGROUND

### A.  Factual Background

Plaintiff is a California resident who married
Defendant Bhaskar Vyas ("Defendant Vyas") in 1981.  SAC
¶ 21, ECF No. 63.  During the couple's marriage, from
October 1985 to February 1992, Defendant Vyas worked
for LTV Aerospace & Defense Corporation.  Defendant
Vyas, at some point during this time period, was
enrolled in the Lockheed Plan at issue in this suit,
although he claims to not have known about the Lockheed
Plan or his enrollment in it.

The couple separated in 2003, and in 2009, they
obtained a Judgment of Dissolution from the Orange
County Superior Court finalizing their divorce.  First
Am. Compl. ("FAC"), Ex. A, ECF No. 19.  Following the
Orange County Superior Court entering the Judgment of
Dissolution in 2009, court-appointed attorney Defendant
Nancy Bunn began drafting Qualified Domestic Relations
Orders ("QDROs") regarding the retirement plans to
which the couple contributed during the marriage.  SAC
¶ 7.  It was during this time that Plaintiff moved back
into the couple's home and discovered the existence of
the Lockheed Plan.  Id. ¶ 22.  Defendant Vyas claims
Plaintiff became aware of the Lockheed Plan when

Plaintiff opened a letter concerning the Lockheed Plan dated August 18, 2014, which LMC sent to the couple's home.

Following Plaintiff's discovery of the Lockheed Plan, on July 14, 2015, Plaintiff's counsel reached out to LMC to request information regarding the recently discovered Lockheed Plan. Pl.'s Opp'n to LMC's Mot. to Dismiss ("Opp'n"), Ex. A at 2, ECF No. 114-2. On July 21, 2015, in response, LMC sent Plaintiff's counsel a letter with the procedures for obtaining a QDRO related to the Lockheed Plan. Id. at 38-39.

On December 21, 2015, the Orange County Superior Court finalized the QDROs, which did not make mention of the Lockheed Plan. SAC ¶ 14. The Lockheed Plan does not appear on any QDRO because, as Plaintiff alleges, Defendant Vyas concealed the Lockheed Plan from Plaintiff throughout all court-mandated disclosures and proceedings. Id. ¶ 15.

**B.** **Procedural Background**

Plaintiff filed her original Complaint on December 28, 2015, which among others, identified Lockheed Martin Pension Plan as a named Defendant.[1] See Compl. ¶ 7, ECF No. 1. Plaintiff did not serve the Complaint on

---

[1] The Complaint named Bhaskar Vyas; Nancy Bunn, the court-appointed drafter of the couple's QDROs; Lockheed Martin Pension Plan and Administrator, the administrator of the Lockheed Plan; QDRO Consulting Services, LLC, another alleged administrator of the Lockheed Plan; and Kaiser Permanente Pension Plan and Administrator, an alleged administrator of the retirement plans named in the couple's QDROs; as Defendants.

any Lockheed Martin entity. Decl. of Joseph Faucher ("Faucher Decl.") ¶ 3, ECF No. 112. Plaintiff filed her FAC on April 5, 2016 [19].[2] The FAC sought relief against "Lockheed Martin Pension Plan." See FAC ¶ 18, ECF No. 19. Plaintiff did not serve the FAC on LMC. Faucher Decl. ¶ 4, ECF No. 112. Defendant Vyas filed a Motion to Dismiss Plaintiff's FAC on April 19, 2016 [27]. The Court granted in part and denied in part Defendant Vyas' Motion to Dismiss on July 28, 2016 with leave to amend [36].[3] Defendant Chambers QDRO Consulting Services, LLC ("Defendant Chambers") then filed its Motion to Dismiss Plaintiff's FAC on August 22, 2016 [42].

On October 6, 2016, the Court issued a Scheduling Order setting a May 30, 2017 discovery cut-off, an August 31, 2017 motion filing cut-off date, and a November 28, 2017 trial date [59]. The Court subsequently granted Defendant Chambers' Motion to Dismiss on November 3, 2016 with leave to amend [62].

---

[2] The FAC again named Bhaskar Vyas, Nancy Bunn, Lockheed Martin Pension Plan, and Chambers QDRO Consulting Services, LLC as Defendants. Plaintiff added Charles Schwab and Schwab Retirement Plan Services Company as Plan Administrator as a Defendant. Inexplicably, Plaintiff dropped Kaiser Permanente Pension Plan and Administrator from the suit, and the Court dismissed this entity on April 5, 2016.

