1                                                                    O

8                    **UNITED STATES DISTRICT COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10   DR. SUJATA VYAS, an          )   CV 15-02152 RSWL (DFMx)
     individual,                  )
11                                )
                      Plaintiff,  )   **ORDER re: DEFENDANT**
12        v.                      )   **BHASKAR VYAS' MOTION FOR**
                                  )   **SUMMARY JUDGMENT** [109]
13   BHASKAR VYAS, an             )
     individual; NANCY BUNN, an   )
14   individual; LOCKHEED MARTIN  )
     PENSION PLAN AND CHAMBERS    )
15   QDRO CONSULTING SERVICES,    )
     LLC; CHARLES SCHWAB AND      )
16   SCHWAB RETIREMENT PLAN       )
     SERVICES COMPANY AS PLAN     )
17   ADMINISTRATOR; COMMITTEE     )
     SOUTHERN CALIFORNIA          )
18   PERMANENTE MEDICAL GROUP     )
     (SCPMG) PLAN ADMINISTRATOR;  )
19   and DOES 1 through 100,      )
     inclusive,                   )
20                                )
                      Defendants. )
21   ─────────────────────────────)

23        Currently before the Court is Defendant Bhaskar

24   Vyas' ("Defendant Vyas") Motion for Summary Judgment

25   ("Motion") [109].  Having reviewed all papers submitted

26   pertaining to this Motion, the Court **NOW FINDS AND**

27   **RULES AS FOLLOWS:** the Court **GRANTS** Defendant Vyas'

28   Motion.

                            1

## A. Factual Background

Plaintiff is a California resident who married Defendant Vyas in 1981. Second Am. Compl. ("SAC") ¶ 21, ECF No. 63. During the couple's marriage, from October 1985 to February 1992, Defendant Vyas worked for LTV Aerospace & Defense Corporation. Decl. of Bhaskar Vyas ("Bhaskar Decl.") ¶ 10, ECF No. 109-2. Defendant Vyas, at some point during this time period, was enrolled in the Lockheed Martin Pension Plan ("Lockheed Plan") at issue in this Action, although he claims to not have known about the Lockheed Plan or his enrollment in it. See id.

The couple separated in 2003, and in 2009, they obtained a Judgment of Dissolution from the Orange County Superior Court finalizing their divorce. First Am. Compl. ("FAC"), Ex. A, ECF No. 19. Following the Orange County Superior Court entering the Judgment of Dissolution in 2009, court-appointed attorney Defendant Nancy Bunn began drafting Qualified Domestic Relations Orders ("QDROs") regarding the retirement plans to which the couple contributed during the marriage. SAC ¶ 7. It was during this time that Plaintiff moved back into the couple's home and discovered the existence of the Lockheed Plan and the alleged undisclosed Rollover IRAs. Id. ¶ 22. Defendant Vyas claims Plaintiff became aware of the Lockheed Plan when Plaintiff opened a letter concerning the Lockheed Plan dated August 18,

2014, which Defendant Lockheed Martin Corporation ("LMC") sent to the couple's home. Bhaskar Decl. ¶ 9. Plaintiff alleges that Defendant Vyas concealed the Lockheed Plan and Rollover IRAs to which he contributed during the marriage. SAC ¶ 14.

Defendant Vyas maintains that he was not aware of the existence of the Lockheed Plan until July 2015. Bhaskar Decl. ¶ 9. At no point have Plaintiff or Defendant Vyas presented the Lockheed Plan or the alleged undisclosed Rollover IRAs to any state court. SAC ¶ 22.

Plaintiff claims that Defendant Vyas gained discretionary control of the Lockheed Plan in August 2014 when he became eligible to take a lump sum distribution or an annuity. Id. ¶ 5. Plaintiff contends that this qualifies Defendant Vyas as a fiduciary with respect to the Lockheed Plan under the Employee Retirement Income Security Act of 1974 ("ERISA"). Id. ¶ 41. In addition, Plaintiff argues that Defendant Vyas is a fiduciary of any and all undisclosed Rollover IRAs. Id. ¶ 44.

Ultimately, on December 21, 2015, the Orange County Family Court finalized the QDROs, which did not mention the Lockheed Plan or Rollover IRAs. Id. ¶ 14. The Lockheed Plan does not appear on any QDRO because, as Plaintiff alleges, Defendant Vyas concealed the Lockheed Plan from Plaintiff throughout all court-mandated disclosures and proceedings. Id. ¶ 15.

## B. **Procedural Background**

Plaintiff filed her Complaint on December 28, 2015 against her ex-husband, Defendant Vyas, the drafter of the QDROs, Defendant Nancy Bunn, and the administrators of a number of the couple's retirement accounts [1].[1] The Complaint alleged four causes of action against Defendant Vyas, two claims under ERISA for breach of fiduciary duty, a claim seeking an accounting of assets, and a claim for breach of securities laws.

Following Defendant Vyas' filing of his Motion to Dismiss Plaintiff's Complaint [10], Plaintiff filed her FAC on April 5, 2016 [19].[2] The FAC included the same four causes of action against Defendant Vyas. See FAC at 68:4-72:16. Defendant Vyas then filed a Motion to Dismiss the FAC on April 19, 2016 [27]. On July 28, 2016, the Court issued an Order granting in part and denying in part Defendant Vyas' Motion to Dismiss [36]. While the Court dismissed Plaintiff's securities fraud claim against Defendant Vyas, the Court declined to

---

[1] The Complaint also named Lockheed Martin Pension Plan and Administrator, the administrator of the Lockheed Plan; QDRO Consulting Services, LLC, another alleged administrator of the Lockheed Plan; and Kaiser Permanente Pension Plan and Administrator, an alleged administrator of the retirement plans named in the couple's QDROs; as Defendants.

