# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. SUJATA VYAS, an individual,<br><br>                    Plaintiff,<br><br>      v.<br><br>BHASKAR VYAS, an individual; NANCY BUNN, an individual; LOCKHEED MARTIN PENSION PLAN AND CHAMBERS QDRO CONSULTING SERVICES, LLC; CHARLES SCHWAB AND SCHWAB RETIREMENT PLAN SERVICES COMPANY AS PLAN ADMINISTRATOR; COMMITTEE SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP (SCPMG) PLAN ADMINISTRATOR; and DOES 1 through 100, inclusive,<br><br>                    Defendants. | CV 15-02152 RSWL (DFMx)<br><br>**ORDER re: DEFENDANT SCHWAB RETIREMENT PLAN SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT** [125]; **PLAINTIFF DR. SUJATA VYAS' MOTION FOR SUMMARY JUDGMENT** [126] |

Currently before the Court are the following Motions: (1) Defendant Schwab Retirement Plan Services, Inc.'s ("Schwab") Motion for Summary Judgment ("Schwab's Motion") [125]; and (2) Plaintiff Dr. Sujata

1

Vyas' ("Plaintiff") Motion for Summary Judgment
("Plaintiff's Motion") [126].  Having reviewed all
papers submitted pertaining to these Motions, the Court
**NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS**
Schwab's Motion.  The Court **DENIES** Plaintiff's Motion.

**I. BACKGROUND**

**A.  <u>Factual Background</u>**

Plaintiff is a California resident who married
Defendant Bhaskar Vyas ("Defendant Vyas") in 1981.
Second Am. Compl. ("SAC") ¶ 21, ECF No. 63.  During the
couple's marriage, Plaintiff enrolled in the Southern
California Permanente Medical Group ("SCPMG") Keogh
Plan ("Keogh Plan") and the SCPMG Tax Savings
Retirement Plan ("401(k) Plan") (collectively, "the
Plans").  <u>Id.</u> ¶ 14a-b.

SCPMG Retirement Committee is the Plan
Administrator of the Plans.  <u>See</u> Decl. of John G.
McGlynn in Supp. of Schwab's Mot. for Summ. J.
("McGlynn Decl."), Ex. 1 at 61, ECF No. 127-2; <u>id.</u>, Ex.
2 at 3, ECF No. 127-3.  SCPMG Retirement Committee
engaged Schwab as a recordkeeper of the Plans.  <u>Id.</u>,
Ex. 4 at 11, ECF No. 136-2; <u>id.</u>, Ex. 5 at 1, ECF No.
136-3.  Under the Recordkeeper Services Agreement for
the Keogh Plan, Schwab "is not a fiduciary to the Plan
and does not have any fiduciary responsibility with
regard to the administration of the Plan or the
management of the Plan's assets."  <u>Id.</u>, Ex. 5 at 10.
The Keogh Agreement also provides, "The Plan Sponsor

2

agrees that it, the Plan Administrator and/or other properly designated Plan fiduciary, if any, and not [Schwab] or its affiliates, shall have sole and absolute discretionary authority over the Plan and Plan assets." Id. at 9.  Schwab will execute various transactions "only after receiving the appropriate direction from the Plan Sponsor, Participants, Investment Manager(s), named representative(s) or other properly identified fiduciary(ies)." Id.  The 401(k) Service Agreement contains similar terms. See id., Ex. 4 at 11.

Plaintiff and Defendant Vyas separated in 2003, and in 2009, they obtained a Judgment of Dissolution from the Orange County Superior Court finalizing their divorce.  SAC ¶ 5.  Following the Orange County Superior Court entering the Judgment of Dissolution in 2009, Defendant Nancy Bunn, the court-appointed attorney, began drafting QDROs regarding the retirement plans to which the couple contributed during the marriage, including the Keogh Plan and 401(k) Plan. Id. ¶ 7.

On May 21, 2015, the Orange County Superior Court approved the QDROs regarding the Keogh Plan and the 401(k) Plan.  See Def.'s Req. for Judicial Notice ("RJN"), Exs. 1, 2, ECF No. 129.  The 401(k) Plan QDRO provides that the Superior Court "shall retain jurisdiction to enforce this Order." Id., Ex. 1 at 5. The Keogh Plan QDRO also provides that the Superior

3

Court "reserves jurisdiction over the parties and the Plan until such time as the obligation for the Plan to the Alternate Payee under this Order has been fully paid and discharged." Id., Ex. 2 at 3.

With regards to the distribution of Defendant Vyas' share of the funds in the Keogh Plan, the QDRO stated:

> Such amount shall be segregated pro rata from each of the Participant's Fund Accounts, other than the Participant[']s Self Directed Fund Account, if any, as such other Fund Accounts are constituted as of the Plan's Valuation Date, coinciding with or immediately preceding the segregation date, and then from the Participant's Self-Directed Fund Account, but only to the extent the amount segregated exceeds the amounts in the Participant's other Fund Accounts.

Id. at 3.

