O

                    **UNITED STATES DISTRICT COURT**

                    **CENTRAL DISTRICT OF CALIFORNIA**


DR. SUJATA VYAS, an           ) CV 15-02152 RSWL (DFMx)
individual,                   )
                              )
              Plaintiff,      ) **ORDER RE: DEFENDANT**
     v.                       ) **BHASKAR VYAS' MOTION FOR**
                              ) **ATTORNEY'S FEES** [175]
BHASKAR VYAS, an              )
individual; NANCY BUNN, an    )
individual; LOCKHEED MARTIN   )
PENSION PLAN AND CHAMBERS     )
QDRO CONSULTING SERVICES,     )
LLC; CHARLES SCHWAB AND       )
SCHWAB RETIREMENT PLAN        )
SERVICES COMPANY AS PLAN      )
ADMINISTRATOR; COMMITTEE      )
SOUTHERN CALIFORNIA           )
PERMANENTE MEDICAL GROUP      )
(SCPMG) PLAN ADMINISTRATOR;   )
and DOES 1 through 100,       )
inclusive,                    )
                              )
              Defendants.     )
                              )

     Currently before the Court is Defendant Bhaskar

Vyas' ("Defendant Vyas") Motion for Attorney's Fees

("Motion") [175]. Having reviewed all papers submitted

pertaining to this Motion, the Court **NOW FINDS AND**

                                1

**RULES AS FOLLOWS:** the Court **DENIES** Defendant Vyas' Motion.

## I. BACKGROUND

### A. <u>Factual Background</u>

Plaintiff Dr. Sujata Vyas ("Plaintiff") is a California resident who married Defendant Vyas in 1981. Second Am. Compl. ("SAC") ¶ 21, ECF No. 63. During the couple's marriage, from October 1985 to February 1992, Defendant Vyas worked for LTV Aerospace & Defense Corporation. Defendant Vyas, at some point during this time period, was enrolled in the Lockheed Martin Pension Plan ("Lockheed Plan") at issue in this suit, although he claims to not have known about the Lockheed Plan or his enrollment in it.

The couple separated in 2003, and in 2009, they obtained a Judgment of Dissolution from the Orange County Superior Court finalizing their divorce. First Am. Compl., Ex. A, ECF No. 19. Following the Judgment of Dissolution, court-appointed attorney Defendant Nancy Bunn began drafting Qualified Domestic Relations Orders ("QDROs") regarding the retirement plans to which the couple contributed during the marriage. SAC ¶ 7. It was during this time that Plaintiff moved back into the couple's home and discovered the existence of the Lockheed Plan. <u>Id.</u> ¶ 22.

On December 21, 2015, the Orange County Superior Court finalized the QDROs, which did not mention the Lockheed Plan. <u>Id.</u> ¶ 14. The Lockheed Plan does not

appear on any QDRO because, as Plaintiff alleges, Defendant Vyas concealed the Lockheed Plan from Plaintiff throughout all court-mandated disclosures and proceedings. Id. ¶ 15.

**B. Procedural Background**

On June 30, 2017, Defendant Vyas filed a Motion for Summary Judgment [109]. On September 1, 2017, the Court issued its Order granting Defendant Vyas' Motion for Summary Judgment because Plaintiff had provided no evidence to show she was a beneficiary of the Lockheed Plan. Order re Def. Vyas' Mot. for Summ. J. ("Order") 29:18-26, 30:1-4, ECF No. 133.

Defendant Vyas filed the instant Motion [175] on October 27, 2017. Plaintiff filed her Opposition [186] on November 1, 2017. Defendant Vyas filed his Reply [187] on November 22, 2017. Plaintiff filed an *Ex Parte* Application for Leave to File Response to Evidence Filed in Support of Defendant Vyas' Reply [190] on December 1, 2017, and the Court denied the Application on December 4, 2017. Order re Pl.'s *Ex Parte* Appl., ECF No. 192. Plaintiff filed her Objections [193] to Defendant Vyas' Reply on December 5, 2017.

## II. DISCUSSION

**A. Legal Standard**

In an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "[A]

fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)." Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 255 (2010)(citation omitted). Once the court has "determin[ed] a litigant has achieved some degree of success on the merits, [it] must still consider the Hummell factors before exercising [its] discretion to award fees under § 1132(g)(1)." Simonia v. Glendale Nissan/Infiniti Disability Plan, 608 F.3d 1118, 1121 (9th Cir. 2010). The Hummell factors include:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980). No one factor is decisive, and some may not be pertinent in a given case. Carpenters S. Cal. Admin. Corp. v. Russell, 726 F.2d 1410, 1416 (9th. Cir. 1984).

