O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR. SUJATA VYAS, an individual, | CV 15-02152 RSWL (DFMx) |
| Plaintiff, | **ORDER RE: DEFENDANT SCHWAB RETIREMENT PLAN SERVICES INC.'S MOTION FOR ATTORNEY'S FEES** [177] |
| v. | |
| BHASKAR VYAS, an individual; NANCY BUNN, an individual; LOCKHEED MARTIN PENSION PLAN AND CHAMBERS QDRO CONSULTING SERVICES, LLC; CHARLES SCHWAB AND SCHWAB RETIREMENT PLAN SERVICES COMPANY AS PLAN ADMINISTRATOR; COMMITTEE SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP (SCPMG) PLAN ADMINISTRATOR; and DOES 1 through 100, inclusive, | |
| Defendants. | |

Currently before the Court is Defendant Schwab Retirement Plan Services Inc.'s ("Schwab") Motion for Attorney's Fees ("Motion") [177]. Having reviewed all papers submitted pertaining to this Motion, the Court

1

**NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Schwab's Motion.

### I. BACKGROUND

**A. <u>Factual Background</u>**

Plaintiff Dr. Sujata Vyas ("Plaintiff") is a California resident who married Defendant Bhaskar Vyas ("Defendant Vyas") in 1981. Second Am. Compl. ("SAC") ¶ 21, ECF No. 63. During the couple's marriage, Plaintiff enrolled in the Southern California Permanente Medical Group ("SCPMG") Keogh Plan ("Keogh Plan") and the SCPMG Tax Savings Retirement Plan ("401(k) Plan")(collectively, "the Plans"). <u>Id.</u> ¶ 14a-b.

SCPMG Retirement Committee is the Plan Administrator of the Plans. <u>See</u> Decl. of John G. McGlynn in Supp. of Schwab's Mot. for Summ. J., Ex. 1 at 61, ECF No. 127-2; <u>id.</u>, Ex. 2 at 3, ECF No. 127-3. SCPMG Retirement Committee engaged Schwab as a recordkeeper of the Plans. <u>Id.</u>, Ex. 4 at 11, ECF No. 136-2; <u>id.</u>, Ex. 5 at 1, ECF No. 136-3.

Plaintiff and Defendant Vyas separated in 2003, and in 2009, they obtained a Judgment of Dissolution from the Orange County Superior Court finalizing their divorce. SAC ¶ 5. On May 21, 2015, the Orange County Superior Court approved the QDROs regarding the Plans. <u>See</u> Def.'s Req. for Judicial Notice, Exs. 1, 2, ECF Nos. 129-1, 129-2.

Plaintiff alleges that in June 2015, Schwab moved

2

approximately $200,000 of Plaintiff's separate property from the Self-Directed Fund Account to satisfy Defendant Vyas' community share in the Keogh Plan. SAC ¶ 27. Furthermore, on January 12, 2016, SCPMG Retirement Committee instructed Schwab to place a hold on Plaintiff's accounts in both the Plans. Decl. of Cathleen S. Morisako in Supp. of Schwab's Mot. for Summ. J. ¶ 2, ECF No. 127-11.

B. **Procedural Background**

On December 28, 2015, Plaintiff filed her Complaint against Defendants Vyas, Nancy Bunn, Kaiser Permanente Pension Plan and Administrator ("Kaiser"), Lockheed Martin Pension Plan and Administrator, and QDRO Consulting Services, LLC, alleging Employee Retirement Income Security Act of 1974 ("ERISA") and securities fraud claims. Compl., ECF No. 1. On April 5, 2016, Plaintiff filed her First Amended Complaint, which added Schwab as a defendant and dismissed Kaiser. First Am. Compl., ECF No. 19. On November 24, 2016, Plaintiff filed her Second Amended Complaint adding SCPMG Plan Administrator as a defendant, and generally alleging that Schwab was a de facto fiduciary of the ERISA Plans and breached its fiduciary duties under ERISA. See SAC.

On August 31, 2017, Plaintiff and Schwab filed cross-Motions for Summary Judgment [125, 126] regarding the Keogh Plan and the 401(k) Plan. On October 13, 2017, the Court granted Schwab's Motion for Summary

Judgment. See Order re Schwab's Mot. for Summ. J. ("Summ. J. Order"), ECF No. 172. The Court also entered Judgment in Schwab's favor on October 13, 2017. See Judgment, ECF No. 173.

Schwab filed the instant Motion [177] on October 27, 2017. Plaintiff timely filed her Opposition [186] on November 17, 2017. Schwab filed its Reply [188] on November 27, 2017. Plaintiff filed an *Ex Parte* Application for Leave to File Response to Evidence filed in Support of Schwab's Reply [190] on December 1, 2017, and the Court denied the Application on December 4, 2017. Order re Pl.'s *Ex Parte* Appl., ECF No. 192. Plaintiff filed her Objections [193] to Schwab's Reply on December 5, 2017.

## II. DISCUSSION

### A. Legal Standard

In an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "[A] fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)." Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 255 (2010)(citation omitted). Once the court has "determin[ed] a litigant has achieved some degree of success on the merits, [it] must still consider the Hummell factors before exercising [its] discretion to award fees under § 1132(g)(1)." Simonia v. Glendale Nissan/Infiniti Disability Plan, 608 F.3d

4

1118, 1121 (9th Cir. 2010). The <u>Hummell</u> factors include:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

<u>Hummell v. S.E. Rykoff & Co.</u>, 634 F.2d 446, 453 (9th Cir. 1980). No one factor is decisive, and some may not be pertinent in a given case. <u>Carpenters S. Cal. Admin. Corp. v. Russell</u>, 726 F.2d 1410, 1416 (9th. Cir. 1984).

**B.  Analysis**

    1.  <u>Schwab Achieved Success on the Merits</u>

As a preliminary matter, Schwab must show "some degree of success on the merits." <u>Hardt</u>, 560 U.S. at 255. The Court granted Schwab's Motion for Summary Judgment on the substantive issues relating to Schwab's alleged breach of fiduciary duties. <u>See</u> Summ. J. Order. Success on a motion for summary judgment constitutes some degree of success on the merits. <u>See</u> <u>Williams v. Metro. Life Ins. Co.</u>, 609 F.3d 622, 634 (4th Cir. 2010). Accordingly, Schwab has satisfied the threshold requirement for an award of attorney's fees.

    2.  <u>The Hummell Factors</u>

As Schwab has shown some degree of success on the merits, the Court turns to the <u>Hummell</u> factors to

determine whether fees should be awarded. The first factor is "the degree of the opposing parties' culpability or bad faith." Hummell, 634 F.2d at 453. "[T]o avoid a finding of bad faith under the Hummell factors, plaintiffs must have a reasonable belief that they could prove an actionable ERISA claim." Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223, 1236 (9th Cir. 2000)(citing Credit Managers Ass'n v. Kennesaw Life & Accident Ins. Co., 25 F.3d 743, 749 (9th Cir. 1994)).

In filing her First Amended Complaint, Plaintiff added Schwab as a defendant under the belief that Schwab inappropriately moved Plaintiff's assets and froze Plaintiff's 401(k) account. Schwab has consistently argued that SCPMG Retirement Committee, the Plan Administrator, is the true fiduciary of the Keogh and 401(k) Plans, and therefore, Schwab, as the non-fiduciary recordkeeper of the Plans, cannot be held liable for any alleged breach of fiduciary duties. However, the mere fact that Schwab has argued against the merits of Plaintiff's claims does not prove that the claims truly lacked merit. See Ghorbani v. PG&E Group Life Ins., 100 F. Supp. 2d 1165, 1168 (N.D. Cal. 2000)("[T]he strenuousness with which a defendant objects to a plaintiff's claim might legitimately be regarded as a sign that a case has merit."). Furthermore, the fact that Schwab did not seek dismissal from this action could have reasonably

6

indicated to Plaintiff that her claims had some merit.

Additionally, while Plaintiff did not retain Mr. Pingree until after she filed her Complaint, Plaintiff reasonably continued litigation by subsequently relying on Mr. Pingree's opinions that Schwab was a fiduciary and breached its duties. See Pl.'s Reply in Supp. of Mot. for Summ. J., Ex. 1, ECF No. 156-1. Schwab argues that the Court granting Schwab summary judgment is evidence of Plaintiff's bad faith, but "this determination does not necessarily require a finding of bad faith." Wallace v. Bashas' Inc. Grp. Disability Plan, 07-CV-02559-PHX-JAT, 2010 U.S. Dist. LEXIS 67842, at *3 (D. Ariz. June 14, 2010).

Plaintiff's case involved several substantial legal issues, and prior to the Court's ruling on the parties' Motions for Summary Judgment, Plaintiff received no indication, other than Schwab's arguments, that her claims lacked merit. Accordingly, Plaintiff did not litigate her claims in bad faith, and thus, the first factor weighs in Plaintiff's favor. See Turnbow v. Tall Tree Adm'rs LLC, 2:09-cv-02288-MCE-EFB, 2010 U.S. Dist. LEXIS 84588, at *5 (E.D. Cal. July 23, 2010)(citation omitted)("Where an action is brought in good faith and presents legitimate legal claims, award of attorney's fees and costs is inappropriate.").

The second factor is the ability of Plaintiff to satisfy an award of fees. Hummell, 634 F.2d at 453. Schwab argues that Plaintiff has the ability to pay

because she is a highly-paid anesthesiologist with significant retirement assets and the ability to invest in an alleged five million dollar real estate property. Schwab's Reply in Supp. of Mot. for Att'y's Fees 6:13-17, ECF No. 188. Plaintiff submitted a declaration that her savings have been entirely depleted and she is in severe financial distress due to credit card debt. See Decl. of Sujata Vyas in Supp. of Pl.'s Opp'n ¶¶ 3-4, ECF No. 186-1. Other than Plaintiff's self-serving Declaration, she has not presented evidence of her debt and severe financial distress. Thus, this factor weighs neither in favor of nor against awarding attorney's fees. See Aviation W. Charters, Inc. v. United Healthcare Ins. Co., No. CV-14-00338-PHX-NVW, 2015 U.S. Dist. LEXIS 3177, at *7 (D. Ariz. Jan. 12, 2015)(finding the second factor weighs neither in favor nor against awarding fees when there was no evidence regarding the extent of a claimed undue financial burden).

The third factor is whether an award of fees against Plaintiff would deter others from acting under similar circumstances. Hummell, 634 F.2d at 453. As noted, Plaintiff did not initiate and continue this litigation in bad faith, so there would be little to no deterrent effect in awarding fees. See Resilient Floor Covering Pension Tr. Fund Bd. of Trs. v. Michael's Floor Covering, Inc., 11-cv-05200-JSC, 2017 U.S. Dist. LEXIS 399, at *8-9 (N.D. Cal. Jan. 3, 2017)("The

deterrence factor rarely weighs in favor of a fee award against plaintiff-trustees." (citation omitted)). Instead, an award of fees would deter plan participants from bringing potentially meritorious claims. See Lessard v. Applied Risk Mgmt., No. C-99-3371 WHO, 2001 U.S. Dist. LEXIS 24784, at *17 (N.D. Cal. May 22, 2001)("[A]n award of fees against Lessard would deter her and other similarly situated persons from attempting to enforce even meritorious ERISA claims in the court system."). Consequently, this factor weighs against an award of fees.

The fourth factor is whether Schwab seeks to benefit all participants and beneficiaries of an ERISA plan or resolve a significant legal question regarding ERISA. Hummell, 634 F.2d at 453. This factor is not particularly relevant in a determination of whether to award fees to a prevailing defendant. See Tingey v. Pixley-Richards W., Inc., 958 F.2d 908, 910 (9th Cir. 1992). Nonetheless, Schwab argues that a fee award would benefit other plan participants because the more resources it must expend responding to meritless claims, the fewer resources it has to provide services for other plan participants. Mot. 12:22-25. This argument, however, is unconvincing because Plaintiff did not pursue her claims in bad faith, so Schwab is not wasting its resources by defending against Plaintiff's claims. Cf. Saks v. Int'l Longshore & Warehouse Union-Pac. Mar. Ass'n Ben. Plans, LA CV09-

02885 JAK (Ex), 2013 U.S. Dist. LEXIS 200209, at *21 (C.D. Cal. Nov. 15, 2013)(finding the fourth factor favors a fee award because the plan expended resources defending against a plaintiff's meritless claims). Thus, the fourth factor weighs against awarding Schwab fees.[1]

The fifth factor is the relative merits of the parties' positions. Hummell, 634 F.2d at 453. This factor weighs in favor of awarding fees to Schwab because Schwab is the prevailing party on the merits. See Corder v. Howard Johnson & Co., 53 F.3d 225, 232 (9th Cir. 1994)(noting that the fifth factor will presumably always favor a prevailing party).

Ultimately, factors one, three, and four weigh in favor of Plaintiff, factor five weighs in favor of Schwab, and factor two is neutral. On balance, the Hummell factors do not support an award of attorney's fees to Schwab. Such denial of fees reflects the fact that the Hummell factors "very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs."[2] Credit Managers Ass'n, 25 F.3d at 748

---

[1] Plaintiff does not discuss Schwab's argument that the relief sought resolves important legal questions regarding ERISA. See Opp'n 17:20-18:5. However, despite Plaintiff's failure to address this argument, the Court's ruling on Schwab's Motion for Summary Judgment did not resolve any significant legal questions.

[2] Of note, the Ninth Circuit has clarified that "the playing field is level," and therefore, courts "must focus only on the Hummell factors, without favoring one side or the other" when determining whether to award attorneys' fees under ERISA. Estate of Shockley v. Alyeska Pipeline Serv. Co., 130 F.3d 403, 408 (9th

(citation omitted). Accordingly, an award of attorney's fees to Schwab is inappropriate, and the Court does not need to analyze whether the fees Schwab requested are reasonable.

## IV. CONCLUSION

For the foregoing reasons, Schwab's Motion for Attorney's Fees [177] is **DENIED**.

**IT IS SO ORDERED.**

DATED: 12/21/2017      s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

---

Cir. 1997). However, this does not detract from the fact that ERISA was enacted to protect participants and beneficiaries. See McElwaine v. US W., Inc., 176 F.3d 1167, 1172 (9th Cir. 1999).