[3] The Court granted Defendant Vyas' Motion to Dismiss as to Plaintiff's securities fraud claims [36]. However, the Court denied Defendant Vyas' Motion to Dismiss as to Plaintiff's ERISA claims.

Plaintiff filed her SAC on November 24, 2016 [63].[4]
Then, on December 15, 2016, the parties entered into a
stipulation allowing Plaintiff until January 15, 2017
to file a Motion for Leave to File a Third Amended
Complaint ("TAC") [68]. The stipulation also indicated
that Defendants would not be obligated to respond to
the SAC and would have 14 days from the filing of the
TAC to respond should the Court grant Plaintiff leave
to file the TAC. <u>See</u> Stip. at 2:7-16, ECF No. 68.

On December 16, 2016, the Court issued an Order
giving Plaintiff until January 13, 2017 to file her
Motion for Leave to File a TAC or a stipulation for an
order allowing filing of the TAC with a showing of good
cause [69]. The Order noted that if Plaintiff did not
file a motion for leave to file a TAC by January 13,
2017, Defendants would be required to respond to
Plaintiff's SAC by January 27, 2017. Order re Stip.
for Extension at 2:10-13, ECF No. 69. The Order
concluded that "further extension of the deadlines
discussed herein is DISFAVORED." <u>Id.</u> at 2:14.

Plaintiff filed her Motion for Leave to File a TAC

---

[4] The SAC again named Bhaskar Vyas, Nancy Bunn, Lockheed
Martin Corporation, Chambers QDRO Consulting Services, LLC, and
Charles Schwab and Schwab Retirement Plan Services, Inc. as
Defendants. The SAC added Committee Southern California
Permanente Medical Group (SCPMG) Plan Administrator as a
Defendant.

The SAC included securities claims against Defendant Vyas
that the Court had dismissed in its July 28, 2016 Order [36].
Defendant Vyas then filed a Motion to Strike Portions of the SAC
on January 27, 2017 [73].

on January 25, 2017 [70], 12 days after the Court's
deadline. Defendants Vyas filed a Motion to Strike
portions of Plaintiff's SAC on January 27, 2017 [73],
the deadline the Court provided in its December 16,
2016 Order [69]. Defendant Chambers filed a Motion to
Dismiss Plaintiff's SAC [77] on January 27, 2017.
Defendants Vyas and Chambers then filed their
Oppositions to Plaintiff's Motion for Leave to File a
TAC on February 14, 2017 [86, 87].

On May 8, 2017, the Court denied Plaintiff's Motion
for Leave to File her TAC [96]. That same day, the
Court also granted Defendant Chambers' Motion to
Dismiss with prejudice and granted Defendant Vyas'
Motion to Strike [96].[5]

Plaintiff served LMC with the SAC on June 8, 2017.
Faucher Decl. ¶ 18. The parties filed a stipulation on
June 27, 2017 to extend LMC's deadline to respond to
the SAC to July 31, 2017 [108]. LMC then filed the
instant Motion to Dismiss for Lack of Prosecution
("Motion") on July 7, 2017 [111]. Plaintiff filed her
Opposition on July 18, 2017 [114], and LMC filed its
Reply on July 25, 2017 [116].

---

[5] Following the Court's granting of Defendant Chambers'
Motion to Dismiss, the Court dismissed Defendant Chambers from
the suit on May 8, 2017. That same day, the Court also dismissed
Defendant Southern California Permanente Medical Group (SCPMG)
Plan Administrator. The remaining Defendants include Bhaskar
Vyas, Nancy Bunn, Charles Schwab and Schwab Retirement Plan
Services Company, and LMC.

# II. DISCUSSION

## A. **Legal Standard**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action with prejudice for failure to prosecute or failure to comply with any order of the court. Fed. R. Civ. P. 41(b).

> In determining whether to dismiss a claim for failure to prosecute, the court must weigh the following factors:
> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); see Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

## B. **Discussion**

### 1. Consideration of the Five Factors Warrants Dismissal

Despite her attempts to do so, Plaintiff fails to show sufficient cause as to why the Court should not dismiss this Action against LMC. Plaintiff gives no explanation or excuse for why she failed to serve LMC for 18 months, and instead, she tries to shift blame to the other Defendants, their actions leading up to the filing of this matter, and the "extremely heavy law and motion" that has transpired throughout this litigation. Opp'n at 11:12-16. In her attempt at blame-shifting, she ignores her own egregious actions and complete

failure to prosecute this Action against a defendant about which she was aware months prior to commencing this litigation.

Upon consideration of the five factors, as discussed below, the Court finds it appropriate to dismiss this Action under Rule 41(b).  <u>See</u> <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648 (9th Cir. 1991).

a.  *Public's Interest in Expeditious Resolution*

In looking to the first factor, "'The public's interest in expeditious resolution of litigation always favors dismissal.'"  <u>Pagtalunan</u>, 291 F.3d at 642.  The public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.  Federal Rules of Civil Procedure Rule 4(m) advances this interest by providing for dismissal with prejudice where the plaintiff does not serve the complaint on a defendant within 90 days. Fed. R. Civ. P. 4(m).[6]

Despite naming LMC in every iteration of the Complaint, Plaintiff did not serve the original Complaint or the FAC on LMC at any point in the litigation and waited seven months after filing the SAC

---

[6] Plaintiff erroneously relies on California Code of Civil Procedure section 583.210 to argue that plaintiffs have three years to serve a complaint on a defendant.  Opp'n at 5:11-14. "[S]tate procedural rules have no application in federal court." <u>Makaeff v. Trump Univ., LLC</u>, 715 F.3d 254, 273 (9th Cir. 2013). As such, the Court need not take into account this inapplicable citation.

to serve it on LMC.  In sum, it took Plaintiff 18 months to serve any complaint on LMC.

Plaintiff provides no excuse for her failure to serve the original Complaint or the FAC on LMC.  She instead argues that she could not serve LMC with the SAC because her Motion to File a TAC was pending, and the Court did not determine the operative complaint until May 2017.  However, Plaintiff fails to acknowledge that she filed her Motion to File a TAC nearly two weeks after the deadline the Court explicitly provided in its December 16, 2016 Order [69] thus forcing Defendants Vyas and Chambers to respond to the SAC and oppose her Motion to File a TAC simultaneously.

Moreover, she does not provide any support for her assertion that she could not serve LMC with the SAC while her Motion to File a TAC was pending.  Given the year-and-a-half delay in prosecuting her case against LMC and complete lack of a meritorious explanation for this delay, this factor weighs heavily in favor of dismissal.  See Anderson v. Air W., Inc., 542 F.2d 522, 525 (9th Cir. 1976) (affirming a district court's dismissal for lack of prosecution after the plaintiff waited a year to serve defendants and offered no explanation for the delay in service); Pearson v. Denny Dennison, 353 F.2d 24, 28 (9th Cir. 1965) (finding no abuse of discretion where district court dismissed case after plaintiff waited 15 months to serve a defendant).

### b. *Court's Need to Manage its Docket*

The Court is responsible for managing its docket "without being subject to routine noncompliance of litigants." Pagtalunan, 291 F.3d at 642. The Ninth Circuit has found that this factor "strongly favors dismissal" where the plaintiff's actions allow her to control the pace of the docket rather than the Court. Yourish, 191 F.3d at 990. Plaintiff asserts that the aggressive litigation of this matter, including multiple attacks to the Complaint, explain the delay in serving LMC. However, such motion practice has no bearing on her ability to serve LMC with any iteration of the Complaint.

What Plaintiff ignores, whether purposefully or not, is the fact that she has continuously disregarded the Court's orders and filing deadlines, instead choosing to conduct this litigation as she pleases. On December 15, 2016, the parties entered into a stipulation allowing Plaintiff until January 15, 2017 to file a motion for leave to file a TAC [68]. The Court issued an Order on December 16, 2016 giving Plaintiff until January 13, 2017 to file her Motion for Leave to File a TAC. Order re Stip. for Extension at 2:2-5. The Order noted that if Plaintiff did not file a motion for leave to file a TAC by January 13, 2017, Defendants would be required to respond to Plaintiff's SAC by January 27, 2017. Id. at 2:10-13. The Order concluded that "further extension of the deadlines

10

discussed herein is DISFAVORED." Id. at 2:14.

Despite this Order, Plaintiff filed her Motion for Leave to File a TAC on January 25, 2017 [70], 12 days after the Court's deadline and just two days before the deadline for Defendants to file their responsive pleadings. Because Plaintiff ignored this deadline and filed her Motion for Leave to File a TAC so close to the deadline for Defendants to file their responsive pleadings, Defendants were forced to concurrently respond to Plaintiff's SAC and oppose her Motion for Leave to File a TAC, unnecessarily expending the Court's resources and asserting control over the Court's docket.[7]

Then, after the Court issued its Order on May 8, 2017 denying Plaintiff's Motion for Leave to File a TAC [96], Plaintiff waited another month to serve LMC with the SAC. Plaintiff has yet to provide a reason for this delay, which resulted in service after the May 30, 2017 discovery cut-off.

Plaintiff, through her delay tactics, has been permitted to control the Court's docket for too long. As such, this factor weighs in favor of dismissal.

      *c.  Risk of Prejudice to LMC*

"[A] presumption of prejudice arises from failure

---

[7] Plaintiff also violated the Court's Order regarding Defendant Vyas' Motion to Dismiss Plaintiff's FAC [36] by including securities causes of action in her SAC that the Court previously dismissed. In doing so, Defendant Vyas was then forced to file a Motion to Strike Portions of the SAC [73].

11

to prosecute," and the burden of proving actual prejudice only shifts to the defendant after the plaintiff has provided a non-frivolous excuse for delay. <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 398 (9th Cir. 1998). As noted above, Plaintiff's excuses for her delay in serving LMC are weak at best and ignore her own delay tactics in direct violation of the Court's orders.

Nonetheless, LMC has provided evidence of actual prejudice. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial . . . ." <u>Adriana Int'l Corp. v. Thoeren</u>, 913 F.2d 1406, 1412 (9th Cir. 1990). Plaintiff's 18-month delay in serving LMC (and complete failure to serve either the Complaint or FAC) combined with the fact that Plaintiff served LMC after the discovery cut-off implicitly "impair[s] the defendant's ability to proceed to trial." <u>Id.</u>; <u>see</u> <u>Anderson</u>, 542 F.2d at 525 ("Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations."). Without the ability to conduct discovery, LMC cannot properly file dispositive motions or prepare for the November 2017 trial that is quickly approaching. Due to Plaintiff's unreasonable delay, for which she has provided no real explanation, this factor weighs in favor of dismissal. <u>See</u> <u>Pearson</u>, 353 F.2d at 28 (Delay "result[s] in an inordinate use of the court's time, to the prejudice of other

litigants.").

d. *Availability of Less Drastic Alternatives*

Plaintiff, in her Opposition, fails to provide a single less drastic alternative to dismissal. Instead, she offers that the delays in litigation were due to "extremely heavy law and motion" and that because she "served Lockheed well within the three year statute [of limitations]," any sanctions, including dismissal, "are not warranted." Opp'n at 11:13-18. Plaintiff is again relying on inapplicable California Civil Procedure in her argument and does nothing to rebut LMC's argument that less drastic alternatives would be inadequate.

While Plaintiff offers no alternatives to dismissal, LMC notes that short of a dismissal, this Court has the ability to sanction Plaintiff monetarily or to extend the discovery cut-off and continue the trial date. The Court agrees with LMC's argument that monetary sanctions would not rectify the delay in service and would put LMC in no better place than it was prior to filing this Motion.

Additionally, at this point, no party has requested an extension of the discovery cut-off or a continuance of the trial date, and Plaintiff even explicitly states in her Opposition that she is not requesting an extension at this time. Opp'n at 6:25-27. Even if the Court were to continue the trial date, doing so would only reward Plaintiff's delay tactics and failure to abide by this Court's orders. Plaintiff waited 18

months to serve LMC, an entity with which she was familiar even prior to the initiation of this litigation,[8] and continuously violated the Court's Orders resulting in further unnecessary motion practice and litigation. Such bad faith actions should not be rewarded. See Chapman v. Krutonog, No. 08-00579 HG-KSC, 2013 U.S. Dist. LEXIS 128965, at *11 (D. Haw. Sep. 9, 2013) (considering less drastic alternatives and holding that this factor weighed in favor of dismissal due to Plaintiff's dilatory conduct throughout the litigation); Anderson, 542 F.2d at 526 (finding that "though dismissal is a harsh remedy" it is appropriate when a plaintiff unreasonably delays serving a defendant).

Plaintiff notes that an appellate court reviewing the district court's dismissal for failure to prosecute will consider whether the court warned the plaintiff of the possibility of dismissal prior to ordering dismissal. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217 (9th Cir. 2006). However, she ignores precedent LMC cites where the Ninth Circuit specifically rejected the need for "an express warning regarding the possibility of dismissal . . . when

---

[8] In Exhibit 2 to her Opposition, Plaintiff includes correspondence with LMC she sent prior to the commencement of this litigation. While Plaintiff argues that LMC cannot be prejudiced by the delay in service because it knew about the Action prior to being served, such an argument "is an attempt to switch the burden of going forward with the action to the defendants." Anderson, 542 F.2d at 525.

14

dismissal follows a noticed motion under Rule 41(b)." Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1455 (9th Cir. 1994).

Importantly, the Court, in denying Plaintiff's Motion for Leave to File a TAC, stated "Plaintiff did not explain her delay in filing the Motion to File a TAC and 'such a delay without explanation could appear to be motivated by a desire to unnecessarily prolong the litigation.'" Order re Pl.'s Mot. To File TAC at 15:28-16:3, ECF No. 96 (citation omitted). While not an explicit warning regarding the potential for dismissal, this language in the Court's Order placed Plaintiff on notice that the Court was not going to tolerate her bad faith delay tactics in this litigation.

Because less drastic alternatives to dismissal would be inadequate in curing the prejudice to LMC that Plaintiff's delay in service caused and because no explicit warning is necessary when dismissal follows a Rule 41(b) motion, this factor weighs in favor of dismissal.

          e.   *Public Policy Favoring Resolution on the Merits*

"Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and

evasive tactics."[9]  <u>Morris</u>, 942 F.2d at 652.  Throughout

this litigation, Plaintiff has ignored the Federal

Rules of Civil Procedure and this Court's orders and

instead conducted litigation by her own pace and rules.

By failing to serve LMC with either the Complaint or

FAC and then waiting until after the discovery cut-off

to serve LMC with the SAC, she has prevented LMC from

properly preparing for trial.  <u>See</u> <u>Anderson</u>, 542 F.2d

at 525 (finding a delay in service prejudiced the

defendants' ability to plan their defense).  Her

failure to abide by the Court's Order regarding

Defendant Vyas' Motion to Dismiss and Order regarding

her deadline to file her Motion for Leave to File a TAC

has resulted in further delay and unnecessary motion

practice.  Therefore, Plaintiff's actions have

prevented this matter from moving toward disposition at

a reasonable pace.[10]  <u>See</u> <u>In re Phenylpropanolamine</u>

---

[9] While the fourth factor as worded may typically weigh
against dismissal, which LMC admits in its moving papers,
dismissal may still be appropriate in light of the other four
factors.  <u>See</u> <u>Pagtalunan</u>, 291 F.3d at 643 (finding district court
did not abuse its discretion in dismissing petition with
prejudice where three of the five factors weighed in favor of
dismissal); <u>Malone v. United States Postal Serv.</u>, 833 F.2d 128,
133 n.2 (9th Cir. 1987) (holding that while this factor may weigh
against dismissal, it is not sufficient to outweigh the other
four factors supporting dismissal).

[10] Importantly, while not a subject of this Motion, the
Court has always been of the position that this matter is not
properly pursued in federal court due to its overwhelming
emphasis on the allocation of property incident to divorce, which
is within the exclusive jurisdiction of state courts.  <u>Irish v.</u>
<u>Irish</u>, 842 F.3d 736, 741 (1st Cir. 2016).  Thus, the public
policy that would normally favor resolution on the merits is

<u>Prods. Liab. Litig.</u>, 460 F.3d at 1228 ("[T]his factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."). Other public policies, including judicial economy and protection from harassing litigation, may outweigh the public policy favoring resolution of cases on the merits. As such, this factor does not weigh against dismissal.

In considering the five factors, at least four of which weigh in favor of dismissal, the Court finds that dismissal under Rule 41(b) is appropriate due to Plaintiff's inexcusable delay tactics throughout this litigation and unreasonable failure to serve LMC until 18 months into the litigation, after the discovery cut-off.

///
///
///
///
///
///
///
///
///
///

---

inapplicable here as Plaintiff may not be able to even proceed to a decision on the merits in this Action.

**IV. CONCLUSION**

　　For the foregoing reasons, Defendant LMC's Motion to Dismiss for Lack of Prosecution [111] is **GRANTED.**

**IT IS SO ORDERED.**


DATED: August 18, 2017　　 s/ RONALD S.W. LEW

　　　　　　　　　　　　　 **HONORABLE RONALD S.W. LEW**
　　　　　　　　　　　　　 Senior U.S. District Judge