[2] The FAC again named Bhaskar Vyas; Nancy Bunn; Lockheed Martin Pension Plan; and Chambers QDRO Consulting Services, LLC as Defendants. Plaintiff added Charles Schwab and Schwab Retirement Plan Services Company as Plan Administrator as a Defendant. Inexplicably, Plaintiff dropped Kaiser Permanente Pension Plan and Administrator from the suit, and the Court dismissed this entity on April 5, 2016.

dismiss Plaintiff's ERISA claims against Defendant Vyas because the determination of whether Plaintiff was a "beneficiary" of any ERISA account was a merit-based determination not appropriately adjudicated in a Motion to Dismiss. See Order re Def. Vyas' Mot. to Dismiss FAC at 10:10-18, ECF No. 36. Defendant Vyas filed his Answer to the FAC on August 11, 2016 [39]. Defendant Chambers QDRO Consulting Services, LLC ("Defendant Chambers") filed a Motion to Dismiss Plaintiff's FAC on August 22, 2016 [42].

Following the Court's grant of Defendant Chambers' Motion to Dismiss with leave to amend [62], Plaintiff filed her SAC on November 24, 2016 [63].[3] The SAC included the securities claim against Defendant Vyas that the Court had dismissed in its July 28, 2016 Order. SAC at 83:14-21. On January 27, 2017, Defendant Vyas filed a Motion to Strike the securities claim that the Court had previously dismissed [73]. The Court granted Defendant Vyas' Motion to Strike on May 8, 2017 [96].[4] Defendant Vyas then filed his Answer

---

[3] The SAC again named Bhaskar Vyas; Nancy Bunn; Lockheed Martin Corporation; Chambers QDRO Consulting Services, LLC; and Charles Schwab and Schwab Retirement Plan Services, Inc. as Defendants. The SAC added Committee Southern California Permanente Medical Group (SCPMG) Plan Administrator as a Defendant.

[4] The remaining claims alleged against Defendant Vyas include the two breach of fiduciary duty claims under ERISA and the request for an accounting of assets under a breach of contract in violation of state law. See SAC at 78:23-79:25, 83:14-21.

to the SAC on May 22, 2017 [100].

On June 30, 2017, Defendant Vyas filed the instant Motion as to All Claims Alleged Against Defendant Vyas in the SAC [109]. Plaintiff filed her Opposition to the Motion on July 18, 2017 [113]. Defendant Vyas filed his Reply on July 25, 2017 [115].

## II. FINDINGS OF FACT

1. Plaintiff and Defendant Vyas were married on December 10, 1981. Def.'s Stmt of Undisputed Facts ("Defendant Vyas' SUF") ¶ 1, ECF No. 109-1; Pl.'s Response to Def. Vyas' SUF ¶ 1, ECF No. 113-2.

2. The Orange County Superior Court issued a Judgment of Dissolution on December 10, 2009 addressing the rights and obligations of the parties in relation to one another. Defendant Vyas' SUF ¶ 3; Pl.'s Response to Def. Vyas' SUF ¶ 3; Def.'s Req. for Judicial Notice ("RJN"), Ex. 1, ECF No. 110-1.

3. The Judgment of Dissolution specifically addresses and adjudicates the rights of the parties in and to six retirement accounts/plans. Defendant Vyas' SUF ¶ 4; Pl.'s Response to Def. Vyas' SUF ¶ 4; RJN, Ex. 1 at 6:18-7:3.

4. The Judgment of Dissolution does not mention the Lockheed Plan. Defendant Vyas' SUF ¶ 5; Pl.'s Response to Def. Vyas' SUF ¶ 5; RJN, Ex. 1.

5. The Judgment of Dissolution does not mention any Rollover IRAs. Defendant Vyas' SUF ¶ 6; Pl.'s Response to Def. Vyas' SUF ¶ 6; RJN, Ex. 1.

6.  The Orange County Family Court has issued five
    QDROs addressing the retirement accounts/plans of
    the parties addressed in the Judgment of
    Dissolution.  Defendant Vyas' SUF ¶ 7; Pl.'s
    Response to Def. Vyas' SUF ¶ 7; RJN, Exs. 4-8.
7.  None of the five QDRO Orders the Orange County
    Family Court issued mention the Lockheed Plan.
    Defendant Vyas' SUF ¶ 8; Pl.'s Response to Def.
    Vyas' SUF ¶ 8; RJN, Exs. 4-8.
8.  None of the five QDRO Orders the Orange County
    Family Court issued mention any Rollover IRAs.
    Defendant Vyas' SUF ¶ 9; Pl.'s Response to Def.
    Vyas' SUF ¶ 9; RJN, Exs. 4-8.
9.  The Judgment of Dissolution states that the Orange
    County Family Court retains jurisdiction over
    "after-discovered property."  Defendant Vyas' SUF ¶
    14; Pl.'s Response to Def. Vyas' SUF ¶ 14; RJN, Ex.
    1.

## III. DISCUSSION

**A.  <u>Legal Standard</u>**

Federal Rules of Civil Procedure Rule 56 states
that a "court shall grant summary judgment" when the
movant "shows that there is no genuine dispute as to
any material fact and the movant is entitled to
judgment as a matter of law."  Fed. R. Civ. P. 56(a).
A fact is "material" for purposes of summary judgment
if it might affect the outcome of the suit, and a
"genuine issue" exists if the evidence is such that a

reasonable fact-finder could return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The evidence, and any inferences based on underlying facts, must be viewed in the light most favorable to the opposing party. <u>Twentieth Century-Fox Film Corp. v. MCA, Inc.</u>, 715 F.2d 1327, 1329 (9th Cir. 1983). In ruling on a motion for summary judgment, the court's function is not to weigh the evidence, but only to determine if a genuine issue of material fact exists. <u>Anderson</u>, 477 U.S. at 255.

Under Rule 56, the party moving for summary judgment has the initial burden to show "no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); <u>see</u> <u>Nissan Fire & Marine Ins. Co. v. Fritz Cos.</u>, 210 F.3d 1099, 1102-03 (9th Cir. 2000). The burden then shifts to the non-moving party to produce admissible evidence showing a triable issue of fact. <u>Nissan Fire & Marine Ins.</u>, 210 F.3d at 1102-03; <u>see</u> Fed. R. Civ. P. 56(a). Summary judgment "is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial." <u>Cleveland v. Policy Mgmt. Sys. Corp.</u>, 526 U.S. 795, 805-06 (1999); <u>see</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

The standard for a motion for summary judgment "provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an

otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issues of *material* fact."  <u>Anderson</u>, 477 U.S. at 247-48.

**B.  <u>Analysis</u>**

    1.  <u>Defendant Vyas' Request for Judicial Notice is</u> <u>**GRANTED**</u>

A court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known . . .; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court "must" take judicial notice "if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).

Defendant Vyas seeks judicial notice of the Judgment of Dissolution [110-1] in the couple's divorce proceedings, Orange County Superior Court case number 03D010337.  RJN ¶ 1.  Plaintiff does not object to this and instead includes the Judgment of Dissolution as an exhibit to her Opposition.  <u>See</u> Opp'n, Ex. 6 at 34. This Court has the ability to judicially notice state court filings and judgments.  <u>See</u> <u>Burbank-</u> <u>Glendale-Pasadena Airport Auth. v. City of Burbank</u>, 136 F.3d 1360, 1364 (9th Cir. 1998)(taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); <u>Hott v.</u> <u>City of San Jose</u>, 92 F. Supp. 2d 996, 998 (N.D. Cal.

2000)(taking judicial notice of relevant memoranda and orders filed in state court cases). Because the Judgment of Dissolution is a judgment in a state court case that forms the basis for the instant Action, the Court **GRANTS** Defendant Vyas' Request for Judicial Notice of the Judgment of Dissolution.

Defendant Vyas also seeks judicial notice of one Domestic Relations Order ("DRO") and four QDROs the couple filed in Orange County Superior Court, which govern a number of the couple's retirement accounts. See RJN, Exs. 4-8. As with the Judgment of Dissolution, the Court **GRANTS** Defendant Vyas' Request for Judicial Notice of these documents-filings in a state court action directly relevant to this Action. See Hott, 92 F. Supp. 2d at 998; United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."(internal quotation marks omitted)).

Finally, Defendant Vyas seeks judicial notice of the October 28, 2016 Minute Order and November 21, 2016 Judgment of Dismissal in Orange County Superior Court Case No. 30-2015-00826144, the state court action Plaintiff filed against Defendant Vyas on the same set of facts as the instant Action. See RJN, Exs. 2-3. Plaintiff spends the first part of her Opposition

arguing that this Court should not grant judicial notice of these documents because the state-court action did not involve claims under ERISA.[5] Opp'n 12:6-15:14. However, "courts routinely take judicial notice of documents filed in other courts . . . to establish the fact of such litigation and related filings." Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991)(citations omitted). "The existence and content of opinions and pleadings are matters capable of accurate and ready determination by resort to official court files that cannot reasonably be questioned." Bogart v. Daley, No. CV 00-101-BR, 2001 WL 34045761, at *2 (D. Or. June 28, 2001)(citing Fed. R. Evid. 201(b)(2)). The Court therefore **GRANTS** Defendant Vyas' Request for Judicial Notice of the Minute Order and Judgment of Dismissal documents.

///

///

[5] In the alternative, Plaintiff argues that because "Defendant has raised facts outside the instant lawsuit by way of his Judicial Notice," the Court, under Rule 56(d) (which she erroneously cites as Rule 56(f)), should delay ruling on the Motion and grant her leave to conduct discovery necessary for her Opposition. Opp'n 14:27-15:14. Plaintiff filed the state court suit in December 2015, the same time she filed the instant Action. See RJN, Ex. 2. She has had ample time to conduct discovery and has chosen not to do so. Further, Plaintiff has not followed the proper procedures for requesting time to conduct discovery under Rule 56(d), which includes showing, by affidavit or declaration, that she "cannot present facts essential to justify her opposition." Fed. R. Civ. P. 56(d). The Court therefore **DENIES** her request to defer ruling on the Motion to allow her to conduct further discovery for her Opposition.

2. <u>Defendant Vyas' Evidentiary Objections</u>

    a. *Defendant Vyas' Objections to Plaintiff's Expert Report*

Defendant Vyas objected to the Expert Report of Bruce Pingree, which Plaintiff filed as an Exhibit in support of her Opposition. <u>See</u> Opp'n, Ex. 5, ECF No. 113-5. Defendant Vyas argues that such a report, which is not signed under the penalty of perjury, constitutes inadmissible evidence. Def.'s Evid. Objs. to Expert Report 2:7-13, ECF No. 115-3. Courts in the Ninth Circuit "have routinely held that unsworn expert reports are inadmissible" to oppose summary judgment. <u>Reed v. NBTY, Inc.</u>, No. EDCV 13-0142 JGB (OPx), 2014 U.S. Dist. LEXIS 197398, at *8 (C.D. Cal. Nov. 18, 2014); <u>see</u> <u>Aecon Bldgs., Inc. v. Zurich N. Am.</u>, 572 F. Supp. 2d 1227, 1237 (W.D. Wash. 2008); <u>Shuffle Master, Inc. v. MP Games LLC</u>, 553 F. Supp. 2d 1202, 1210-11 (D. Nev. 2008). No declaration or deposition testimony accompanies Mr. Pingree's Report, and thus, the report is inadmissible to oppose summary judgment. <u>Shuffle Master, Inc.</u>, 553 F. Supp. 2d at 1210-11.

Further, Mr. Pingree's Report, as it relates to Defendant Vyas, wholly focuses on the fiduciary duties Defendant Vyas allegedly owed to Plaintiff and his potential liability for breach of these duties. <u>See</u> Opp'n, Ex. 5 at 9-12. The Report therefore has no bearing on the merits of Defendant Vyas' Motion, which focuses on the threshold issue of whether Plaintiff is

a beneficiary with standing to sue under ERISA.  <u>See</u>
<u>Corbo Props. v. Seneca Ins. Co.</u>, 771 F. Supp. 2d 877,
884 (N.D. Ohio 2011)(affirming magistrate judge's
ruling that expert report was irrelevant because it did
not affect the analysis of motion for summary
judgment).  Because Mr. Pingree's Report is
inadmissible to oppose summary judgment and is entirely
irrelevant to the analysis of Defendant Vyas' Motion,
Defendant Vyas' evidentiary objections are **SUSTAINED**.

       b.   *Defendant Vyas' Evidentiary Objections to*
                   *Nagar Declaration*

     Defendant Vyas objects to Paragraph 2 of the Nagar
Declaration [113-1] in which Ms. Nagar testifies to the
claims Plaintiff asserted against Defendant Vyas in
Orange County Superior Court, which the state court
dismissed.  Def.'s Evid. Objs. to Nagar Decl. 2:7-17.
Defendant Vyas objects based on the Best Evidence Rule,
Federal Rules of Evidence Rule 1002, arguing that the
Complaint in that matter is the best evidence of the
testimony.  <u>Id.</u>

     However, Ms. Nagar represents that she has personal
knowledge of the facts set forth in the declaration and
that she was Plaintiff's attorney in the state court
action.  Nagar Decl. at 1:3-10.  While the claims
asserted in the state-court action and the details of
the action could be proved through written documents,
Ms. Nagar does not attempt to describe the content of
the Complaint.  <u>See</u> <u>In re Northrop Grumman Corp. ERISA</u>

13

*Litig.*, No. CV 06-06213 MMM (JCx), 2015 U.S. Dist. LEXIS 176822, at *16-19 n.20 (C.D. Cal. Nov. 24, 2015); D'Angelo v. United States, 456 F. Supp. 127, 131 (D. Del. 1978)("The [best evidence] rule is not applicable when a witness testifies from [p]ersonal knowledge of the matter, even though the same information is contained in a writing."). Therefore, Defendant Vyas' best evidence objection to Paragraph 2 is **OVERRULED.**

Defendant Vyas also objects to Paragraph 3 of the Nagar Declaration in which Ms. Nagar states that her "client has not received any statement under oath that would provide a conclusion that no distributions were made to Defendant Vyas. Thus anything to do with this account is disputed at this time, since no discovery has been done." Nagar Decl. ¶ 3. Defendant Vyas objects that Ms. Nagar lacks personal knowledge necessary to make this statement. Def.'s Evid. Objs. to Nagar Decl. at 2:24-3:4. Ms. Nagar, in Paragraph 3, is essentially testifying to whether Plaintiff received a document regarding the Lockheed Plan. Ms. Nagar does not explain how she came to know this information, but it is likely that she learned it from speaking directly with Plaintiff, which would constitute inadmissible hearsay. See Sloan v. Pfizer, Inc., No. C 08-1849 SBA, 2008 U.S. Dist. LEXIS 78785, at *5-6 (N.D. Cal. Sept. 4, 2008)(sustaining a lack of personal knowledge objection to statements in an attorney's declaration based on information he learned directly from his

14

client).  Therefore, Ms. Nagar lacks personal knowledge
and fails to lay a foundation for admission of her
statement into evidence.  Defendant Vyas' objection to
Paragraph 3 is **SUSTAINED**.

    c. *Defendant Vyas' Evidentiary Objections to*
      *Documents Plaintiff Filed in Support of*
      *Her Opposition*

   Defendant Vyas objects to three of the documents
Plaintiff attaches as Exhibits to her Opposition,
including "Statement of Comparison re Case Under
Judicial Notice in MSJ" [113-3], "Exhibit Lockheed
Martin Pension Plan" [113-6], and "Exhibit FINRA Claim
Filed" [113-7].  Defendant Vyas argues that Plaintiff
failed to authenticate these documents by providing any
form of evidentiary foundation.  Def.'s Evid. Objs. to
Misc. Docs. 1:26-2:6.  Under Federal Rules of Evidence
Rule 901(a), "[t]o satisfy the requirement of
authenticating or identifying an item of evidence, the
proponent must produce evidence sufficient to support a
finding that the item is what the proponent claims it
is."  Fed. R. Evid. 901(a).

   With regards to the "Statement of Comparison re
Case Under Judicial Notice in MSJ," Plaintiff provides
what appears to be a list of facts that distinguish the
current lawsuit from the state-court case from which
Defendant Vyas seeks judicial notice of the state
court's rulings.  <u>See</u> RJN ¶¶ 1-2.  As noted above, the
Court has granted Defendant Vyas' RJN in its entirety.

The Court did not consider this Exhibit when deciding to grant judicial notice nor did it consider it when making its determination on Defendant Vyas' Motion. Therefore, Defendant Vyas' evidentiary objection to this Exhibit is **OVERRULED** as **MOOT**.

The "Exhibit FINRA Claim Filed" is entirely irrelevant both to the instant matter and the merits of Defendant Vyas' Motion. Because the Court did not consider this Exhibit in making its determination on Defendant Vyas' Motion, the objection is **OVERRULED** as **MOOT**.

With regards to the "Exhibit Lockheed Martin Pension Plan," while Plaintiff has not submitted a declaration to authenticate these documents in connection with her Opposition, "authentication sufficient for admissibility can be satisfied by the object's '[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances.'" Las Vegas Sands, Ltd. Liab. Co. v. Nehme, 632 F.3d 526, 533 n.6 (9th Cir. 2011)(quoting Fed. R. Evid. 901(b)(4)). The documents can be "authenticated by review of their contents if they appeared to be sufficiently genuine." Id. at 533. Here, the Exhibit includes the August 18, 2014 letter from LMC to Defendant Vyas. The letter, which Plaintiff originally attached to the SAC, is written on Lockheed Martin letterhead and is addressed to "Bhaskar C Vyas" at "3828 Vista Blanca, San Clemente

CA 92672-4545," which Defendant Vyas admits is the couple's former residence.  See Bhaskar Decl. ¶ 9.  As such, the contents of the letter sufficiently authenticate it, and Defendant Vyas' objection is **OVERRULED**.

    3.  <u>Defendant Vyas' Motion for Summary Judgment is</u> <u>**GRANTED**</u>

    The Court turns to the merits of Defendant Vyas' Motion.  Defendant Vyas' Motion makes a narrow and straightforward argument—to proceed in her claims in this Action against Defendant Vyas under ERISA, Plaintiff must qualify as a "beneficiary" of the Lockheed Plan.  Mot. 12:13-15; see <u>Amalgamated Clothing</u> <u>& Textile Workers Union v. Murdock</u>, 861 F.2d 1406, 1410 (9th Cir. 1988)(stating that whether a plaintiff has standing as a beneficiary to sue under ERISA is a "threshold question").  He argues that because Plaintiff cannot be considered a beneficiary, she cannot bring her claims under ERISA.[6]  <u>Id.</u> at 12:16-19.

    a.  *Breach of Fiduciary Duty under ERISA*

---

[6] In her Opposition, Plaintiff spends four and a half pages discussing the merits of her breach of fiduciary arguments, including that Defendant Vyas became a fiduciary of the Lockheed Plan in August 2014 when he was able to receive benefits under the Lockheed Plan.  Opp'n 25:14-26:15.  She then argues that Defendant Vyas breached his fiduciary duty to Plaintiff when he actively concealed the Lockheed Plan from her in the couple's divorce proceedings.  <u>Id.</u> at 28:12-23.  These arguments are premature as the Court must first determine whether Plaintiff has standing as a beneficiary to sue under ERISA.  If Plaintiff is not considered a beneficiary of the Lockheed Plan, she cannot sue for a breach of fiduciary duty under ERISA.  Therefore, the Court declines to address these arguments.

17

Plaintiff asserts Counts I and II in the SAC against Defendant Vyas. SAC at 78:23-79:25. Both Counts allege a breach of fiduciary duty under ERISA. Id. Prior to discussing whether Plaintiff qualifies as a beneficiary with the ability under ERISA to seek redress for a breach of fiduciary duty, the Court outlines the purpose and structure of ERISA.

           i. *ERISA Framework*

"Congress enacted ERISA to ensure the proper administration of employee benefit plans, including pension plans, both during the years of an employee's active service and after retirement." Hamilton v. Wash. State Plumbing & Pipefitting Indus. Pension Plan, 433 F.3d 1091, 1095 (9th Cir. 2006). The primary objective of ERISA is to "protect plan participants and beneficiaries." Boggs v. Boggs, 520 U.S. 833, 845 (1997). As such, ERISA allows such participants and beneficiaries to bring a civil action to enforce their rights and interests in employee benefit plans. 29 U.S.C. § 1132(a)(3); see Boggs, 520 U.S. at 846 ("Persons with an interest in a pension plan may bring a civil suit under ERISA's enforcement provisions only if they are either a participant or beneficiary.").

Plaintiff does not claim to be a participant of the Lockheed Plan. Rather, she argues that she is a beneficiary of the Lockheed Plan with the ability to sue under ERISA. Opp'n 17:3-4. ERISA defines a "beneficiary" as "a person designated by a participant,

or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

Should an ex-spouse not fit within the general definition of a "beneficiary," ERISA confers beneficiary status on a nonparticipant spouse under narrow circumstances. See Boggs, 520 U.S. at 846. For example, to protect the financial security of ex-spouses, Congress confers beneficiary status in an ERISA plan on an "alternate payee under a qualified domestic relations order," i.e., an ex-spouse. 29 U.S.C. § 1056(d)(3)(J); Stewart v. Thorpe Holding Co. Profit Sharing Plan, 207 F.3d 1143, 1149 (9th Cir. 2000). To obtain beneficiary status as an "alternate payee" under a QDRO, the ex-spouse can either point to a QDRO specifically drafted to cover the ERISA plan at issue or a marriage dissolution order that specifies the following:

> (i) the name and the last known mailing address (if any) of the participant and the name and mailing address of each alternate payee covered by the order,
>
> (ii) the amount or percentage of the participant's benefits to be paid by the plan to each such alternate payee, or the manner in which such amount or percentage is to be determined,
>
> (iii) the number of payments or period to which such order applies, and
>
> (iv) each plan to which such order applies.

29 U.S.C. § 1056(d)(3)(C)(i)-(iv).

Put simply, Plaintiff can only qualify as a beneficiary under ERISA if (1) Defendant Vyas designated her as his beneficiary in the Lockheed Plan; (2) she falls within the definition of a beneficiary in the Lockheed Plan documents; or (3) she is an "alternate payee" under a valid QDRO. Should she not qualify as a beneficiary under any of these three avenues, she does not have standing to bring an action under ERISA. <u>See generally</u> <u>Boggs</u>, 520 U.S. 833.

>                     ii. *Plaintiff Has Not Shown She Was the Designated Beneficiary of the Lockheed Plan*

As noted above, Plaintiff can only sue under ERISA if she qualifies as a "beneficiary" of the Lockheed Plan.[7] <u>Id.</u> Neither party argues that Defendant Vyas designated Plaintiff as the beneficiary of the Lockheed Plan. Therefore, Plaintiff can only proceed under ERISA if she fits within the definition of a

---

[7] The SAC also alleges claims under ERISA involving allegedly concealed Rollover IRA accounts. SAC ¶ 22. Plaintiff does not once mention these accounts in her Opposition and instead focuses her arguments on the Lockheed Plan. "IRAs are specifically excluded from ERISA's coverage." <u>Charles Schwab & Co. v. Debickero</u>, 593 F.3d 916, 919 (9th Cir. 2010). To fall within the folds of ERISA, the employee pension benefit plan, including an IRA, must be "established or maintained by the employer." 29 U.S.C. § 1002(2)(A). "Established or maintained" typically includes the employer making contributions to the specific IRA account. <u>Charles Schwab & Co.</u>, 593 F.3d at 921. Because Plaintiff has not provided any evidence that the Rollover IRAs were established or maintained by any of Defendant Vyas' employers, including that these employers made contributions to the IRAs, she has failed to show that ERISA governs these Rollover IRAs.

beneficiary in the Lockheed Plan documents or if she is
an "alternate payee" under a valid QDRO.

iii.  *Plaintiff Does Not Fall Within the*
      *Definition of Beneficiary in the*
      *Lockheed Plan*

Plaintiff argues that she is a "beneficiary" as
defined in the Lockheed Plan documents.  Opp'n 16:28-
17:3.  However, other than citing to the definition of
"beneficiary" in the Lockheed Plan documents, she
offers no argument as to how she falls within this
definition.

Instead, she argues, "Pursuant to Lockheed's Plan
documents, Plaintiff is a beneficiary to the Lockheed
Pension [] because she is entitled to her community
property interest upon the passing of Defendant . . .
."  <u>Id.</u>  However, "state law governing the designation
of an ERISA beneficiary 'relates to' the ERISA plan,
and is therefore preempted."  <u>Manning v. Hayes</u>, 212
F.3d 866, 870 (5th Cir. 2000); <u>see</u> <u>Egelhoff v.</u>
<u>Egelhoff</u>, 532 U.S. 141, 147 (2001)(holding that ERISA
preempted a state statute that bound "ERISA plan
administrators to a particular choice of rules for
determining beneficiary status").  Because ERISA
preempts California community property laws, California
law does not govern beneficiary status under ERISA.[8]

_____

[8] Plaintiff cites to <u>Grabois v. Jones</u>, 77 F.3d 574,
576 (2d Cir. 1996) for the proposition that "federal

21

See Ablamis v. Roper, 937 F.2d 1450, 1460 (9th Cir. 1991)(concluding that ERISA preempts California community property laws). Plaintiff's conclusory argument does nothing to prove otherwise.

Even in looking at the Lockheed Plan documents, which Plaintiff has failed to properly analyze, the Court is unable to see how these documents classify Plaintiff as a "beneficiary" for purposes of ERISA. The Lockheed Plan documents define a "beneficiary" as

---

courts apply state law to determine who is [the] rightful beneficiary of [a] benefit plan." Opp'n 18:7-8. However, Plaintiff misconstrues the holding in Grabois. In Grabois, two women claimed to be the legal widow entitled to the deceased's union death benefits. 77 F.3d at 575. The court turned to New York Domestic Relations Law to determine which of the marriages was in fact valid, thus entitling the legal widow to the death benefits. Id. at 576. There is no dispute as to whether Plaintiff and Defendant Vyas were legally married. California community property law's division of marital assets is preempted by ERISA and inapplicable to this Motion. See Manning, 212 F.3d at 870.

"The person or persons designated by a Participant . . . ." Opp'n, Ex. 4 at 11. As noted, neither party argues that Defendant Vyas designated Plaintiff as the beneficiary of the Lockheed Plan.

The Lockheed Plan then states, "If no Beneficiary shall have been designated . . . then the Beneficiary shall be (a) the Participant's Spouse . . . ." Id. While this may be to what Plaintiff is referring when she argues that the Lockheed Plan documents establish her as a beneficiary, a closer reading of the Lockheed Plan documents nullifies such an argument. Section 29 of the Lockheed Plan defines a spouse as "[t]he lawful wife of a male Participant . . . on a Participant's Benefit Commencement Date." Opp'n, Ex. 4 at 22. The August 2014 letter on which Plaintiff bases her knowledge of the Lockheed Plan defines Defendant Vyas' Benefit Commencement Date as November 1, 2014. See Opp'n, Ex. 6 at 5. The couple's divorce was finalized in 2009, and thus, they were no longer married on the Benefit Commencement Date of November 1, 2014. Plaintiff cannot qualify as a "spouse" under the Lockheed Plan because she does not fit within the Lockheed Plan's definition of a spouse. Because Defendant Vyas did not designate Plaintiff as the beneficiary of the Lockheed Plan and she is not a "spouse" as defined in the Lockheed Plan-which would make her the default beneficiary of the Lockheed Plan-she cannot be considered a beneficiary under the

Lockheed Plan's definition.[9]  See Carpenter v. Carroll, Pinto, Inc., 374 F. Supp. 2d 487, 494 (E.D. Va. 2005)(holding that plaintiff lacked standing to pursue her ERISA claim because she did not fit within the definition of beneficiary in the retirement plan documents).

Even assuming Plaintiff went through this analysis in her Opposition, which she did not, the Lockheed Plan documents, and the language in these documents, do not raise an issue of material fact as to whether Plaintiff can be considered a beneficiary of the Lockheed Plan with the ability to sue under ERISA.

> iv. *There Is No Valid QDRO Identifying Plaintiff as an "Alternate Payee" of the Lockheed Plan*

As noted above, a nonparticipant ex-spouse can obtain "beneficiary" status as an "alternate payee" under a QDRO.  See Stewart, 207 F.3d at 1149.  Neither party argues that they have obtained a QDRO from the Orange County Family Court regarding the Lockheed Plan. See Opp'n, Ex. 1 at 3:11-15.  Instead, the parties argue over whether the Judgment of Dissolution can be considered a QDRO.  For a dissolution order to be

---

[9] Section 29 of the Lockheed Plan also states, "A former spouse will be treated as the Spouse . . . to the extent provided under a qualified domestic relations order."  Opp'n, Ex. 4 at 22. For the reasons discussed below, Plaintiff, as a former spouse, does not fall within the definition of "Spouse" in the Lockheed Plan because she does not have a valid QDRO regarding the Lockheed Plan.

considered a valid QDRO, it must meet the four
requirements enumerated in 29 U.S.C. §
1056(d)(3)(C)(i)-(iv).  Defendant Vyas does not take
issue with the first three requirements and instead
only argues that the Judgment of Dissolution does not
satisfy the fourth requirement–naming "each plan to
which such order applies"–because it fails to make any
mention of the Lockheed Plan.  Mot. 15:28-16:2.

Plaintiff does not dispute that the Judgment of
Dissolution does not mention the Lockheed Plan.  Opp'n,
Ex. 1 at 2:23-27.  In her Opposition, Plaintiff briefly
addresses the fourth requirement and states that "the
Judgment includes the 50/50 community property division
for all community retirement plans and any later
discovered facts."  Opp'n 23:21-23.  Plaintiff does not
make any argument to address the failure to name the
Lockheed Plan anywhere in the Judgment of Dissolution.

The primary case on which she relies, <u>Stewart v.
Thorpe Holding Co. Profit Sharing Plan</u>, 207 F.3d 1143
(9th Cir. 2000), does nothing to rebut Defendant Vyas'
argument that a dissolution order must name the
specific plan for it to become a valid QDRO necessary
to enforce the interest in that plan.  In <u>Stewart</u>, the
couple's dissolution order specifically named the
retirement plan that was the subject of the litigation,
and the court held that the dissolution order was a
valid QDRO because it included the four requirements in
29 U.S.C. § 1056.  <u>Id.</u> at 1151.  Because the

dissolution order in <u>Stewart</u> specifically named the retirement plan at issue, it is irrelevant to this Court's analysis of whether the Judgment of Dissolution qualifies as a valid QDRO.

Failure to name a retirement plan in a dissolution order prevents the order from qualifying as a valid QDRO as to the unnamed retirement plan.[10] <u>See</u> <u>Yale-New Haven Hosp. v. Nicholls</u>, 788 F.3d 79, 88 (2d Cir. 2015). In <u>Yale-New Haven Hospital</u>, the court looked at a couple's judgment of dissolution and two subsequent domestic relations orders to determine whether the ex-wife could recover benefits under four of her ex-husband's retirement accounts. <u>Id.</u> at 84-88. The couple's judgment of dissolution did not mention any of the retirement plans by name, and therefore, the court held that the judgment of dissolution could not qualify as a QDRO because it did not meet the statutory requirements of 29 U.S.C. § 1056(d). <u>Id.</u> at 84. Looking to the subsequent domestic relations orders, which the state court signed after the judgment of dissolution, the <u>Yale-New Haven Hospital</u> court found that these were valid QDROs as to three of the

---

[10] Additionally, courts have upheld plan administrators' refusal to accept a QDRO that incorrectly names the retirement plan. <u>See</u> <u>Green v. AT&T, Inc.</u>, No. 4:07 CV 1537 DDN, 2009 U.S. Dist. LEXIS 36669, at *36-37 (E.D. Mo. Apr. 29, 2009). This further supports the argument that a dissolution order that does not even **name** a retirement plan cannot be considered a valid QDRO.

retirement plans because the orders specifically named the three plans and assigned funds in these plans to the ex-wife.  _Id._ at 88.  However, because the orders did not mention the fourth retirement plan by name, they did not satisfy the fourth requirement under 29 U.S.C. § 1056(d) and therefore could not qualify as a valid QDRO creating an interest in the unnamed retirement plan.  _Id._

Here, the Judgment of Dissolution does not mention the Lockheed Plan at all.  Therefore, the Judgment of Dissolution does not "clearly specif[y]" that it applies to the Lockheed Plan and cannot satisfy the fourth requirement of 29 U.S.C. § 1056(d).  Because the Judgment of Dissolution does not satisfy the four requirements of 29 U.S.C. § 1056(d), it cannot be considered a valid QDRO qualifying Plaintiff as an "alternate payee" of the Lockheed Plan.  _See_ _Yale-New Haven Hospital_, 788 F.3d at 88.

The specificity required in a QDRO "makes sense so that a pension plan is on notice of its exact obligations to a payee other than a plan participant."  _Hamilton_, 433 F.3d at 1097.  Because the Judgment of Dissolution (or any of the QDROs the family court already issued) does not reference the Lockheed Plan, the administrator of the Lockheed Plan has no notice that it may be under an obligation to pay Plaintiff a portion of the Lockheed Plan's benefits.  Without reference to the Lockheed Plan, the Judgment of

Dissolution does not qualify as a valid QDRO, which would then make Plaintiff an "alternate payee" and confer on her "beneficiary" status under ERISA. <u>See</u> <u>Stewart</u>, 207 F.3d at 1149.

Plaintiff also argues that she does not need a QDRO regarding the Lockheed Plan to be considered a beneficiary because federal courts have conferred the status of beneficiary on nonparticipant ex-spouses who do not have a QDRO. Opp'n 19:3-6; <u>see</u> <u>Trs. of the Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise</u>, 234 F.3d 415, 421 (9th Cir. 2000)("'[T]he QDRO provisions of ERISA do not suggest that [the alternate payee] has no interest in the plan[]until she obtains a QDRO, they merely prevent her from enforcing that interest until the QDRO is obtained.'")(quoting <u>In re Gendreau</u>, 122 F.3d 815, 819 (9th Cir. 1997)). However, the cases Plaintiff cites merely hold that while an ex-spouse may have an interest in retirement benefits, she must first obtain a valid QDRO before attempting to enforce this interest. <u>See</u> <u>Tise</u>, 234 F.3d at 421 (noting that a divorce decree "allowed the wife to stake a claim to the husband's pension proceeds, but that claim could only be enforced by obtaining a QDRO").[11]

---

[11] It is odd that Plaintiff has cited to these cases and even noted that an alternate payee is prevented from enforcing an interest until he or she obtains a QDRO, <u>see</u> Opp'n 20:23-21:2, while still arguing that she does not need a QDRO to seek redress under ERISA, <u>see</u> Opp'n 21:6-9. Despite noting this, she has at

It is not up to this Court to determine whether Plaintiff has an interest in the Lockheed Plan pursuant to California law. See id. ("[W]hether an alternate payee has an interest in a participant's pension plan is a matter decided by a state court according to the state's domestic relations law."). This Court is simply tasked with determining whether ERISA considers Plaintiff a beneficiary; these cases, which hold that a plaintiff must obtain a QDRO before she can enforce an interest in retirement plan benefits, do not affect the analysis of whether Plaintiff can be considered a beneficiary under ERISA.

Ultimately, because the Judgment of Dissolution does not name the Lockheed Plan, it does not satisfy the requirements of 29 U.S.C. § 1056(d) and therefore cannot be considered a valid QDRO as to the Lockheed Plan.

As explained above, Plaintiff can only be considered a beneficiary with the ability to sue under ERISA if (1) she is named as such in the Lockheed Plan; (2) the language of the Lockheed Plan confers beneficiary status on her; or (3) she is an "alternate payee" under a valid QDRO. Plaintiff has provided no evidence to show that she can be considered a beneficiary through any of these three avenues. Therefore, she cannot proceed with her claims under

---

no point admitted that she can go back to state family court to obtain a QDRO regarding the Lockheed Plan.

ERISA.  See Boggs, 520 U.S. at 846.  The Court

therefore **GRANTS** Defendant Vyas' Motion as to

Plaintiff's breach of fiduciary duty claims under

ERISA, Counts I and II of the SAC.

iii)    *Plaintiff's Remaining State Law*
*Claims*

Plaintiff argues that this Court can continue to

exercise supplemental jurisdiction over her state law

claims if it chooses to dismiss her federal claims.

See Opp'n 24:21-23 (citing Satey v. JPMorgan Chase &

Co., 521 F.3d 1087, 1091 (9th Cir. 2008)).  She bases

this argument on the fact that the Court has already

invested substantial time and resources in this matter

reviewing the parties' pleadings and motions.  Opp'n

25:4-13.  Count V against Defendant Vyas involves a

breach of contract; however, Plaintiff does not

specifically indicate which contract Defendant Vyas has

allegedly breached.  Instead, she vaguely alleges that

"Bhaskar has breached contract which he executed with

Plaintiff to share all community property."  SAC at

81:10-21.

Caselaw has long established that domestic

relations are the exclusive jurisdiction of the state

courts.  Ankenbrandt v. Richards, 504 U.S. 689, 693

(1992).  This is known as the "domestic relations

exception" to diversity jurisdiction and this exception

emphasizes "the exclusive role that states have in

regulating marriage law."  Latta v. Otter, 779 F.3d

902, 912 (9th Cir. 2015).  While this Action is in federal court based on a federal question, not diversity jurisdiction, the notion that the states are better equipped to govern domestic relations suits guides this Court's analysis of whether to retain supplemental jurisdiction over Plaintiff's remaining state law claims.  See Winters v. Kan. Dep't of Soc. & Rehab. Servs., No. 10-2181-JAR-DJW, 2011 U.S. Dist. LEXIS 4733, at *41 (D. Kan. Jan. 19, 2011)(declining to retain supplemental jurisdiction over remaining state law claims after dismissing federal claims because the state law claims were "closely intertwined with domestic relations matters").

Plaintiff's request for accounting of assets based on a breach of contract calls upon the Court to determine what assets were acquired during her marriage to Defendant Vyas.  Federal court is not the proper forum for such a task.  See Irish v. Irish, 842 F.3d 736, 743 (1st Cir. 2016)(holding that district court lacked jurisdiction when plaintiff brought a breach of contract suit regarding division of marital property). The state family court, which has already handled the couple's divorce, issued QDROs concerning the couple's retirement accounts, and is more familiar with state domestic relations law, "provides a better forum for resolving Plaintiff's remaining claims." Mason v. Arizona, 260 F. Supp. 2d 807, 827 (D. Ariz. 2003)(declining to retain jurisdiction over state law

claims because the state court was "more familiar with applicable local law").

Because Plaintiff does not qualify as a beneficiary under ERISA, she cannot bring her ERISA claims. 29 U.S.C. § 1132(a)(3); see Boggs, 520 U.S. at 846. Without her ERISA claims, this Court loses its original jurisdiction over the Action and may decline to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c). Plaintiff has not shown any meritorious reason warranting the retention of jurisdiction over her state law claims, and the state family court is in a better position to adjudicate such claims. See Mason, 260 F. Supp. 2d at 827; Hembree v. S. F. Bay Area Rapid Transit Dist., C-01-03102 EDL, 2002 U.S. Dist. LEXIS 11089, at *27 (N.D. Cal. June 18, 2002)(declining to retain supplemental jurisdiction over intentional infliction of emotional distress state law claim). The Court therefore declines to exercise supplemental jurisdiction over the remaining state law claim, Plaintiff's accounting of assets claim, Count V in the SAC.

///
///
///

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant Vyas' Motion for Summary Judgment [109].

**IT IS SO ORDERED.**

DATED: September 1, 2017          s/ RONALD S.W. LEW

                                  **HONORABLE RONALD S.W. LEW**
                                  Senior U.S. District Judge