In June 2015, Plaintiff alleges that Schwab moved approximately $200,000 of Plaintiff's separate property from the Self-Directed Fund Account to satisfy Defendant Vyas' community share in the Keogh Plan. SAC ¶ 27. Plaintiff claims that there were sufficient community funds in the Keogh Plan assets to satisfy Defendant Vyas' community share, so taking the separate property was unnecessary and in violation of the QDRO. Id. ¶ 31.

On October 21, 2015, the Superior Court approved an amended QDRO for the Keogh Plan. Id., Ex. 3. The amended QDRO included a paragraph allowing the Plan Administrator to put a hold on the assets in the Keogh Plan "in the event that Participant, Alternate Payee or any other party claiming rights under this Order shall

4

make any claim which the administrator of the Plan ('Plan Administrator') shall determine to be inconsistent with the provisions of this Order or with any provisions of [ERISA]." _Id._ at 5. The QDRO for the 401(k) Plan did not include this same provision.

Plaintiff filed her Complaint [1] on December 28, 2015. Consequently, on January 12, 2016, SCPMG Retirement Committee instructed Schwab to place a hold on Plaintiff's accounts in both the 401(k) and Keogh Plans. Decl. of Cathleen S. Morisako in Supp. of Schwab's Mot. for Summ. J. ("Morisako Decl.") ¶ 2, ECF No. 127-11.

In June 2016, Plaintiff requested a distribution of funds from the 401(k) Plan, but, due to the hold placed on the Plans, SCPMG Retirement Committee informed Plaintiff that she could not take a distribution until the litigation ended. Decl. of Dr. Sujata Vyas in Opp'n to Schwab's Mot. for Summ. J. ("Pl.'s Opp'n Decl.") ¶ 1, ECF No. 139-3.

**B.  Procedural Background**

Plaintiff filed her Complaint on December 28, 2015 against her ex-husband, Defendant Vyas; the drafter of the QDROs, Nancy Bunn; Lockheed Martin Pension Plan and Administrator, the alleged administrator of the Lockheed Plan; Chambers QDRO Consulting Services, LLC, another alleged administrator of the Lockheed Plan; and Kaiser Permanente Pension Plan and Administrator, the alleged administrator of the Keogh Plan and 401(k) Plan

[1].

Following Defendant Vyas' filing of his Motion to Dismiss Plaintiff's Complaint [10], Plaintiff filed her First Amended Complaint ("FAC") on April 5, 2016 [19]. The FAC again named Bhaskar Vyas; Nancy Bunn; Lockheed Martin Pension Plan; and Chambers QDRO Consulting Services, LLC as Defendants. Plaintiff added Schwab as a Defendant. Inexplicably, Plaintiff dropped Kaiser Permanente Pension Plan and Administrator from the suit, and the Court dismissed this entity on April 5, 2016. Defendant Chambers QDRO Consulting Services, LLC ("Defendant Chambers") filed a Motion to Dismiss Plaintiff's FAC on August 22, 2016 [42].

Following the Court's grant of Defendant Chambers' Motion to Dismiss with leave to amend [62], Plaintiff filed her Second Amended Complaint ("SAC") on November 24, 2016 [63]. In the SAC, Plaintiff added SCPMG as a Defendant. Because Plaintiff did not seek leave to amend to add a new defendant, the Court dismissed SCPMG on May 8, 2017. See Order re Pl.'s Mot. for Leave to File Third Am. Compl. 19:3-7, ECF No. 96.

On August 31, 2017, Schwab filed its Motion for Summary Judgment [125], and Plaintiff filed her Motion for Summary Judgment [126]. On September 12, 2017, Plaintiff filed her Opposition to Schwab's Motion [139], and Schwab filed its Opposition to Plaintiff's Motion [138]. On September 19, 2017, Schwab filed its Reply in support of its Motion [155], and Plaintiff

filed her Reply in support of her Motion [156].

**III. DISCUSSION**

**A.  Legal Standard**

Federal Rule of Civil Procedure 56 states that a "court shall grant summary judgment" when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A fact is "material" for purposes of summary judgment if it might affect the outcome of the suit, and a "genuine issue" exists if the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The evidence, and any inferences based on underlying facts, must be viewed in the light most favorable to the opposing party.  Twentieth Century-Fox Film Corp. v. MCA, Inc., 715 F.2d 1327, 1329 (9th Cir. 1983).  In ruling on a motion for summary judgment, the court's function is not to weigh the evidence, but only to determine if a genuine issue of material fact exists.  Anderson, 477 U.S. at 255.

Under Rule 56, the party moving for summary judgment has the initial burden to show "no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a); see Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102-03 (9th Cir. 2000).  The burden then shifts to the non-moving party to produce admissible evidence showing a triable issue of fact.

7

Nissan Fire & Marine Ins., 210 F.3d at 1102-03.
Summary judgment "is appropriate when the plaintiff
'fails to make a showing sufficient to establish the
existence of an element essential to [her] case, and on
which [she] will bear the burden of proof at trial.'"
Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795,
805-06 (1999)(quoting Celotex Corp. v. Catrett, 477
U.S. 317, 322 (1986)).

The standard for a motion for summary judgment
"provides that the mere existence of *some* alleged
factual dispute between the parties will not defeat an
otherwise properly supported motion for summary
judgment; the requirement is that there be no *genuine*
issues of *material* fact." Anderson, 477 U.S. at 247-
48.

**B.** **Analysis**

1. Schwab's Request for Judicial Notice is **GRANTED**

Schwab seeks judicial notice of the following
documents: the QDRO filed on May 21, 2015 regarding the
401(k) Plan; the QDRO filed on May 21, 2015 regarding
the Keogh Plan; and the Amended QDRO filed on October
21, 2015 regarding the Keogh Plan. See RJN ¶ 1-3.
This Court has the ability to judicially notice state
court filings and judgments. See Burbank-
Glendale-Pasadena Airport Auth. v. City of Burbank, 136
F.3d 1360, 1364 (9th Cir. 1998)(taking judicial notice
of court filings in a state court case where the same
plaintiff asserted similar and related claims); Hott v.

<u>City of San Jose</u>, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000)(taking judicial notice of relevant memoranda and orders filed in state court cases).  Because the QDROs are orders in a state court case that forms the basis for the instant Action, the Court **GRANTS** Schwab's Request for Judicial Notice in its entirety.

    2.  <u>Schwab's Evidentiary Objections</u>

        a.  *Evidence in Support of Plaintiff's Motion*

           i.  *Exhibit 1*

As Exhibit 1 in support of her Motion, Plaintiff includes a number of unidentified documents, which relate to Schwab's advertised services with regards to retirement plans.  <u>See</u> ECF No. 128-1.  Plaintiff has included no declaration along with these documents; nor does she make any attempt to authenticate them other than by including random digital post-it notes on several of the pages.  <u>Id.</u>  The Court does not rely on what Schwab and its affiliates advertise as their services in making a decision regarding Schwab's fiduciary status in this matter.  These advertisements are irrelevant to the functions Schwab performed with regards to the 401(k) and Keogh Plans.  Therefore, the Court **OVERRULES as MOOT** Schwab's objections to Exhibit 1.

        ii. *Statement of Uncontroverted Facts*

Schwab objects to the majority of statements contained in Plaintiff's Statement of Uncontroverted Facts, ECF No. 128-6.  Many of Schwab's objections "are

boilerplate and devoid of any specific argument or analysis as to why any particular exhibit or assertion in a declaration should be excluded," and therefore, the Court **OVERRULES** each of these objections. <u>See Amaretto Ranch Breedables v. Ozimals, Inc.</u>, 907 F. Supp. 2d 1080, 1081 (N.D. Cal. 2012)("This Court need not address boilerplate evidentiary objections that the parties themselves deem unworthy of development, and the Court accordingly summarily overrules the objections." (internal citations omitted)). Below, the Court discusses those objections for which Schwab has provided further argument.

Schwab objects, based on lack of personal knowledge and foundation, to the statement, "On or about June 2015, Schwab placed a freeze on Plaintiff's 401k account." <u>See</u> Def.'s Evid. Objs. to Pl.'s Mot. 4, ECF No. 138-1. While Plaintiff states in her Declaration that she is a participant of the 401(k) Plan and when she tried to access her 401(k) Plan account the account was frozen, <u>see</u> Decl. of Dr. Sujata Vyas in Supp. of Pl.'s Mot. for Summ. J. ("Pl.'s Mot. Decl.") ¶¶ 3-4, ECF No. 128-4, she fails to establish how she knows that Schwab placed the freeze on Plaintiff's 401(k) Plan account. Therefore, the Court **SUSTAINS** Schwab's objection to this statement.

Schwab objects to Plaintiff's statement that "[n]either the Plan documents nor the QDROs and summary plan documents mention any freeze as regards to the

401[k] plan." Schwab argues that whether the documents mention a freeze is irrelevant to whether a freeze was appropriate. Def.'s Evid. Objs. to Pl.'s Mot. 6. However, if the documents did mention the ability to place a freeze on the 401(k) Plan account or specifically prohibited such an action, this is relevant to the analysis of whether freezing the account was appropriate. Therefore, the Court **OVERRULES** Schwab's objection.

In Plaintiff's seventh uncontroverted fact, she summarizes what she alleges Schwab did when allocating the money in her Keogh Plan account and states that this did not comply with the QDRO or Plan documents. Pl.'s Stmt. of Uncontroverted Facts ¶ 7, ECF 128-6. Schwab objects based on lack of personal knowledge. Def.'s Evid. Objs. to Pl.'s Mot. 7. Plaintiff supports these statements with her Declaration, but she fails to show any personal knowledge of how Schwab allocated the funds in Plaintiff's Keogh Plan account and whether this was in violation of the QDRO or the Plan documents. Therefore, the Court **SUSTAINS** Schwab's lack of personal knowledge objection.

iii.     *Bruce Pingree's Expert Report and Deposition Transcript*

Schwab objects to the report of Plaintiff's expert, Bruce Pingree, as well as the deposition transcript from the second session of Mr. Pingree's deposition. See Def.'s Opp'n to Pl.'s Mot. 10:25 n.9, ECF No. 138.

Schwab argues that the deposition transcript is improper because it is an uncertified rough draft, which is not meant to be cited in court proceedings. Id.  While Plaintiff did file the uncertified rough draft of the transcript in support of her Motion, see ECF No. 128-2, she filed the certified copy, along with a declaration from Mr. Pingree attesting to the authenticity of the transcript, with her Reply, see ECF 156-1.  Therefore, the Court **OVERRULES as MOOT** Schwab's objection.

Schwab also argues that Mr. Pingree's report is inadmissible because the report itself is unsigned and contains an additional signature page that Plaintiff did not include when she originally disclosed the report.  Def.'s Opp'n 10:25 n.9.  However, because Plaintiff included the additional signature page with the Report, see ECF No. 128-3, Schwab's argument is irrelevant, and the Court **OVERRULES** Schwab's objection. See Volterra Semiconductor Corp. v. Primarion, Inc., 796 F. Supp. 2d 1025, 1038-39 (N.D. Cal. 2011)(holding that an expert report need not be sworn in a separate declaration by the expert).

        b.   *Evidence in Support of Plaintiff's Reply*

Schwab also submits evidentiary objections to the evidence Plaintiff filed in support of her Reply to her Motion.  First, Schwab lists the evidence Plaintiff filed in support of her Reply and states that the Court should strike all of this evidence because a moving

party cannot submit new evidence in support of a reply. See Def.'s Evid. Objs. to Pl.'s Reply 2:19-3:4, ECF No. 167. The first two exhibits Schwab lists as "new evidence," ECF Nos. 156-1 and 156-2, are actually duplicates of exhibits Plaintiff filed in support of her Motion; these exhibits include Mr. Pingree's report and the transcript from the second session of Mr. Pingree's deposition.[1] Because Plaintiff already included these exhibits in support of her Motion, they are not "new evidence," and the Court **OVERRULES** Schwab's objection to these exhibits.

The next exhibit to which Schwab objects is Plaintiff's Declaration in support of her Reply. According to Local Rule 7-10, a moving party may file "declarations and other rebuttal evidence" in support of the reply. Because the statements in Plaintiff's Declaration go to the arguments she makes in her Motion, they are rebuttal evidence, not new evidence, and the Court **OVERRULES** Schwab's objection.

Schwab objects to the Department of Labor's ("DOL") position on directed trustees and case law on directed trustees. Def.'s Evid. Objs. to Pl.'s Reply 2:9-18. Plaintiff does not argue in her Motion that Schwab was a directed trustee, nor does Schwab argue such in its

---

[1] Plaintiff includes the certified copy of the transcript of the second session of Mr. Pingree's deposition as an exhibit to her Reply, while she included the uncertified copy as an exhibit to her Motion. However, this does not make the deposition transcript "new evidence."

Opposition. Therefore, Plaintiff's argument in her
Reply that Schwab is a directed trustee with a
fiduciary duty to the Plans is an entirely new
argument. Plaintiff argues in her response to Schwab's
objections that Schwab included the Services Agreements
that state Schwab was a directed trustee, and
therefore, her "directed trustee" exhibits are rebuttal
evidence. Pl.'s Opp'n to Def.'s Evid. Objs. to Pl.'s
Reply ("Pl.'s Objs. Opp'n") 14:6-18, ECF No. 169.
However, like the rest of Plaintiff's tenuous arguments
in her thirty-page opposition to Schwab's objections,
which she mistakenly calls "broiler plate," this
argument holds very little weight. Nowhere in its
Opposition does Schwab argue that it is a "directed
trustee." Schwab's primary argument is that it is not
a fiduciary to the Plans and therefore cannot be liable
for a breach of fiduciary duty. This argument is
Plaintiff's alone—an argument she waits until her Reply
to make. Accordingly, the Court **SUSTAINS** Schwab's
objections to the evidence Plaintiff files in support
of her directed trustee argument [158, 159, 159-1].
Graves v. Arpaio, 623 F.3d 1043, 1048 (9th Cir.
2010)("[A]rguments raised for the first time in a reply
brief are waived.").[2]

     Schwab also objects, based on lack of personal

---

     [2] As noted below, the Court considers the DOL Bulletin on
directed trustees, which Plaintiff includes as an exhibit to her
Opposition to Schwab's Motion.

knowledge and hearsay, to Plaintiff's Declaration filed in support of her Reply. Def.'s Evid. Objs. to Pl.'s Reply 3:9-12. With regards to the statements Plaintiff makes about the 401(k) Plan, Plaintiff has established personal knowledge to show that her 401(k) Plan account was frozen when she tried to access it. See Pl.'s Decl. in Supp. of Pl.'s Reply ("Pl.'s Reply Decl.") 2:12-14, ECF No. 157. However, the remaining statements regarding the 401(k) Plan account are irrelevant to the analysis of Plaintiff's claim that the 401(k) Plan account freeze was improper, and the Court does not consider these statements. See id. at 2:15-3:3. The Court therefore **SUSTAINS in part and OVERRULES in part** Schwab's objections to the statements in Plaintiff's Declaration regarding the 401(k) Plan.

With regards to the statements in Plaintiff's Declaration about the expert witness deposition fees and interpleader action, these statements are irrelevant to the analysis of Plaintiff's claims of a breach of fiduciary duty, and the Court does not consider these irrelevant statements. The Court therefore **SUSTAINS** Schwab's objections to these statements. See id. at 3:5-22.

With regards to the statements Plaintiff makes about the allocation of funds in her Keogh Plan account, Plaintiff has not provided any foundation for her personal knowledge of these statements. Accordingly, the Court **SUSTAINS** Schwab's objections to

these statements. See id. at 3:24-4:4.

Schwab also objects to Mr. Pingree's report and
deposition testimony regarding whether Schwab is a
fiduciary because such statements are legal
conclusions. Def.'s Evid. Objs. to Pl.'s Reply 4:1-3.
Mr. Pingree concludes that Schwab was a fiduciary and
that it breached its duties to Plaintiff by
implementing the freeze on Plaintiff's 401(k) Plan
account and improperly allocating the funds in the
Keogh Plan account. See Expert Report of Bruce Pingree
("Expert Report") 8, ECF No. 128-3. Such conclusions
go to the ultimate question in this matter and are thus
inadmissible legal conclusions. Harris v. Key Bank
Nat'l Ass'n, 193 F. Supp. 2d 707, 716 (W.D.N.Y.
2002)("[An expert's] opinion that the bank owed
plaintiffs a fiduciary duty and that it breached that
duty . . . [is] inadmissible in any event."); see
Levinson v. Westport Nat'l Bank, No. 3:09-cv-00269
(VLB), 2012 U.S. Dist. LEXIS 140909, at *18 (D. Conn.
Sep. 28, 2012). The Court **SUSTAINS** Schwab's objections
to the legal conclusions in Mr. Pingree's expert report
and deposition testimony.

    3.   Plaintiff's Evidentiary Objections to Schwab's
           Sealed Documents

In her Opposition, Plaintiff objects to the
Services Agreements Schwab includes as sealed exhibits
in support of its Motion. See McGlynn Decl., Exs. 4,
5. Plaintiff objects based on the fact that Schwab did

not provide these Agreements with its Initial
Disclosures and the first time Plaintiff saw these
Agreements was when Schwab filed its Motion.  Pl.'s
Opp'n 18:19-25.  However, as Schwab states in its
Reply, Plaintiff did not agree to a protective order
through which the Services Agreements would be produced
until after Mr. Pingree's August 15, 2017 deposition.
Def.'s Reply 7:8 n.3.  Therefore, after the parties
reached an agreement regarding the protective order,
Schwab produced to Plaintiff an unsealed copy of the
Services Agreements in conjunction with its Motion.
<u>Id.</u>  The delay in production appears to be Plaintiff's
fault, and she cannot complain that Schwab did not
produce the Services Agreements earlier when her
counsel significantly delayed in agreeing to the
protective order, which would protect the
confidentiality of these Services Agreements.
Accordingly, Plaintiff's objection to the sealed
Services Agreements is **OVERRULED.**

     4.   <u>The Court Deems Schwab's Material Facts as</u>
         <u>Admitted Without Controversy</u>

     As a preliminary matter, Schwab, in its Reply,
argues that because Plaintiff failed to file a
Statement of Genuine Disputes in violation of Local
Rule 56-2, the Court may assume the material facts
Schwab provided are admitted without controversy.
Def.'s Reply 4:15-5:1.  District courts in the Central
District of California have held that where an opposing

17

party fails to file a statement of genuine issues, "the opposition is deemed 'not [to] raise a triable issue of material fact as to [the] claims' on which the moving party seeks summary judgment." <u>Deirmenjian v. Deutsche Bank, A.G.</u>, No. CV 06-00774 MMM (CWx), 2010 U.S. Dist. LEXIS 86957, at *27 (C.D. Cal. July 30, 2010)(quoting <u>White v. Donley</u>, No. CV 05-7728 ABC (FMOx), 2008 U.S. Dist. LEXIS 79098, at *1 (C.D. Cal. Sept. 4, 2008)); <u>see</u> <u>Green v. Wiard</u>, No. CV 12-9251 JVS (AJW), 2015 U.S. Dist. LEXIS 149910, at *5 (C.D. Cal. Sept. 3, 2015).

Plaintiff failed to file a Statement of Genuine Disputes in conjunction with her Opposition to Schwab's Motion. Plaintiff instead filed a Statement of Uncontroverted Facts [139-1]. However, none of these Uncontroverted Facts dispute the facts Schwab includes in its Statement of Uncontroverted Facts. Accordingly, the Court deems the facts in Schwab's Statement of Uncontroverted Facts as undisputed when analyzing the merits of Schwab's Motion.

4. <u>Schwab's Motion is **GRANTED**, and Plaintiff's Motion is **DENIED**</u>

The Court turns to the merits of Plaintiff's and Schwab's Motions. In her SAC, Plaintiff alleges three counts against Schwab, none of which she specifically names. All three of these counts assert breaches of fiduciary duties related to Schwab's alleged freezing of the assets in Plaintiff's 401(k) Plan account and transferring Plaintiff's separate property in her Keogh

Plan account to Defendant Vyas.[3]

   a. *Breach of Fiduciary Duty under ERISA*

Plaintiff seeks to impose personal liability on Schwab pursuant to three sections of ERISA, sections 1109, 1132(a)(2), and 1132(a)(3), based on Schwab's alleged freezing of Plaintiff's 401(k) Plan account. See SAC ¶¶ 56, 58. While this Court has jurisdiction to adjudicate Plaintiff's claims against Schwab premised on the alleged freeze of Plaintiff's 401(k) Plan account, Plaintiff cannot prevail on such claims because ERISA does not allow plan participants to bring breach of fiduciary duty claims to remedy individual wrongs. Horan v. Kaiser Steel Ret. Plan, 947 F.2d 1412, 1417 (9th Cir. 1991).

An individual beneficiary or participant may bring a claim for breach of fiduciary duty, but the

_____

[3] Plaintiff's primary argument regarding Schwab's distribution of the assets in her Keogh Plan account is that Schwab did not follow the distribution instructions contained in the Keogh Plan QDRO when it distributed her separate property cash from her self-directed fund account to Defendant Vyas when there were sufficient funds in the non-directed fund accounts. See Pl.'s Mot. 20:19-25; Pl.'s Mot. Decl. ¶ 6. The Keogh QDRO states that it retains jurisdiction over the enforcement of the QDRO, see RJN, Ex. 3 at 3, and case law provides that enforcement of QDROs is within the jurisdiction of the state court, see Green v. Green, 899 F. Supp. 2d 291, 298-99 (D. N.J. 2012). Plaintiff's claims relating to Schwab's distribution of Keogh Plan funds in violation of the language of the QDRO are within the jurisdiction of the state court. Plaintiff has failed to provide any evidence of violations of ERISA based on this conduct, and therefore, the Court **GRANTS** Schwab's Motion and **DENIES** Plaintiff's Motion on Counts IV, IX, and X to the extent they are premised on the allocation of funds in Plaintiff's Keogh Plan account.

beneficiary or participant "must do so for the benefit of the plan." Id. (citing Mass. Mutual Life Ins. v. Russell, 473 U.S. 134, 144 (1985)).  The Ninth Circuit has long held that "[a]ny recovery for a violation of [sections 1109, 1132(a)(2), and 1132(a)(3)] must be on behalf of the plan as a whole, rather than inuring to individual beneficiaries." Id. at 1418; see Sokol v. Bernstein, 803 F.2d 532, 536 (9th Cir. 1986).  This is because "the fiduciary duty provisions in ERISA are primarily concerned with protecting the integrity of the plan, which in turn protects all beneficiaries, rather than remedying each wrong suffered by individual beneficiaries." Horan, 947 F.2d at 1418; Farr v. US W., Inc., 58 F.3d 1361, 1364 (9th Cir. 1995).

Here, Plaintiff asserts her claims for breach of fiduciary duty based on Schwab's alleged freezing of Plaintiff's individual 401(k) Plan account.  The only relief she seeks is attorneys' fees and costs.  Mot. 21:21-22.  Therefore, there can be no dispute that Plaintiff's claims are individual and are not sought for the benefit of the plan as a whole; the award of attorneys' fees and costs to Plaintiff will do nothing to benefit the Plan as a whole.  The law in this Circuit is clear: relief is limited to "protecting the integrity of the plan as a whole and does not extend to individual plan participants." Williams v. Caterpillar, Inc., 944 F.2d 658, 665 (9th Cir. 1991)(citations omitted).  Like the plaintiffs in the

above-cited cases, Plaintiff "fail[s] to present a fiduciary breach claim [because] the only remedy sought is for [her] own benefit, rather than for the benefit of the Plan as a whole." Horan, 947 F.2d at 1418; Farr, 58 F.3d at 1364. Consequently, the Court **GRANTS** Schwab's Motion and **DENIES** Plaintiff's Motion as to Plaintiff's claims based on Schwab's alleged freezing of Plaintiff's 401(k) Plan account.[4]

Even if Plaintiff could proceed on her individual breach of fiduciary duty claims, Plaintiff has failed to show that no genuine issue of material fact exists as to whether Schwab was acting as a fiduciary when it implemented the freeze on Plaintiff's 401(k) Plan account. ERISA defines a "fiduciary" as follows:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . [or] (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

The determination of whether a person is a fiduciary depends on "'actions, not the official

---

[4] Even if Plaintiff's claims regarding Schwab's distribution of the Keogh Plan assets were not within the exclusive jurisdiction of the state court, Plaintiff still could not proceed on these claims because distribution of Plaintiff's assets is an individual claim that does not benefit the Plan as a whole. Further, the only relief Plaintiff seeks under these claims is attorneys' fees, a remedy that would only benefit Plaintiff.

designation of his role' . . . regardless of what his agreed-upon contractual responsibilities may be." <u>CSA 401(k) Plan v. Pension Prof'ls, Inc.</u>, 195 F.3d 1135, 1138 (9th Cir. 1999)(quoting <u>IT Corp. v. Gen. Am. Life Ins.</u>, 107 F.3d 1415, 1419 (9th Cir. 1995)). However, "persons who have no power to make decisions as to plan policy interpretations, practices or procedures but who perform specific administrative functions within a framework of policies, interpretations, rules, practices and procedures made by others are not deemed fiduciaries of the plan." <u>Id.</u> at 1139.

Importantly, "'a person may be an ERISA fiduciary with respect to certain matters but not others'; fiduciary status exists only 'to the extent' that the person 'has or exercises the described authority or responsibility' over a plan." <u>Coulter v. Morgan Stanley & Co.</u>, 753 F.3d 361, 366 (2d Cir. 2014)(quoting <u>F.H. Krear & Co. v. Nineteen Named Trs.</u>, 810 F.2d 1250, 1259 (2d Cir. 1987)). "In every case charging breach of ERISA fiduciary duty . . . the threshold question is . . . whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." <u>Pegram v. Herdrich</u>, 530 U.S. 211, 226 (2000).

Plaintiff has not provided any evidence to show that Schwab was responsible for putting the freeze in place and thus acted as a fiduciary in doing so. In fact, Schwab has provided a Declaration from Cathleen

Morisako, Benefits Consultant at SCPMG and authorized representative of SCPMG Retirement Committee, the Plan Administrator for the 401(k) Plan, in which Ms. Morisako states that she instructed Stacey Worrell of Schwab to place the freeze on Plaintiff's 401(k) Plan account. Morisako Decl. ¶ 2. Therefore, in implementing the freeze, Schwab was following the instructions of the Plan Administrator.

Plaintiff's expert supports this in his testimony, where he stated, "it certainly appears that Schwab in no sense originated the freeze." Pingree Dep. 107:14-15. He then continues to base his opinion that Schwab committed a breach of its fiduciary duty on the fact that Schwab "followed a freeze not provided for in the plan or the QDRO procedures." Id. at 107:15-17. However, as explained, to be a fiduciary, Schwab must exercise "discretionary authority . . . respecting management or disposition of [the Plan's] assets." 29 U.S.C. § 1002(21)(A). There is no evidence that Schwab exercised any discretion in implementing the freeze; it simply followed the instructions of the Plan Administrator. Therefore, Schwab was not acting as a fiduciary when it implemented the freeze on Plaintiff's 401(k) Plan account. Because the inquiry in a breach of fiduciary duty claim focuses on the specific action at issue, the freezing of Plaintiff's 401(k) Plan account, Schwab's other actions in regards to management of the 401(k) Plan and whether those actions

established Schwab as a fiduciary are irrelevant to the analysis of the parties' motions.  See F.H. Krear, 810 F.2d at 1259.

Then, assuming Schwab was not a fiduciary, Plaintiff argues that Schwab was a directed trustee of the 401(k) Plan through which Schwab can still be liable for a breach of fiduciary duty.  Pl.'s Opp'n 16:13-19.  The Services Agreement between SCPMG Retirement Committee and Schwab states that Schwab "is a directed, nondiscretionary Trustee or Custodian of the Plan."  McGlynn Decl., Ex. 4 at 11.  The Services Agreement also states that Schwab "has no discretionary authority over the [401(k)] Plan or discretionary authority over the administration of Plan Assets."  Id. Further, while Schwab "execute[s] various transactions involving the Plan," it does so "only after receiving the appropriate direction from" SCPMG Retirement Committee.  Id.

"ERISA relieves a trustee from fiduciary obligations regarding the management and control of a plan's assets when the trustee is 'directed' by the plan's designated fiduciaries."  Wright v. Or. Metallurgical Corp., 360 F.3d 1090, 1103 (9th Cir. 2004).  Directed trustees can only be held liable for following a plan administrator's instructions if the instructions were contrary to the terms of the plan or

ERISA.[5]  Id. (citing In re WorldCom, Inc., 263 F. Supp. 2d 745, 761 (S.D.N.Y. 2003)).

In determining whether the instruction from the Plan Administrator was contrary to the terms of the 401(k) Plan, the DOL has stated "that a direction is consistent with the terms of a plan if the documents pursuant to which the plan is established and operated do not prohibit the direction."[6]  See U.S. Department of Labor, In the Context of Publicly Traded Securities, What Are the Fiduciary Responsibilities of a Directed Trustee?, Field Assistance Bulletin 2004-03 (Dec. 17,

---

[5] Cases in which the plaintiff asserts breach of fiduciary duty claims against a directed trustee typically involve the directed trustee following a plan fiduciary's investment instructions.  See Wright, 360 F.3d at 1103; In re WorldCom, Inc. ERISA Litig., 354 F. Supp. 2d 423, 449 (S.D.N.Y. 2005).  Here, however, Schwab was not following investment instructions; rather, Schwab simply followed the Plan Administrator's instruction to freeze Plaintiff's 401(k) Plan account. Therefore, while helpful in providing guidance as to the potential for liability of a directed trustee, these cases are not particularly analogous to the factual situation here.

[6] When an agency sets forth its opinion in the form of a bulletin regarding a statute, such a bulletin, while not controlling, has the "power to persuade." Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944).  Plaintiff includes this Bulletin as an exhibit to her Opposition to Schwab's Motion.  See ECF No. 152-3.  As noted, while it is helpful to see the DOL's position on the duties of directed trustees and the potential for liability, the Bulletin focuses on directed trustees' duties with regards to buying, selling, and holding publicly traded securities.  The DOL's opinion is thus not particularly enlightening with regards to the Plan Administrator's instruction to freeze Plaintiff's 401(k) Plan account because of the pending litigation.

2004) ("Bulletin").[7]

Here, Plaintiff continuously argues that placing
the freeze on her 401(k) Plan account was a violation
of the 401(k) Plan documents and "Schwab had no
authority to act outside of the 401(k) Plan as there
was no authority to place a freeze on the account."
Pl.'s Opp'n 16:25-17:1.  However, Plaintiff has
provided no evidence that the language of the 401(k)
Plan prohibited placing a freeze on Plaintiff's account
during litigation that concerned the 401(k) Plan.
While it is true that neither the 401(k) Plan documents
nor the 401(k) Plan QDRO specifically provided for
freezing Plaintiff's 401(k) Plan account, Plaintiff's
argument ends there.  She provides no statute or case
law that suggests engaging in an action for which the
Plan documents do not specifically provide is a
violation of the Plan or ERISA.  As the DOL stated in
the Bulletin upon which Plaintiff relies, a direction
from the Plan Administrator is consistent with the Plan
if the Plan does not prohibit such a direction.  See
Bulletin.  The 401(k) Plan documents did not prohibit a
freeze on Plaintiff's 401(k) Plan account.  Therefore,
Plaintiff has failed to raise a genuine issue of
material fact regarding Schwab's alleged violation of

---

[7] While the Court has sustained Schwab's objection to this
evidence as "new evidence" filed in support of Plaintiff's Reply,
Plaintiff also includes the DOL's Bulletin as an exhibit in
support of her Opposition, which the Court considers.  See ECF
No. 152-3.

the 401(k) Plan by following SCPMG Retirement
Committee's instruction.

Because SCPMG Retirement Committee's instruction to
freeze Plaintiff's 401(k) Plan account was not a
violation of the 401(k) Plan documents, Plaintiff must
provide evidence that the instruction was contrary to
ERISA. See Wright, 360 F.3d at 1103. While Plaintiff
argues that Schwab is liable as a directed trustee
under ERISA, she does not explain how the freezing of
her 401(k) Plan account was a violation of ERISA. In
fact, Plaintiff has not provided any evidence that
ERISA prohibits a freeze of a participant's account
while litigation involving the account is pending.
Therefore, Plaintiff has failed to prove that Schwab,
as an alleged directed trustee, breached a fiduciary
duty by following SCPMG Retirement Committee's
instruction to freeze Plaintiff's 401(k) Plan account.[8]
See In re McKesson HBOC, Inc. ERISA Litig., No.

---

[8] Plaintiff's last alternative argument is that Schwab was a
"party in interest" against whom Plaintiff can seek relief under
ERISA section 406(a)(1). Pl.'s Mot. 21:2-18. Section 406(a)(1)
prohibits a number of transactions between the party in interest
and the plan, including, as Plaintiff notes, lending of money
between the plan and the party in interest and transferring plan
assets to a party in interest. See Pl.'s Mot. 21:13-16 (citing
29 U.S.C. § 1106(a)(1)(B), (D)). Plaintiff has not provided any
evidence to suggest that Schwab was engaged in any sort of
prohibited transaction, such as those enumerated above, through
which Plaintiff could hold Schwab liable. See Nieto v. Ecker,
845 F.2d 868, 873 (9th Cir. 1988)(discussing potential liability
against party in interest when non-fiduciary received excessive
compensation for legal services and obtained a loan from the
retirement fund at issue). As such, the Court ignores this
irrelevant argument.

C00-20030 RMW, 2002 U.S. Dist. LEXIS 19473, at *39
(N.D. Cal. Sept. 30, 2002)(holding that absent facts to
show that defendant knew instruction was imprudent,
defendant could not be liable as a directed trustee).

Because no genuine issue of material fact exists as
to whether Schwab breached a fiduciary duty it owed to
Plaintiff when it followed SCPMG Retirement Committee's
instruction to freeze Plaintiff's 401(k) Plan account,
the Court **GRANTS** Schwab's Motion and **DENIES** Plaintiff's
Motion as to Plaintiff's breach of fiduciary duty
claims premised on the freezing of Plaintiff's 401(k)
Plan account.

### IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Schwab's
Motion [125] in its entirety and **DENIES** Plaintiff's
Motion [126] in its entirety.

The only remaining Defendant in this matter is
Nancy Bunn.  The Court's records reflect that Plaintiff
has not served Ms. Bunn with any iteration of the
Complaint, and therefore, pursuant to Federal Rule of
Civil Procedure 4(m), Defendant Nancy Bunn is dismissed
from this Action.

**IT IS SO ORDERED.**

DATED: October 13, 2017        s/ RONALD S.W. LEW

                               **HONORABLE RONALD S.W. LEW**
                               Senior U.S. District Judge