**B.** **Analysis**

In response to Defendant Vyas' Motion, Plaintiff argues that this Court does not have the authority to award Defendant Vyas attorney's fees because the Court has ruled that Plaintiff is not one of the enumerated parties in 29 U.S.C. § 1132(g)(1). Under 29 U.S.C. §

4

1132(g)(1), "[i]n any action under this title . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  Therefore, for a prevailing party, such as Defendant Vyas, to recover fees under ERISA, the action must have been brought by a "participant, beneficiary, or fiduciary."  In the Court's ruling on Defendant Vyas' Motion for Summary Judgment, the Court made clear that Plaintiff could not be considered any one of these enumerated parties.

The Ninth Circuit in <u>Credit Managers Ass'n of Southern California v. Kennesaw Life & Accident Insurance Co.</u>, 25 F.3d 743 (9th Cir. 1994) created an exception to § 1132(g)(1).[1]  In <u>Credit Managers</u>, after the plaintiff's ERISA claim survived summary judgment, the district court, in a bench trial, dismissed the plaintiff's ERISA claim based on the plaintiff's inability to prove it was a fiduciary of an ERISA plan. <u>Id.</u> at 746.  The Ninth Circuit then upheld the district court's award of attorneys' fees to the defendant "because the [plaintiff] colorably maintained that it was a fiduciary of an ERISA plan throughout the proceedings below, in a manner sufficient to withstand

---

[1] The Ninth Circuit recognizes another exception allowing a court to award attorney's fees against a "multi-employer benefit plan that unsuccessfully sues an employer for non-payment of ERISA contributions." <u>Corder v. Howard Johnson & Co.</u>, 53 F.3d 225, 230 (9th Cir. 1994)(citing <u>Carpenters S. Cal. Admin. Grp. v. Russell</u>, 726 F.2d 1410, 1415-16 (9th Cir. 1984)).  Defendant Vyas does not assert that this exception applies.

5

summary judgment." Id. at 747.

The Ninth Circuit then clarified the extent of this exception in Corder v. Howard Johnson & Co. The Corder court summarized the Credit Managers exception as follows: "Thus, when a party survives summary judgment and actually tries its case on the colorable theory that it is one of the enumerated parties specified in § 1132(g)(1), it may be subjected to an award of fees when it fails to prevail on that ground because its claim lacks any evidentiary basis." Corder, 53 F.3d at 230-31. In reversing an award of attorneys' fees, the Corder court focused on the Credit Managers court's language regarding survival of summary judgment and noted that "the Plan's possible status as a fiduciary *did not survive summary judgment as Credit Managers requires*." Id. at 231 (emphasis added); see Lifecare Mgmt. Servs., LLC v. Zenith Am. Sols., Inc., No. 3:15-cv-00307-RCJ-VPC, 2017 U.S. Dist. LEXIS 91355, at *5 (D. Nev. June 14, 2017)("Corder establishes that before attorneys' fees may be awarded against a plaintiff in an ERISA action, the plaintiff must at least survive summary judgment on the possibility that it is an enumerated party under § 1132(g).").

The instant Action is closely analogous to Corder. Here, Plaintiff asserted that she was a beneficiary of the Lockheed Plan and thus entitled to a share of the assets in the Lockheed Plan. See Pl.'s Opp'n to Def. Vyas' Mot. for Summ. J., ECF No. 113. This argument

did not survive summary judgment, and in fact, the sole basis for the Court granting summary judgment in Defendant Vyas' favor was that Plaintiff was unable to prove that she was a beneficiary of the Lockheed Plan. See Order 29:18-26.

Defendant Vyas attempts to rely on the Credit Managers exception by arguing that the Court previously ruled that Plaintiff had a colorable claim under ERISA sufficient to survive a motion to dismiss. Def. Vyas' Reply 7:4-11, ECF No. 187. However, Defendant Vyas misconstrues the Credit Managers exception and ignores the most important language in Corder. The Corder court made clear that for the Credit Managers exception to apply, a plaintiff's claim that it is one of the three enumerated parties under ERISA *must* survive summary judgment. Corder, 53 F.3d at 213; see Kaelin v. Tenneco, Inc., 28 F. Supp. 2d 489, 490 (N.D. Ill. 1998). Because Plaintiff's asserted status as a beneficiary of the Lockheed Plan did not withstand summary judgment, the Credit Managers exception does not apply, and this Court does not possess the authority to award Defendant Vyas the fees he requests under ERISA. See Geiler v. Jones, No. 8:05CV268, 2006 U.S. Dist. LEXIS 28010, at *3 (D. Neb. Apr. 27, 2006)("As the Court has held that plaintiffs did not qualify as plan participants, beneficiaries or fiduciaries when they brought this action, an award of fees and costs under § 1132(g)(1) is precluded.").

## IV. CONCLUSION

For the foregoing reasons, Defendant Vyas' Motion for Attorney's Fees [175] is **DENIED.**

**IT IS SO ORDERED.**

DATED: 12/21/2017     s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge